### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*, [1] | Case No. 25-10475 (TMH) |
|  | (Jointly Administered) |
| Debtors. | Ref. Docket Nos. 6 & 64 |

### <u>CERTIFICATION OF COUNSEL</u>

On March 17, 2025, the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [D.I. 6] (the "<u>Motion</u>") with the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").  A proposed form of order approving the Motion on a final basis was attached to the Motion as Exhibit B (the "<u>Proposed Final Order</u>").

On March 18, 2025, the Court entered an order approving the Motion on an interim basis [D.I. 64] (the "<u>Interim Order</u>").  Pursuant to the Interim Order, any objections or responses to entry of the Proposed Final Order were to be filed and served by April 3, 2025, at 4:00 p.m. (ET), (as may have been extended by the Debtors for any party, the "<u>Objection Deadline</u>").

---

[1]  The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

Prior to the Objection Deadline, Warner Bros. Entertainment Inc. ("Warner Bros.") filed the *Warner Bros. Entertainment Inc.'s Omnibus Limited Objection and Reservation of Rights to Various Other Second Day Hearing Relief* [D.I. 146] and, the Debtors received informal comments to the Proposed Final Order from the official committee of unsecured creditors (the "Committee"). No other formal or informal responses or objections to the Proposed Final Order were received.

Following discussions Warner Bros. and the Committee the Debtors have agreed to a revised form of order (the "Revised Proposed Final Order"), a copy of which is attached hereto as **Exhibit A**, which resolves the comments of Warner Bros and the Committee.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Final Order against the Proposed Final Order is attached hereto as **Exhibit B**.

As no other objections or responses to the Motion have been received, it is hereby respectfully requested that the Revised Proposed Final Order be entered at the earliest convenience of the Court.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 15, 2025
Wilmington, Delaware

/s/ Benjamin C. Carver

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
Joseph M. Mulvihill (Del. Bar No. 6061)
Carol E. Thompson (Del. Bar No. 6936)
Benjamin C. Carver (Del. Bar No. 7176)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:    jmulvihill@ycst.com
            cthompson@ycst.com
            bcarver@ycst.com

*Proposed Co-Counsel for the Debtors and
Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone:    (312) 499-6300
Facsimile:    (312) 499-6301
Email:    jbernbrock@sheppardmullin.com
            mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:    (310) 228-3700
Facsimile:    (310) 228-3701
Email:    jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:    (212) 653-8700
Facsimile:    (212) 653-8701
Email:    apaddock@sheppardmullin.com

*Proposed Co-Counsel for the Debtors and
Debtors in Possession*

## <u>EXHIBIT A</u>

**Revised Proposed Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Ref. Docket Nos. 6 & 64** |
| | ) |

**FINAL ORDER (I) AUTHORIZING THE
PAYMENT OF CERTAIN PREPETITION TAXES AND
FEES AND RELATED OBLIGATIONS, (II) AUTHORIZING BANKS
TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date); (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing, and (c) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having entered an interim order on the Motion [Docket No. 64] (the "Interim Order"); and this Court having found that the Debtors' notice of a final hearing on the Motion and opportunity for a final hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of their business, absent further order of this Court; *provided*, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount and this Bankruptcy Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to)

seek an order from the Bankruptcy Court requiring a return of such amounts and the payment of such amount shall, upon order of the Bankruptcy Court, be refunded to the Debtors. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

3.      The Debtors are authorized to pay any amounts that later come due as the result (or conclusion) of any pending or future audits in connection with their Taxes and Fees in the ordinary course of business.

4.      The Debtors will provide the Official Committee of Unsecured Creditors (the "Committee") and Warner Bros. Entertainment Inc. and its affiliates (collectively, "Warner Bros.") at least five (5) days' notice prior to entering into any settlements of claims for Taxes and Fees asserted, or making any proposed payments of Taxes and Fees.  In the event that the Committee and/or Warner Bros. objects to the proposed payment under this paragraph, such objecting party shall notify counsel for the Debtors within 3 business days via email of such objection, and thereafter the Debtors may request a hearing before the Court to consider such objection on an expedited basis, subject to the Court's availability.  No payment will be made until the objection is resolved by the Court.

5.      The Debtors shall maintain a matrix/schedule of payments made pursuant to this Final Order, including the following information: (a) the names of the payee; (b) the nature, date and amount of the payment; (c) the category or type of payment as characterized in the Motion; (d) the Debtor or Debtors that made the payment; and (d) the aggregate total of payments issued as compared to the relief granted pursuant to this Final Order.  The Debtors shall provide a copy of such matrix/schedule to counsel to the Committee and counsel to Warner Bros. every 30 days

-3-

beginning upon entry of this Final Order.

6.     The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

7.     Nothing in this Final Order shall authorize the payment of any past-due Taxes and Fees.

8.     Notwithstanding anything in the Motion or herein to the contrary, this Final Order and any payments made or permitted to be made hereunder, shall be subject in all respects to any interim or final order approving the use of cash collateral and/or postpetition financing, including, without limitation, any budget approved in connection therewith.

