**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*, [1] | ) | Case No. 25-10475 (TMH) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Ref. Docket No. 113** |

**CERTIFICATION OF COUNSEL**

On March 28, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* [D.I. 113] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"), seeking entry of the proposed order attached thereto as Exhibit A (the "Proposed Order"). Responses to the Motion, if any, were required to be filed and served no later than 4:00 p.m. (ET) on April 4, 2025 (as may have been extended by the Debtors for any party, the "Objection Deadline").

Prior to the Objection Deadline, Warner Bros. Entertainment Inc. ("Warner Bros.") filed *Warner Bros. Entertainment Inc.'s Omnibus Limited Objection and Reservation of Rights to Various Other Second Day Hearing Relief* [D.I. 146] and, the Debtors received informal comments

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

to the Proposed Order from the official committee of unsecured creditors (the "Committee").  No other formal or informal responses or objections to the Proposed Order were received.

Following discussions with Warner Bros. and the Committee, the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, which resolves the comments of Warner Bros. and the Committee.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

As no other objections or responses to the Motion have been received, it is hereby respectfully requested that the Revised Proposed Order be entered at the earliest convenience of the Court.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 15, 2025
Wilmington, Delaware

/s/ Benjamin C. Carver

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| Joseph M. Mulvihill (Del. Bar No. 6061) | Justin R. Bernbrock (admitted *pro hac vice*) |
| Carol E. Thompson (Del. Bar No. 6936) | Matthew T. Benz (admitted *pro hac vice*) |
| Benjamin C. Carver (Del. Bar No. 7176) | 321 North Clark Street, 32nd Floor |
| Rodney Square | Chicago, IL 60654 |
| 1000 North King Street | Telephone:     (312) 499-6300 |
| Wilmington, DE 19801 | Facsimile:     (312) 499-6301 |
| Telephone:     (302) 571-6600 | Email:           jbernbrock@sheppardmullin.com |
| Facsimile:     (302) 571-1253 |                    mbenz@sheppardmullin.com |
| Email:           jmulvihill@ycst.com | |
|                    cthompson@ycst.com | -and- |
|                    bcarver@ycst.com | |
| | Jennifer L. Nassiri (admitted *pro hac vice*) |
| *Proposed Co-Counsel for the Debtors and Debtors in Possession* | 1901 Avenue of the Stars, Suite 1600 |
| | Los Angeles, CA 90067 |
| | Telephone:     (310) 228-3700 |
| | Facsimile:     (310) 228-3701 |
| | Email:           jnassiri@sheppardmullin.com |
| | |
| | -and- |
| | |
| | Alyssa Paddock (admitted *pro hac vice*) |
| | 30 Rockefeller Plaza, 39th Floor |
| | New York, NY 10112 |
| | Telephone:     (212) 653-8700 |
| | Facsimile:     (212) 653-8701 |
| | Email:           apaddock@sheppardmullin.com |
| | |
| | *Proposed Co-Counsel for the Debtors and Debtors in Possession* |

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Ref. Docket No. 113** |
| | ) |

**ORDER (I) ESTABLISHING PROCEDURES FOR**
**INTERIM COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion ("Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for Professionals and (b) granting related relief, each as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Motion in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for hearing on the Motion having been given; and the relief requested in the Motion being in the best

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted as set forth herein.

2. All Professionals in these chapter 11 cases may seek compensation in accordance

with the following procedures (collectively, the "Compensation Procedures"):

(a) On or after the 15th day of each month following the month for which compensation is sought, each Professional seeking compensation may file an application (each, a "Monthly Fee Application") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month, and serve such Monthly Fee Application by hand, first class mail, or email on each of the following parties (collectively, the "Notice Parties"):

    i. the Debtors, Village Roadshow Entertainment Group USA Inc., 750 N. San Vincente Boulevard, Suite 800 West, West Hollywood, CA 90069, Attn: Kevin Berg;

    ii. proposed co-counsel to the Debtors: (a) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor Chicago, IL 60654, Attn: Justin Bernbrock (jbernbrock@sheppardmullin.com), and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn: Joseph M. Mulvihill (jmulvihill@ycst.com);

