## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Ref. Docket No. 114** |

### CERTIFICATION OF COUNSEL

On March 28, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [D.I. 114] (the "Motion") with the United States Bankruptcy Court for the District of Delaware (the "Court"), seeking entry of the proposed order attached thereto as Exhibit A (the "Proposed Order"). Responses to the Motion, if any, were required to be filed and served no later than 4:00 p.m. (ET) on April 4, 2025 (as may have been extended by the Debtors for any party, the "Objection Deadline").

Prior to the Objection Deadline, Warner Bros. Entertainment Inc. filed *Warner Bros. Entertainment Inc.'s Omnibus Limited Objection and Reservation of Rights to Various Other Second Day Hearing Relief* [D.I. 146] and the Debtors received informal comments to the Proposed Order from the official committee of unsecured creditors and the Office of the United

---

[1]  The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

States Trustee for the District of Delaware (collectively, the "Parties"). No other formal or informal responses or objections to the Proposed Order were received.

Following discussions with the Parties the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, which resolves the Parties' comments. For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

As no other objections or responses to the Motion have been received, it is hereby respectfully requested that the Revised Proposed Order be entered at the earliest convenience of the Court.

*[Remainder of Page Intentionally Left Blank]*

Dated: April 15, 2025
Wilmington, Delaware

*/s/ Benjamin C. Carver*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Joseph M. Mulvihill (Del. Bar No. 6061)
Carol E. Thompson (Del. Bar No. 6936)
Benjamin C. Carver (Del. Bar No. 7176)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:     (302) 571-6600
Facsimile:     (302) 571-1253
Email:         jmulvihill@ycst.com
               cthompson@ycst.com
               bcarver@ycst.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Telephone:     (312) 499-6300
Facsimile:     (312) 499-6301
Email:         jbernbrock@sheppardmullin.com
               mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:     (310) 228-3700
Facsimile:     (310) 228-3701
Email:         jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:     (212) 653-8700
Facsimile:     (212) 653-8701
Email:         apaddock@sheppardmullin.com

*Proposed Co-Counsel for the Debtors and Debtors in Possession*

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Ref. Docket No. 114** |
|  | ) |

**ORDER (I) AUTHORIZING THE DEBTORS TO
RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN
THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to retain and compensate professionals utilized in the ordinary course of business; and (b) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that the Court may enter a final order consistent with Article III of the United States

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth in this Order.

2.      The Debtors are authorized, but not directed, to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached as **Exhibit 2** hereto, in the ordinary course of business pursuant to the following OCP Procedures:

      a.      Within thirty (30) days after the later of (i) the date of entry of the Order or (ii) fourteen (14) days prior to payment of any invoice for services provided post-petition, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached as Exhibit 1 hereto (each, a "Declaration of Disinterestedness"), with the Court and served upon: (a) the Debtors, Village Roadshow Entertainment Group USA Inc., 750 N. San Vincente Boulevard, Suite 800 West, West Hollywood, CA 90069, Attn.: Keith Maib;  (b) proposed counsel to the Debtors, (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, Illinois 60654, Attn.: Justin Bernbrock (jbernbrock@sheppardmullin.com) and (ii) Young, Conaway, Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Joseph M. Mulvihill (jmulvihill@ycst.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); (d) proposed counsel to the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn.: Bradford J. Sandler

(bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com); (e) counsel to Warner Bros. Entertainment Inc. and its affiliates, (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn.: Steve Warren (swarren@omm.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn.: Curtis S. Miller (cmiller@morrisnichols.com); and (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Such Declaration of Disinterestedness shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest and the result of such search; (b) a description of the proposed scope of services to be provided by the OCP; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; (e) whether the OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and, if it does not, the time increments the OCP does maintain in the ordinary course of business; and (f) to the extent that the OCP was not providing services as of the Petition Date, the date on which such services began postpetition. The Debtors will not make any payments to any OCP who have failed to file such a Declaration of Disinterestedness, *provided, however*, that if an OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration of Disinterestedness, and no party objects thereto or any such objection is resolved, the requirements of Local Rule 2016-1 shall be waived to permit said OCP to submit time records in whatever time increments such professional ordinarily maintains its time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.

