# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hrg. Date: April 21, 2025 at 1:00 p.m. (ET)** |
| | ) **Obj. Deadline: April 14, 2025 at 4:00 p.m. (ET)** |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KURTZMAN CARSON CONSULTANTS, LLC DBA VERITA GLOBAL, AS ADMINISTRATIVE ADVISOR TO THE DEBTORS, EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order") authorizing the Debtors retain Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as their Administrative Advisor in these chapter 11 cases, effective as of the Petition Date, as more fully described in the Application; and upon the *Declaration of Evan Gershbein in Support of the Debtors' Application for Entry of an Order (I) Authorizing the Retention and Employment of Kurtzman Carson Consultants, LLC dba Verita Global, as Administrative Advisor to the Debtors, Effective as of the Petition Date; and (II) Granting Related Relief* (the "Gershbein Declaration"); and this Court having reviewed the Application and the Gershbein Declaration; and this Court having jurisdiction to consider the Application and the relief

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Application has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and this Court having determined that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Application is hereby GRANTED as set forth herein.

2. The Debtors are authorized under section 327(a) of the Bankruptcy Code to employ and retain Verita as their Administrative Advisor in accordance with the terms set forth in the Application and the Engagement Agreement effective as of the Petition Date. Notwithstanding the terms of the Engagement Agreement, the Application is approved solely as set forth in this Order.

3. Verita is authorized to perform the Administrative Services described in the Application and set forth in the Application and the Engagement Agreement, and to take such other action to comply with all duties set forth in the Application and the Engagement Agreement.

4. In addition to the services set forth in the Application and the Engagement Agreement, Verita is authorized to provide other bankruptcy administration services as the Debtors and the Clerk of the Court may request from time to time.

5. Verita shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in the chapter 11 cases regarding professional compensation and reimbursement of expenses.

6. Verita shall first apply its retainer to all prepetition invoices, and thereafter, to have the retainer replenished to the original retainer amount, and thereafter, to hold the retainer under the Engagement Agreement during the cases as security for the payment of fees and expenses incurred under the Engagement Agreement.

7. The Debtors are authorized to indemnify Verita under the terms of the Engagement Agreement, subject to the following modifications:

   a. Verita shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

   b. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify Verita, or provide contribution or reimbursement to Verita, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from Verita's gross negligence, willful misconduct, or fraud; (ii) for a contractual dispute in which the Debtors allege the breach of Verita's contractual obligations if this Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination under (i) or (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which the Claims and Noticing Agent should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement as modified by this Order;

   c. If before the earlier of: (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal); or (ii) the entry of an order closing these chapter 11 cases, Verita believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Agreement (as modified

by this Order), including the advancement of defense costs, Verita must file an application therefor with this Court, and the Debtors may not pay any such amounts to Verita before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by Verita for indemnification, contribution, or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify Verita. All parties in interest shall retain the right to object to any demand by Verita for indemnification, contribution, or reimbursement.

8. Notwithstanding anything to the contrary in the Engagement Agreement, during these chapter 11 cases, the limitation of liability contained in section IX of the Engagement Agreement shall be given no effect during the pendency of these chapter 11 cases.

9. The Debtors and Verita are authorized to take all steps necessary or appropriate to carry out this Order.

10. In the event of any inconsistency between the Engagement Agreement, the Application, and this Order, the terms of this Order shall govern.

11. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

12. Notwithstanding any term in the Engagement Agreement to the contrary, this Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order

**Dated: April 17th, 2025**
**Wilmington, Delaware**

*Thomas M. Horan*
**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**