**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1]<br><br>Debtors. | ) Chapter 11<br>)<br>) Case No. 25-10475 (TMH)<br>)<br>) (Jointly Administered)<br>)<br>) **Ref. Docket No. 121**<br>) |

**ORDER (I) AUTHORIZING**
**THE DEBTORS TO RETAIN ACCORDION PARTNERS, LLC,**
**(II) DESIGNATING KEITH MAIB AS CHIEF RESTRUCTURING OFFICER,**
**EFFECTIVE AS OF THE PETITION DATE, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to retain Accordion Partners, LLC ("Accordion"), (b) authorizing Accordion to provide the Debtors with a Chief Restructuring Officer (the "CRO") and other supporting personnel (the "Additional Personnel," and together with the CRO, the "Accordion Professionals"), pursuant to the terms of the engagement letter by and among the Debtors and Accordion dated as of January 3, 2025 (the "Engagement Letter"), in each instance effective as of the Petition Date, and (c) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration and the Maib Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd, Ste. 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing, if any, on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The terms of the Engagement Letter are approved in all respects except as set forth in this Order.

3. The Debtors are authorized, pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, to employ and retain Accordion to provide Keith Maib as the Debtors' CRO and the Additional Personnel effective as of the Petition Date pursuant to the terms and conditions set forth in the Motion, as modified by this Order and subject to the following terms, which apply notwithstanding anything to the contrary in the Engagement Letter, the Motion, or any exhibits related thereto:

(a)     Accordion and its affiliates shall not act in any other capacity (for example, as investment banker, financial advisor, claims agent, investor/acquirer) in connection with these chapter 11 cases;

(b)     In the event the Debtors seek to have Accordion personnel assume executive officer positions that are different from the positions disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify Accordion's retention shall be filed;

(c)     Accordion shall file with the Court, with copies to:  (a) the Office of the United States Trustee, (b) counsel to the Official Committee of Unsecured Creditors, and (c) counsel to Warner Bros. Entertainment Inc. and its affiliates (collectively, the "Notice Parties"), a report of staffing (the "Staffing Report") on the engagement by the fifteenth (15th) day of each month for the previous month.  The Staffing Report shall include the names, hours worked, functions of all individuals working on the cases, and requested compensation by the Additional Personnel in these chapter 11 cases for the month and an itemized list of the reimbursable expenses incurred for the relevant period.  The time records shall (i) be appended to such reports, (ii) contain detailed time entries describing the task(s) performed; and (iii) be organized by project category.  Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in half-hour increments and corresponding charge for each task.  The Notice Parties shall have fourteen (14) days after the date each Staffing Report is served on the Notice Parties to object to such Staffing Report.  In the event an objection is raised and not consensually resolved between the Debtors and the objecting party, the objected to portion of the Staffing Report shall be subject to review by the Court.  No payments shall be made to Accordion on account of the objected to portion of such Staffing Report until such objection is resolved;

(d)     Notwithstanding anything to the contrary contained in the Motion, the Engagement Letter, or any exhibits related thereto, during the course of these chapter 11 cases, Accordion will only seek reimbursement of actual and necessary expenses itemized in the monthly Staffing Report;

(e)     Subject to the Notice Parties' rights to object as set forth in paragraph (c) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by Accordion for fees and expenses incurred in connection with Accordion's retention;

(f)     No principal, employee, or independent contractor of Accordion and its affiliates shall serve as a director of the Debtors during the pendency of these chapter 11 cases;

(g)  For a period of three (3) years after the conclusion of the engagement, neither Accordion nor any of its affiliates shall make any investment in the Debtors or reorganized Debtors;

(h)  Accordion shall disclose any and all facts that may have a bearing on whether Accordion, its affiliates, and/or any individuals working on the engagement have any interest adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders.  The obligation to disclose as set forth in this paragraph shall be a continuing obligation;

(i)  The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers liability insurance policies and all other relevant active insurance policies carried by the Debtors; and

(j)  There shall be no indemnification of Accordion or its affiliates.

(k)  Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this Order.  No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee.

4.  Any limitation of liability provision in the engagement letter shall be of no force and effect with respect to the services approved under this Order.

5.  If Accordion uses any subsidiaries or third-party contractors, such parties will provide a declarations of any connections to parties in interest in these cases.

6.  Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004 or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

7.  The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8.  To the extent that there is any inconsistency between the terms of the Motion, the Engagement Letter, and this Order, the terms of this Order shall govern.

9.      This Court shall retain jurisdiction with respect to any and all matters arising from

or related to the interpretation, implementation, or enforcement of this Order.

*Thomas M. Horan*

Dated: April 17th, 2025                           THOMAS M. HORAN
Wilmington, Delaware                          UNITED STATES BANKRUPTCY JUDGE

5