9.     Notwithstanding anything to the contrary contain in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic*

*Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof. Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

10.    Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim. Likewise, nothing in the Motion or this Final Order shall be construed as impairing the Committee's or Warner Bros.' rights to contest the validity, priority or amount of any Taxes or Fees that may be due to any of the Taxing or Regulatory Authorities.

11.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

12.    Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

13.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

## **EXHIBIT B**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) ~~Re~~Ref. Docket ~~No. [•]~~Nos. 6 & 64 |
| | ) |

### FINAL ORDER (I) AUTHORIZING THE
### PAYMENT OF CERTAIN PREPETITION TAXES AND
### FEES AND RELATED OBLIGATIONS, (II) AUTHORIZING BANKS
### TO HONOR AND PROCESS CHECK AND ELECTRONIC TRANSFER
### REQUESTS RELATED THERETO, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"): (a) authorizing, but not directing, the Debtors to remit and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to the Petition Date); (b) authorizing the Banks to honor and process check and electronic transfer requests related to the foregoing, and (c) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

---

[1]   The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

-1-

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having entered an interim order on the Motion [Docket No. 64] (the "Interim Order"); and this Court having found that the Debtors' notice of a final hearing on the Motion and opportunity for a final hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, in their discretion, to pay prepetition Taxes and Fees to the Authorities in the ordinary course of their business, absent further order of this Court; *provided*, that in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount and this Bankruptcy Court subsequently

determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Bankruptcy Court requiring a return of such amounts and the payment of such amount shall, upon order of the Bankruptcy Court, be refunded to the Debtors. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

3.    The Debtors are authorized to pay any amounts that later come due as the result (or conclusion) of any pending or future audits in connection with their Taxes and Fees in the ordinary course of business.

4.    The Debtors will provide the Official Committee of Unsecured Creditors (the "Committee") and Warner Bros. Entertainment Inc. and its affiliates (collectively, "Warner Bros.") at least five (5) days' notice prior to entering into any settlements of claims for Taxes and Fees asserted, or making any proposed payments of Taxes and Fees.  In the event that the Committee and/or Warner Bros. objects to the proposed payment under this paragraph, such objecting party shall notify counsel for the Debtors within 3 business days via email of such objection, and thereafter the Debtors may request a hearing before the Court to consider such objection on an expedited basis, subject to the Court's availability.  No payment will be made until the objection is resolved by the Court.

5.    The Debtors shall maintain a matrix/schedule of payments made pursuant to this Final Order, including the following information: (a) the names of the payee; (b) the nature, date and amount of the payment; (c) the category or type of payment as characterized in the Motion; (d) the Debtor or Debtors that made the payment; and (d) the aggregate total of payments issued

as compared to the relief granted pursuant to this Final Order.  The Debtors shall provide a copy of such matrix/schedule to counsel to the Committee and counsel to Warner Bros. every 30 days beginning upon entry of this Final Order.

4.6.    The Banks are authorized, when requested by the Debtors, in the Debtors' discretion, to honor and process checks or electronic fund transfers drawn on the Debtors' bank accounts to pay prepetition obligations authorized to be paid hereunder, whether such checks or other requests were submitted prior to, or after, the Petition Date, provided that sufficient funds are available in the applicable bank accounts to make such payments.  The Banks may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Final Order, and any such Bank shall not have any liability to any party for relying on such representations by the Debtors, as provided for in this Final Order.

5.7.    Nothing in this Final Order shall authorize the payment of any past-due Taxes and Fees.

6.8.    Notwithstanding anything in the Motion or herein to the contrary, this Final Order and any payments made or permitted to be made hereunder, shall be subject in all respects to any interim or final order approving the use of cash collateral and/or postpetition financing, including, without limitation, any budget approved in connection therewith.

7.9.    Notwithstanding anything to the contrary contain in the Motion or this Final Order, any payment to be made, obligation incurred, or relief or authorization granted hereunder shall not be inconsistent with, and shall be subject to and in compliance with, the requirements imposed on the Debtors under the terms of each interim and final order entered by the Court in respect of *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain*

-4-

*Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief* (the "DIP Orders"), including compliance with any budget or cash flow forecast in connection therewith and any other terms and conditions thereof.  Nothing herein is intended to modify, alter, or waive, in any way, any terms, provisions, requirements, or restrictions of the DIP Orders.

8.10.    Nothing in this Final Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates; (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates; or (iii) shall be construed as a promise to pay a claim. Likewise, nothing in the Motion or this Final Order shall be construed as impairing the Committee's or Warner Bros.' rights to contest the validity, priority or amount of any Taxes or Fees that may be due to any of the Taxing or Regulatory Authorities.

9.11.    The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

10.12.  Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Final Order shall be effective and enforceable immediately upon its entry.

13.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Final Order.

11.