    iii. counsel to the DIP Lenders: (a) Morrison Foerster, 250 West 55th Street, New York, NY 10019, Attn: James Newton (jnewton@mofo.com), and (b) Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor Wilmington, Delaware 19801, Attn: Christopher M. Samis (csamis@potteranderson.com);

    iv. counsel to the ABS Trustee, Barnes & Thornburg LLP, One North Wacker Drive Suite 4400, Chicago IL 60606, Attn: Aaron Gavant (agavant@btlaw.com);

    v. the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov);

vi.   proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn.: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); and

vii.   counsel to Warner Bros. Entertainment Inc. and its affiliates (collectively, "Warner Bros."), (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn.: Steve Warren (swarren@omm.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn.: Curtis S. Miller (cmiller@morrisnichols.com).

(b)   Unless otherwise provided in the order authorizing any Professionals' retention, each of the Professionals' Monthly Fee Applications, in accordance with Local Rule 2016-1(c)(i)–(ii), shall include the information required by Local Forms 101 and 102 and a monthly invoice that shall include fee and expense detail that describes the fees and expenses incurred by such Professional.

(c)   Any of the Professionals that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, and Local Rule 2016-1.

(d)   Each of the Notice Parties will have until 4:00 p.m. (Prevailing Eastern Time) twenty-one (21) days after service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline and consistent with the Local Rules, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed with the Court, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to eighty-percent (80%) of the fees and one hundred-percent (100%) of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (e) below.

(e)   If any Notice Party objects to a Monthly Fee Application, within twenty-one (21) days of service of the Monthly Fee Application, the objecting party shall serve, by email or first-class mail, upon the affected Professional(s) and each of the other Notice Parties a written objection (the "Objection") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the affected Professional(s) shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to

reach a resolution of the objection within fourteen (14) days after service of the objection, the objecting party shall file an Objection with the Court within three (3) business days and serve such Objection on the respective Professionals and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Disputed Amount") or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties. Notwithstanding the foregoing, any Notice Party who objects to a Monthly Fee Application may, if desired, concurrently file with the Court any Objection that it serves upon the affected Professional(s) in accordance with the terms of this Order.

(f)     Each Professional seeking compensation may submit its first Monthly Fee Application on or after April 15, 2025, that will cover the period from the Petition Date through and including March 31, 2025. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

(g)     Beginning with the period ending on May 31, 2025 and at three-month intervals thereafter (each, an "Interim Fee Period"), on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period, each of the Professionals may file and serve, by email or first class mail, on the Notice Parties an interim fee application (each, an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses during such period. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on the Notice Parties. The Notice Parties will have twenty-one (21) days after service of an Interim Fee Application to file an Objection with respect thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including May 31, 2025.

(h)     The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a certification of counsel and proposed order. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

-4-

(i)    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3.    Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and/or reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with this Court as to any monthly or interim compensation and/or reimbursement of expenses will bind any party in interest or this Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by this Court.

4.    In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to any order entered in connection with the retention and compensation of "ordinary course" professionals (such professionals, the "Required Professionals") (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

5.      Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

6.      The Professionals shall be required to serve only (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Notice Parties, and (b) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

7.      For the avoidance of doubt, nothing in this Order prevents or impairs the ability of Warner Bros. to object to any of the Monthly Fee Statements, the Interim Fee Applications, and/or the Final Fee Applications on any basis, including on the basis that any of the Professionals' fees and expenses should be reallocated by and among any of the Debtors' estates based upon the designated work for which such Professionals' services were rendered to such Debtors' estates.

8.      All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

9.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied

-7-

by such notice.

11.       Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.       The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.       This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
| | ) (Jointly Administered) |
| Debtors. | ) **Ref. Docket No. ——113** |

**ORDER (I) ESTABLISHING PROCEDURES FOR**
**INTERIM COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES FOR PROFESSIONALS AND (II) GRANTING RELATED RELIEF**

Upon the motion ("<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession

(collectively, the "<u>Debtors</u>"), for entry of an order (this "<u>Order</u>") (a) authorizing the Debtors to

establish procedures for interim compensation and reimbursement of expenses for Professionals

and (b) granting related relief, each as more fully set forth in the Motion; and this Court having

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated

February 29, 2012; and this matter being a core proceeding within the meaning of

28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III

of the United States Constitution; and venue of this proceeding and the Motion in this district being

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and appropriate notice of and opportunity for

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to such terms in the Motion.

hearing on the Motion having been given; and the relief requested in the Motion being in the best

interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The relief requested in the Motion is granted as set forth herein.