b.      The Notice Parties shall have fourteen (14) days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP.  The Objection Deadline shall be conspicuously displayed on the Declaration.  The objecting party shall timely file any such objection and serve such objection with the Court upon the Notice Parties and the respective OCP on or before the Objection Deadline.  If any such objection cannot be resolved and/or withdrawn within twenty (20) days, the matter shall be scheduled for hearing before the Court. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.  Provided, however, that if, after a hearing, the retention of the OCP is not approved, such professional may still apply to the Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention, but all parties' rights, including whether the OCP is entitled to compensation, with respect to such request are preserved.

c.      If no objection is received by the Objection Deadline, or if all outstanding objections have been withdrawn, resolved, or overruled, with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing post-petition services to the Debtors; and (ii) compensate such OCP as set forth below.

d.      The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100 percent (100%) of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP set forth in **Exhibit 2** attached hereto, excluding costs and disbursements, may not exceed $50,000 per month per OCP, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Monthly Cap") (it being understood and agreed that there shall be no application of a rolling three month average for the first month); *provided*, *further*, that the total amount disbursed per quarter, for each OCP set forth in Exhibit 2, does not exceed $150,000 per OCP (the "OCP Quarterly Cap" and together with the OCP Monthly Cap, the "OCP Caps"). The OCP Caps may be increased with the consent of the U.S. Trustee, the Committee, and the DIP Lenders (such consent not to be unreasonably withheld of delayed), *provided* that the Debtors shall file a notice with the Court and submit such notice to the Notice Parties of any such agreed increase. If an agreement is not reached, the Debtors may file a motion to increase the OCP Caps.

e.      Within thirty (30) days after the last day of each three month period during these chapter 11 cases, the Debtors shall file with this Court and serve upon the Notice Parties a statement (the "OCP Statement") that includes the following information for each OCP: (a) the name of each OCP; (b) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such OCP during the statement period; and (c) a brief statement of the type of services rendered. The first OCP Statement shall be due on July 31, 2025, for the period from the Petition Date through and including June 30, 2025. The Notice Parties shall file and serve on the Debtors and any applicable OCP objections to the payments made to OCPs within fourteen (14) calendar days following the filing of each OCP Statement. The OCP Statement shall include the calculated Objection Deadline. If an objection to the fees and/or expenses of an OCP is timely filed and served, such fees and expenses shall be subject to review and approval by this Court pursuant to Bankruptcy Code section 330. Any fees and expenses that are ultimately not allowed by this Court after resolution of such an objection shall be subject to disgorgement.

f.      To the extent that fees payable to any OCP exceed the applicable OCP Cap, the applicable OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the applicable OCP Cap in accordance

-4-

with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the U.S. Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise. The U.S. Trustee's right to assert that an OCP who exceeds the Quarterly OCP Cap should be retained under formal application under section 327 of the Bankruptcy Code are specifically reserved.

g.    The Debtors reserve the right to retain additional OCPs from time to time as necessary during these chapter 11 without the need to file individual retention applications or have a further hearing by filing with the Court: (i) such OCPs on amended versions of the OCP List that are filed with the Court and served on the Notice Parties noting the newly added OCP; and (ii) having such OCPs comply with the OCP Procedures.

3.    The Debtors are authorized, but not directed, to supplement the OCP List as necessary to add or remove OCPs, from time to time, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs, *provided* that the fees paid to any additional OCPs do not exceed the OCP Caps and the OCPs shall comply with all requirements set forth in this Order.   The Debtors shall file any amended OCP List with this Court and serve such list on the Notice Parties.    Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.   If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.    Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.    This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.    Nothing contained in the Motion or this Order, and no action taken pursuant to the

relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## <u>EXHIBIT 1</u>

**Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[3] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY]**
**PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS**
**TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE**
**ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, [NAME], declare under penalty of perjury:

1.    I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.    This declaration (this "Declaration") is submitted in accordance with that certain *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. ___] (the "OCP Order").[4]

3.    Village Roadshow Entertainment Group USA, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors during the pendency of these chapter 11 cases, and the Firm has consented to provide such services.