2.      All Professionals in these chapter 11 cases may seek compensation in accordance

with the following procedures (collectively, the "Compensation Procedures"):

(a)     On or after the 15th day of each month following the month for which
compensation is sought, each Professional seeking compensation may file
an application (each, a "Monthly Fee Application") for interim allowance
of compensation for services rendered and reimbursement of expenses
incurred during the preceding month, and serve such Monthly Fee
Application by hand, first class mail, or email on each of the following
parties (collectively, the "Notice Parties"):

i.      the Debtors, Village Roadshow Entertainment Group USA Inc., 750
N. San Vincente Boulevard, Suite 800 West, West Hollywood, CA
90069, Attn: Kevin Berg;

ii.     proposed co-counsel to the Debtors: (a) Sheppard, Mullin, Richter &
Hampton LLP, 321 North Clark Street, 32nd Floor Chicago, IL
60654, Attn: Justin Bernbrock (jbernbrock@sheppardmullin.com),
and (b) Young Conaway Stargatt & Taylor, LLP, Rodney Square,
1000 North King Street, Wilmington, Delaware 19801, Attn: Joseph
M. Mulvihill (jmulvihill@ycst.com);

iii.    counsel to the DIP Lenders: (a) Morrison Foerster, 250 West 55th
Street, New York, NY 10019, Attn: James Newton
(jnewton@mofo.com), and (b) Potter Anderson & Corroon LLP,
1313 N. Market Street, 6th Floor Wilmington, Delaware 19801, Attn:
Christopher M. Samis (csamis@potteranderson.com);

iv.     counsel to the ABS Trustee, Barnes & Thornburg LLP, One North
Wacker Drive Suite 4400, Chicago IL 60606, Attn: Aaron Gavant
(agavant@btlaw.com);

v.      the United States Trustee for the District of Delaware, 844 King
Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:

Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); and

vi. ~~counsel to any statutory committee appointed in these chapter 11 cases.~~

vi. proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn.: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); and

vii. counsel to Warner Bros. Entertainment Inc. and its affiliates (collectively, "Warner Bros."), (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn.: Steve Warren (swarren@omm.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn.: Curtis S. Miller (cmiller@morrisnichols.com).

(b) Unless otherwise provided in the order authorizing any Professionals' retention, each of the Professionals' Monthly Fee Applications, in accordance with Local Rule 2016-1(c)(i)–(ii), shall include the information required by Local Forms 101 and 102 and a monthly invoice that shall include fee and expense detail that describes the fees and expenses incurred by such Professional.

(c) Any of the Professionals that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, and Local Rule 2016-1.

(d) Each of the Notice Parties will have until 4:00 p.m. (Prevailing Eastern Time) ~~fourteen (14~~twenty-one (21) days after service of a Monthly Fee Application to object to such application (the "Objection Deadline"). Upon the expiration of the Objection Deadline and consistent with the Local Rules, a Professional may file a certificate of no objection with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application (each, a "CNO"). After a CNO is filed with the Court, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to eighty-percent (80%) of the fees and one hundred-percent (100%) of the expenses requested in the applicable Monthly Fee Application (the "Maximum Monthly Payment") that are not subject to an objection pursuant to subparagraph (e) below.