4.    The Firm [is/is not] a legal services firm.

---

[3]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[4]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the OCP Order.

5.      The Firm's current customary [hourly] rates, subject to change from time to time, are $_____$. In the normal course of business, the Firm revises its regular [hourly] rates and advises that, effective _____ of each year, the aforementioned rates will be revised to the regular [hourly] rates that will be in effect at that time.

6.      The Firm [does/does not] keep in the ordinary course of business time records in one-tenth-of-an-hour increments. [If the firm does not keep time in one-tenth-of-an-hour increments, explain how time records are kept.]

7.      To the best of my knowledge, formed after due inquiry, neither I nor any professional employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter 11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the Office of the United States Trustee, or any person employed by the Office of the United States Trustee that would render the Firm's retention in these Chapter 11 Cases improper.

8.      The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases.   The Firm does not, however, perform services for any such person relating to these chapter 11 cases, or have any relationship with any such  person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

9.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

10.     Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

11.     Neither I nor any principal, partner, director, or officer of, or professional employed by,

the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.  To make this assertion, the [FIRM] researched its conflicts database against the parties listed in Exhibit A.

12.     [The Debtors owe the Firm $[●] for prepetition services, the payment of which is subject to the limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532. For non-legal firms: To the extent the Firm is owed for prepetition services, the Firm has waived, or will waive, any prepetition claims against the Debtors' estates, and the Firm is disinterested as that term is defined in section 101(14) of the Code.]

13.     I also understand the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event its fees and expenses exceed a total of $[50,000] per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of the Court.

14.     As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

15.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2025

_____

[**DECLARANT'S NAME**]

**<u>EXHIBIT B</u>**

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| VILLAGE ROADSHOW ENTERTAINMENT | ) | Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Ref. Docket No. ~~—~~ 114** |
| | ) | |

## ORDER (I) AUTHORIZING THE DEBTORS TO
## RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN
## THE ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing, but not directing, the Debtors to retain and compensate professionals utilized in the ordinary course of business; and (b) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that the Court may enter a final order consistent with Article III of the United States

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to them in the Motion.

Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth in this Order.

2.      The Debtors are authorized, but not directed, to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached as **Exhibit 2** hereto, in the ordinary course of business pursuant to the following OCP Procedures:

   a.      Within thirty (30) days after the later of (i) the date of entry of the Order or (ii) fourteen (14) days prior to payment of any invoice for services provided post-petition, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached as Exhibit 1 hereto (each, a "Declaration of Disinterestedness"), with the Court and served upon: (a) the Debtors, Village Roadshow Entertainment Group USA Inc., 750 N. San Vincente Boulevard, Suite 800 West, West Hollywood, CA 90069, Attn.: Keith Maib; (b) proposed counsel to the Debtors, (i) Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, Illinois 60654, Attn.: Justin Bernbrock (jbernbrock@sheppardmullin.com) and (ii) Young, Conaway, Stargatt & Taylor LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attn.: Joseph M. Mulvihill (jmulvihill@ycst.com); (c) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Rosa Sierra-Fox (rosa.sierra-fox@usdoj.gov); (d) proposed counsel to any statutory committee appointed in these chapter 11 cases; the Committee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor,

Wilmington, DE 19801, Attn.: Bradford J. Sandler (bsandler@pszjlaw.com) and (ePeter J. Keane (pkeane@pszjlaw.com); (e) counsel to Warner Bros. Entertainment Inc. and its affiliates, (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn.: Steve Warren (swarren@omm.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn.: Curtis S. Miller (cmiller@morrisnichols.com); and (f) to the extent not listed herein, those parties requesting notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). Such Declaration of Disinterestedness shall set forth the following information: (a) a description of the effort(s) that were taken to search for connections with parties in interest and the result of such search; (b) a description of the proposed scope of services to be provided by the OCP; (c) the rate(s) proposed to be charged for the services; (d) all information otherwise required to be disclosed pursuant to Bankruptcy Rule 2014; (e) whether the OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and, if it does not, the time increments the OCP does maintain in the ordinary course of business; and (f) to the extent that the OCP was not providing services as of the Petition Date, the date on which such services began postpetition. The Debtors will not make any payments to any OCP who have failed to file such a Declaration of Disinterestedness, *provided, however*, that if an OCP does not, in the ordinary course of business, maintain time records in tenth-of-an-hour increments and indicates that to be the case in its Declaration of Disinterestedness, and no party objects thereto or any such objection is resolved, the requirements of Local Rule 2016-1 shall be waived to permit said OCP to submit time records in whatever time increments such professional ordinarily maintains its time and setting forth, in summary format, a description of the services rendered and the professionals rendering such services on behalf of the Debtors.