(e) If any Notice Party objects to a Monthly Fee Application, within ~~fourteen (14~~twenty-one (21) days of service of the Monthly Fee Application, the objecting party shall serve, by email or first-class mail, upon the affected

-3-

Professional(s) and each of the other Notice Parties a written objection (the "Objection") setting forth the precise nature of the objection and the amount at issue. Thereafter, the objecting party and the affected Professional(s) shall attempt to resolve the objection on a consensual basis. If the parties reach an agreement, the Debtors shall promptly pay 80% of the agreed-upon fees and 100% of the agreed-upon expenses. If, however, the parties are unable to reach a resolution of the objection within fourteen (14) days after service of the objection, the objecting party shall file an Objection with the Court within three (3) business days and serve such Objection on the respective Professionals and each of the Notice Parties. Thereafter, the Professional may either (i) file with the Court a response to the Objection, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Disputed Amount") or (ii) forego payment of the Disputed Amount until the next hearing on an Interim Fee Application or Final Fee Application (each as defined herein), at which time the Court will consider the Objection, if requested by the parties. Notwithstanding the foregoing, any Notice Party who objects to a Monthly Fee Application may, if desired, concurrently file with the Court any Objection that it serves upon the affected Professional(s) in accordance with the terms of this Order.

(f)     Each Professional seeking compensation may submit its first Monthly Fee Application on or after April 15, 2025, that will cover the period from the Petition Date through and including March 31, 2025. Thereafter, the Professionals may file Monthly Fee Applications in the manner described above.

(g)     Beginning with the period ending on May 31, 2025 and at three-month intervals thereafter (each, an "Interim Fee Period"), on or before the 45th day, or the next business day if such day is not a business day, following the end of each Interim Fee Period, each of the Professionals may file and serve, by email or first class mail, on the Notice Parties an interim fee application (each, an "Interim Fee Application") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses during such period. Each Professional shall serve notice of its Interim Fee Application (which identifies the Professional seeking compensation, discloses the period for which the payment of compensation and reimbursement of expenses is being sought, and describes the amount of compensation and expenses sought) on the Notice Parties. The Notice Parties will have twenty-one (21) days after service of an Interim Fee Application to file an Objection with respect thereto. The first Interim Fee Application shall cover the Interim Fee Period from the Petition Date through and including May 31, 2025.

(h)     The Debtors will request that the Court schedule a hearing on Interim Fee Applications at least once every three months or at such other intervals as the Court deems appropriate. The Court, in its discretion, may approve an

-4-

uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a certification of counsel and proposed order. Upon allowance by the Court of a Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all requested fees (including the 20% holdback) and expenses not previously paid.

(i)     The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the future payment of compensation or reimbursement of expenses under the Compensation Procedures.

3.      Neither (a) the payment of or the failure to pay, in whole or in part, monthly interim compensation and/or reimbursement of expenses under the Compensation Procedures nor (b) the filing of or failure to file an Objection with this Court as to any monthly or interim compensation and/or reimbursement of expenses will bind any party in interest or this Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to challenge and disgorgement until final allowance by this Court.

4.      In each Interim Fee Application and Final Fee Application, all attorneys who have been or are hereafter retained pursuant to sections 327, 328, or 1103 of the Bankruptcy Code, unless such attorney is retained by the Debtors pursuant to any order entered in connection with the retention and compensation of "ordinary course" professionals (such professionals, the "Required Professionals") (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of this Court and (b) intend to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*

-5-

*Effective as of November 1, 2013*, both in connection with any Interim Fee Application and Final Fee Application to be filed by the Required Professionals in these chapter 11 cases.

5.      Each member of any official committee formed by the U.S. Trustee is permitted to submit statements of expenses incurred in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and file the committee members' requests for reimbursement with this Court in accordance with the Compensation Procedures.

6.      The Professionals shall be required to serve only (a) the Monthly Fee Statements, the Interim Fee Applications, and the Final Fee Application on the Notice Parties, and (b) the notice of hearings on the Interim Fee Applications and Final Fee Applications on all other parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these chapter 11 cases.

7.      For the avoidance of doubt, nothing in this Order prevents or impairs the ability of Warner Bros. to object to any of the Monthly Fee Statements, the Interim Fee Applications, and/or the Final Fee Applications on any basis, including on the basis that any of the Professionals' fees and expenses should be reallocated by and among any of the Debtors' estates based upon the designated work for which such Professionals' services were rendered to such Debtors' estates.

7.8.    All notices given in accordance with the Compensation Procedures shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

8.9.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

9.10.   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.11.  Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11.12.  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

12.13.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.