b.    The Notice Parties shall have fourteen (14) days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The Objection Deadline shall be conspicuously displayed on the Declaration.  The objecting party shall timely file any such objection and serve such objection with the Court upon the Notice Parties and the respective OCP on or before the Objection Deadline.  If any such objection cannot be resolved and/or withdrawn within twenty (20) days, the matter shall be scheduled for hearing before the Court. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.  Provided, however, that if, after a hearing, the retention of the OCP is not approved, such professional may still apply to the Court for compensation for all work performed on behalf of the Debtors from the Petition Date through the date of an order denying such retention., but all parties' rights, including whether the OCP is entitled to compensation, with respect to such request are preserved.

c.      If no objection is received by the Objection Deadline, or if all outstanding objections have been withdrawn, resolved, or overruled, with respect to any particular OCP, the Debtors shall be authorized to: (i) retain such OCP as of the date such OCP commenced providing post-petition services to the Debtors; and (ii) compensate such OCP as set forth below.

d.      The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100 percent (100%) of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP set forth in **Exhibit 2** attached hereto, excluding costs and disbursements, may not exceed $50,000 per month per OCP, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Monthly Cap") (it being understood and agreed that there shall be no application of a rolling three month average for the first month); *provided*, *further*, that the total amount disbursed per quarter, for each OCP set forth in Exhibit 2, does not exceed $150,000 per OCP (the "OCP Quarterly Cap" and together with the OCP Monthly Cap, the "OCP Caps").  The OCP Caps may be increased with the consent of the ~~Notice Parties~~U.S. Trustee, the Committee, and the DIP Lenders (such consent not to be unreasonably withheld of delayed), *provided* that the Debtors shall file a notice with the Court and submit such notice to the Notice Parties of any such agreed increase.  If an agreement is not reached, the Debtors may file a motion to increase the OCP Caps.

e.      Within thirty (30) days after the last day of each three month period during these chapter 11 cases, the Debtors shall file with this Court and serve upon the Notice Parties a statement (the "OCP Statement") that includes the following information for each OCP:  (a) the name of each OCP; (b) the aggregate amounts paid per month as compensation for services rendered and reimbursement of expenses incurred by such OCP during the statement period; and (c) a brief statement of the type of services rendered.  The first OCP Statement shall be due on July 31, 2025, for the period from the Petition Date through and including June 30, 2025.  The Notice Parties shall file and serve on the Debtors and any applicable OCP objections to the payments made to OCPs within fourteen (14) calendar days following the filing of each OCP Statement.  The OCP Statement shall include the calculated Objection Deadline.  If an objection to the fees and/or expenses of an OCP is timely filed and served, such fees and expenses shall be subject to review and approval by this Court pursuant to Bankruptcy Code section 330.  Any fees and expenses that are ultimately not allowed by this Court after resolution of such an objection shall be subject to disgorgement.

f.      To the extent that fees payable to any OCP exceed the applicable OCP Cap, the applicable OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the applicable OCP Cap in accordance

with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the U.S. Trustee, and any applicable orders of the Court, unless the U.S. Trustee agrees otherwise. The U.S. Trustee's right to assert that an OCP who exceeds the Quarterly OCP Cap should be retained under formal application under section 327 of the Bankruptcy Code are specifically reserved.

g.       The Debtors reserve the right to retain additional OCPs from time to time as necessary during these chapter 11 without the need to file individual retention applications or have a further hearing by filing with the Court: (i) such OCPs on amended versions of the OCP List that are filed with the Court and served on the Notice Parties noting the newly added OCP; and (ii) having such OCPs comply with the OCP Procedures.

3.       The Debtors are authorized, but not directed, to supplement the OCP List as necessary to add or remove OCPs, from time to time, without the need for any further hearing and without the need to file individual retention applications for newly added OCPs, *provided* that the fees paid to any additional OCPs do not exceed the OCP Caps, and the OCPs shall comply with all requirements set forth in this Order.  The Debtors shall file any amended OCP List with this Court and serve such list on the Notice Parties.   Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures.   If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4.       Nothing contained herein shall affect the Debtors' or any appropriate party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5.       This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6.       Nothing contained in the Motion or this Order, and no action taken pursuant to the

relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount, validity or priority of, or basis for any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## EXHIBIT 1

**Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[3] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) |

**DECLARATION OF DISINTERESTEDNESS OF [ENTITY]**
**PURSUANT TO THE ORDER (I) AUTHORIZING THE DEBTORS**
**TO RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE**
**ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

I, [NAME], declare under penalty of perjury:

1.     I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2.     This declaration (this "Declaration") is submitted in accordance with that certain *Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. ___] (the "OCP Order").[4]

3.     Village Roadshow Entertainment Group USA, Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors during the pendency of these chapter 11 cases, and the Firm has consented to provide such services.

4.     The Firm [is/is not] a legal services firm.

---

[3]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[4]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the OCP Order.

5.      The Firm's current customary [hourly] rates, subject to change from time to time, are

$_____. In the normal course of business, the Firm revises its regular [hourly] rates and

advises that, effective _____ of each year, the aforementioned rates will be revised to the

regular [hourly] rates that will be in effect at that time.

6.      The Firm [does/does not] keep in the ordinary course of business time records in one-

tenth-of-an-hour increments. [If the firm does not keep time in one-tenth-of-an-hour increments,

explain how time records are kept.]

7.      To the best of my knowledge, formed after due inquiry, neither I nor any professional

employed by the Firm is a relative of the United States Bankruptcy Judge assigned to these Chapter

11 Cases, and the Firm does not have any connection with the United States Bankruptcy Judge, the

Office of the United States Trustee, or any person employed by the Office of the United States Trustee

that would render the Firm's retention in these Chapter 11 Cases improper.

8.      The Firm may have performed services in the past, may currently perform services, and

may perform services in the future in matters unrelated to these chapter 11 cases for persons that are

parties in interest in the Debtors' chapter 11 cases.   The Firm does not, however, perform services for

any such person relating to these chapter 11 cases, or have any relationship with any such  person,

their attorneys, or their accountants that would be adverse to the Debtors or their estates.

9.      As part of its customary practice, the Firm is retained in cases, proceedings, and

transactions involving many different parties, some of whom may represent or be employed by the

Debtors, claimants, and parties in interest in these chapter 11 cases.

10.      Neither I nor any principal, partner, director, or officer of, or professional employed by,

the Firm has agreed to share or will share any portion of the compensation to be received from the

Debtors with any other person other than the principal and regular employees of the Firm.

11.      Neither I nor any principal, partner, director, or officer of, or professional employed by,

the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed. To make this assertion, the [FIRM] researched its conflicts database against the parties listed in Exhibit A.

12.     [The Debtors owe the Firm $[●] for prepetition services, the payment of which is subject to the limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532. For non-legal firms: The To the extent the Firm is owed for prepetition services, the Firm has waived, or will waive, any prepetition claims against the Debtors' estates, and the Firm is disinterested as that term is defined in section 101(14) of the Code.]

13.     I also understand the limitations on compensation and reimbursement of expenses under the OCP Order. Specifically, the Firm understands that in the event its fees and expenses exceed a total of $[50,000] per month, on average, over a rolling three-month period, the Firm will be required to file with the Court a fee application for approval of its fees and expenses for such month in accordance with Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, and any applicable procedures or orders of the Court.

14.     As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors.  [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

15.     The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2025

_____

**[DECLARANT'S NAME]**