### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*, [1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 174** |

### CERTIFICATE OF COUNSEL

On April 10, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' Application for Entry of an Order Pursuant to Section 327(e) of the Bankruptcy Code Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Special Litigation Counsel for the Debtors Effective as of March 17, 2025* [D.I. 174] (the "Application") filed with the United States Bankruptcy Court for the District of Delaware (the "Court"), seeking entry of the proposed order attached thereto as Exhibit A (the "Proposed Order").  Responses to the Application, if any, were required to be filed and served no later than 4:00 p.m. (ET) on April 24, 2025 (as may have been extended by the Debtors for any party, the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments to the Proposed Order from the United States Trustee (the "U.S. Trustee").  No other formal or informal responses or objections to the Proposed Order were received.

---

[1]  The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, which resolves the comments of the U.S. Trustee.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

As no other objections or responses to the Application have been received, it is hereby respectfully requested that the Revised Proposed Order be entered at the earliest convenience of the Court.

Dated: April 25, 2025
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Joseph M. Mulvihill (Del. Bar No. 6061)
Carol E. Thompson (Del. Bar No. 6936)
Benjamin C. Carver (Del. Bar No. 7176)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:     (302) 571-6600
Facsimile:     (302) 571-1253
Email:     jmulvihill@ycst.com
     bcarver@ycst.com
     cthompson@ycst.com

*Co-Counsel for the Debtors and Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone:     (312) 499-6300
Facsimile:     (312) 499-6301
Email:     jbernbrock@sheppardmullin.com
     mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:     (310) 228-3700
Facsimile:     (310) 228-3701
Email:     jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:     (212) 653-8700
Facsimile:     (212) 653-8701
Email:     apaddock@sheppardmullin.com

*Co-Counsel for the Debtors and Debtors in Possession*

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |
| | Related to Docket No. 174 |

**ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS EFFECTIVE AS OF MARCH 17, 2025**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (the "Order") authorizing the Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as its special litigation counsel effective as of March 17, 2025, pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules for the District of Delaware (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Chad J. Husnick, the president of Chad J. Husnick, P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Husnick Declaration") and the Declaration of Keith Maib, Chief Restructuring Officer of the Debtors (the "Maib Declaration"); and the Court having found that

---

[1]   The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd. Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Husnick Declaration that Kirkland does not represent or hold an interest adverse to the Debtors' estates on the matter on which Kirkland seeks to be retained; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      The Debtors are authorized to retain and employ Kirkland as special litigation counsel effective as of March 17, 2025 in accordance with the terms and conditions set forth in the Application and the Special Counsel Engagement Letter attached hereto as **Exhibit 1**.

2.      Kirkland will represent the Debtors as special litigation counsel solely on Warner Bros. Arbitration Issues.  "Warner Bros. Arbitration Issues" means any issues/matters that are the subject of or relate to the currently pending JAMS arbitration proceedings between Warner Bros. Entertainment, Inc. and Village Roadshow Pictures North America, Inc. and their affiliates, and any related appeals, whether such issues/matters proceed in the JAMS arbitration, as a contested

matter within the bankruptcy case, or as an adversary proceeding within the bankruptcy.  If there are disputes with Warner Bros. Beyond the amount of Warner Bros.' Arbitration claim, Kirkland will not be involved.

3.     Kirkland shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Kirkland also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Kirkland in these chapter 11 cases.

4.     Notwithstanding anything in the Liability Management Engagement Letter to the contrary, Kirkland shall apply any remaining amounts of its prepetition special purpose retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Kirkland.  Kirkland is authorized without further order of the Court to reserve and apply amounts from the prepetition special purpose retainer that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Kirkland for fees or expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

5.    Notwithstanding anything to the contrary in the Application, the Special Counsel Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Special Counsel Engagement Letter and fees for defending any objection to Kirkland's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

6.    Notwithstanding anything contained in the Application, its exhibits, and/or any supporting filings, including the Special Counsel Engagement Letter, the Debtors' rights to object to interim and/or final allowance of Kirkland's fees are fully reserved under the applicable bankruptcy law and the procedures set forth in the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief.*

7.    Kirkland shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Kirkland to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8.    Kirkland shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Special Counsel Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

9.      The Debtors and Kirkland are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10.     Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Application.

11.     To the extent the Application, the Husnick Declaration, the Maib Declaration, or the Special Counsel Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Signed: _____, 2025
Wilmington, Delaware                          _____
                                              THOMAS M. HORAN
                                              UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 1**

**Special Counsel Engagement Letter**

# KIRKLAND & ELLIS LLP

333 West Wolf Point Plaza
Chicago, IL 60654
United States

Chad J. Husnick, P.C.
To Call Writer Directly:
+1 312 862 2009
chad.husnick@kirkland.com

+1 312 862 2000

www.kirkland.com

Facsimile:
+1 312 862 2200

March 30, 2025

Kevin P. Berg
Village Roadshow Entertainment Group USA Inc.
750 N. San Vicente Blvd.
Suite 800 West
West Hollywood, CA 90069

Re:    Retention to Provide Legal Services

Dear Mr. Berg,

We are very pleased that you have asked us to represent Village Roadshow Entertainment Group USA Inc. and its affiliates listed in an addendum to this letter (collectively, "you") in connection with Warner Brothers Entertainment Inc. and its affiliates' claims litigation and other issues requested by you and agreed to by the Firm from time to time. In this letter, "we," "our," "us" or "K&E LLP" means Kirkland & Ellis LLP and its affiliates. Please know that our representation is solely of you and that no direct or indirect shareholder, director, officer, partner, employee, affiliate, or joint venturer of yours will have the status of a client for any purpose as a result of this engagement.

This retention letter (the "Agreement") (notwithstanding any guidelines for outside counsel that you may provide to us) sets forth our entire agreement for rendering professional services for the current matter, as well as for all other existing or future matters (collectively, the "Engagement"), except where we otherwise agree in writing.

Our fees are primarily based on the time individuals spend working on your matter at their hourly rates. Our hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted from time to time. Additionally, our fees may be greater than the hourly rate based on various factors, such as the value of the services rendered, our efficiency, the size of the matter, the time pressures involved, and the results we achieve. We will include expenses in our statements as disbursements advanced by us on your behalf. Attached hereto is our current schedule of charges, which is subject to change. Our statements for fees and expenses are typically rendered monthly and payment in full is due within thirty days.

Either of us may terminate our retention at any time by written notice. If permission for withdrawal is required by a court, we shall apply promptly for such permission and termination

# KIRKLAND & ELLIS LLP

Page 2

shall coincide with the court order for withdrawal.  Our representation also will end, regardless of whether or when written notice was sent, upon the constructive completion of our work.

We may be requested to act for other current or future clients on other matters where the interests of those other clients may be adverse to you, or on other matters for current or future clients to whom you are adverse in this Engagement.  And we may currently be involved in such representations.  You agree that we may represent such other clients in any existing or future matters, including matters that are directly adverse to you, provided such matters are not substantially related to the legal services that we are rendering or will render to you in the Engagement (an "Allowed Adverse Representation").  By way of example, such Allowed Adverse Representations might take the form of, among other contexts: litigation (including arbitration, mediation and other forms of dispute resolution); transactional work (including consensual and non-consensual merger, acquisition, and takeover situations, financings, and commercial agreements); counseling (including advising direct adversaries and competitors); and restructuring (including bankruptcy, insolvency, financial distress, recapitalization, equity and debt workouts, and other transactions or adversarial adjudicative proceedings related to any of the foregoing and similar matters).

You will not assert that our representation of you is a basis to disqualify us from an Allowed Adverse Representation or that our work for another client breaches any duties to you.  Nor will you assert that a matter is substantially related, and thus not an Allowed Adverse Representation, simply because during our work we came to possess confidential information (recognizing, of course, that we will abide by our legal and ethical duties to protect your confidences).

You have considered the pros and cons of waiving conflicts of interests and recognize the inherent uncertainty about the array of potential matters and clients we might take on, but nonetheless have decided, with the opportunity to consult other counsel, that to secure our services instead of another firm, it is in your interest to waive conflicts of interest as described above.

We may be asked to represent more than one bidder in an auction or other opportunity to buy or invest in the securities or assets of a third party.  In such circumstances you agree that we may represent other bidders in addition to you, provided we establish appropriate screening procedures and information barriers to ensure there is complete separation between the team of lawyers (and personnel) who provide services to you and those who provide services to another bidder and absolutely no sharing of information.

We also inform you that certain investment entities owned by some of our current or former attorneys and senior staff have investments in funds or companies that may, directly or indirectly, be affiliated with you, hold investments in your debt or equity securities, be adverse to you, or conduct commercial transactions with you.  These entities are passive and have no management

# KIRKLAND & ELLIS LLP

Page 3

or control rights in such funds or companies.  Please let us know if you have any questions or concerns regarding our passive holdings.

Kirkland & Ellis LLP is a limited liability partnership organized under the laws of Illinois, and Kirkland & Ellis International LLP is a limited liability partnership organized under the laws of Delaware.  Accordingly, partners are not personally liable, directly or indirectly, by way of indemnification, contribution, assessment or otherwise, for obligations of either partnership solely by reason of being or acting as a partner.[1]  We generally do not retain records for more than five years.  Upon your written request, we will return your records prior to their destruction.  Although we will return your records (i.e., your client file) to you at any time upon your written request, you agree that your client file will not include K&E LLP's internal files including administrative materials, internal communications, and drafts.  You agree that, if you provide us with personal data, you have complied with applicable data protection legislation and that we may process such personal data in accordance with our Data Transfer and Privacy Policy at www.kirkland.com.  We process your personal data in order to (i) carry out work for you; (ii) share the data with third parties such as expert witnesses and other professional advisers if our work requires; (iii) comply with applicable laws and regulations and (iv) provide you with information relating to K&E LLP and its services.  You further agree that, for marketing purposes, we may describe facets of our law practice and recite examples of matters we handled for you, provided those materials avoid disclosing your confidences and secrets as defined by applicable ethical rules.

We are not advising you with respect to this Agreement, because we would have a conflict of interest in doing so.  If you wish to receive such advice, you should consult independent counsel of your choice.  Please confirm your agreement with the arrangements described in this letter by returning a signed copy of this letter.  Please understand that, if we do not receive a signed copy of this letter within twenty-one days, we will withdraw from representing you in this Engagement.

Very truly yours,

KIRKLAND & ELLIS LLP

By: _Chad Husnick_
        BA6F3CF59AE2453...

Printed Name: Chad J. Husnick, P.C.
Title: Partner

---

[1]     Pursuant to Business and Professions Code section 6200 et seq., you may have a right to arbitrate any fee dispute.

# KIRKLAND & ELLIS LLP

Page 4

Agreed and accepted this 30th day of March, 2025

VILLAGE ROADSHOW ENTERTAINMENT
GROUP USA INC.

By: _Kevin P. Berg_____
　　FEA5F615D2F3433...

Name: _Kevin P. Berg_____

Title: _Corporate Secretary and General Counsel_____

## <u>ADDENDUM: List of Client Subsidiaries</u>

VR Zoo Productions Ltd

VREG Funding LLC

VREG IP Global LLC

Village Roadshow Distribution USA Inc.

VREG J2 Global LLC

Village Roadshow Films Global Inc.

VREG MM2 IP Global LLC

VREG OP Global LLC

VREG Production Services Inc.

Village Roadshow Films North America Inc.

VREG Television Inc.

VREG Wonka IP Global LLC

Village Roadshow Pictures Entertainment Inc.

VREG WW IP Global LLC

Village Roadshow Pictures North America Inc.

Village Roadshow VS Films LLC

Village Roadshow Productions Inc.

VR DTE Distribution USA Inc.

VR DTE Productions Limited

VR Funding LLC

VREG Films Ltd

Village Roadshow Film Administration Management Pty Ltd

Village Roadshow Distribution Pty Ltd

Village Roadshow Entertainment Group Asia Limited

Crescent Film Holdings Limited

Village Roadshow Distribution UK Limited

Village Roadshow Entertainment Group (BVI) Limited

Village Roadshow Productions (BVI) Ltd

VR Zoo Distribution USA Inc.

Village Roadshow Distribution (BVI) Limited

Village Roadshow Films (BVI) Limited

VR Films Holdings (BVI) Limited

Village Roadshow Holdings USA Inc.

**KIRKLAND & ELLIS LLP**

**CLIENT-REIMBURSABLE EXPENSES AND OTHER CHARGES**

*Effective 01/01/2025*

The following outlines Kirkland & Ellis LLP's ("K&E LLP") policies and standard charges for various services performed by K&E LLP and/or by other third parties on behalf of the client which are often ancillary to our legal services. Services provided by in-house K&E LLP personnel are for the convenience of our clients. Given that these services are often ancillary to our legal services, in certain instances it may be appropriate and/or more cost efficient for these services to be outsourced to a third-party vendor. If services are provided beyond those outlined below, pricing will be based on K&E LLP's approximate cost and/or comparable market pricing.

- **Duplicating, Reprographics and Printing**: The following list details K&E LLP's charges for duplicating, reprographics and printing services:

  ▸ Black and White Copy or Print (all sizes of paper):
    - $0.16 per impression for all U.S. offices
    - €0.10 per impression in Munich
    - £0.15 per impression in London
    - HK$1.50 per impression in Hong Kong
    - CNY1.00 per impression in Beijing and Shanghai
  ▸ Color Copy or Print (all sizes of paper):
    - $0.55 per impression
  ▸ Scanned Images:
    - $0.16 per page for black and white or color scans
  ▸ Other Services:
    - CD/DVD Duplicating or Mastering - $7/$10 per CD/DVD
    - Binding - $0.70 per binding
    - Large or specialized binders - $13/$27
    - Tabs - $0.13 per item
    - OCR/File Conversion - $0.03 per page
    - Large Format Printing - $1.00 per sq. ft.

- **Secretarial and Word Processing**: Clients are not charged for secretarial and word processing activities incurred on their matters during standard business hours.

- **Overtime Charges**: Clients will be charged for overtime costs for secretarial and document services work if either (i) the client has specifically requested the after-hours work or (ii) the nature of the work being done for the client necessitates out-of-hours overtime and such work could not have been done during normal working hours. If these conditions are satisfied, costs for related overtime meals and transportation also will be charged.

- **Travel Expenses**:  We charge clients our out-of-pocket costs for travel expenses including associated travel agency fees.  We charge coach fares (business class for international flights) unless the client has approved business-class, first-class or an upgrade.  K&E LLP personnel are instructed to incur only reasonable airfare, hotel and meal expenses.  K&E LLP negotiates, uses, and passes along volume discount hotel and air rates whenever practicable.  However, certain retrospective rebates may not be passed along.

- **Catering Charges:**  Clients will be charged for any in-house catering service provided in connection with client matters.

- **Communication Expenses**:  We do not charge clients for telephone calls, conference calls, videoconferences or faxes made from K&E LLP's offices.

  Charges incurred for conference calls, videoconferences, cellular telephones, and calls made from other third-party locations will be charged to the client at the actual cost incurred.  Further, other telecommunication expenses incurred at third-party locations (e.g., phone lines at trial sites, Internet access, etc.) will be charged to the client at the actual cost incurred.

- **Overnight Delivery/Postage**:  We charge clients for the actual cost of overnight and special delivery (e.g., Express Mail, FedEx, and DHL), and U.S. postage for materials mailed on the client's behalf.  K&E LLP negotiates, uses, and passes along volume discount rates whenever practicable.

- **Messengers**:  We charge clients for the actual cost of a third-party vendor messenger.

- **Library Research Services:**  Library Research staff provides research and document retrieval services at the request of attorneys, and clients are charged per hour for these services.  Any expenses incurred in connection with the request, such as outside retrieval service or online research charges, are passed on to the client at cost, including any applicable discounts.

- **Online Research Charges**:  K&E LLP charges for costs incurred in using third-party online research services in connection with a client matter.  K&E LLP negotiates and uses discounts or special rates for online research services whenever possible and practicable and passes through the full benefit of any savings to the client based on actual usage.

- **Inter-Library Loan Services:**  Our standard client charge for inter-library loan services when a K&E LLP library employee borrows a book from an outside source is $25 per title.  There is no client charge for borrowing books from K&E LLP libraries in other cities or from outside collections when the title is part of the K&E LLP collection but unavailable.

- **Off-Site Legal Files Storage**:  Clients are not charged for off-site storage of files unless the storage charge is approved in advance.

- **Electronic Data Storage**:  K&E LLP will not charge clients for costs to store electronic data and files on K&E LLP's systems if the data stored does not exceed 100 gigabytes

(GB).  If the data stored for a specific client exceeds 100GB, K&E LLP will charge clients $6.00 per month/per GB for all network data stored until the data is either returned to the client or properly disposed of.  For e-discovery data on the Relativity platform, K&E LLP will also charge clients $6.00 per month/per GB until the data is either returned to the client or properly disposed of.

- **Tax Filings**:  Clients will be charged a fixed fee for certain tax filings. Our standard charge is $400 per Form 8832 election; $250 per Form 83(b) election for the first 20 forms, $100 per form for any additional forms; $1,000 each for Form SS-4 (Foreign); $100 each for Form SS-4 (Domestic); and $75 for each FIRPTA certificate.

- **Calendar Court Services**:  Our standard charge is $25 for a court filing and other court services or transactions.

- **Supplies**:  There is no client charge for standard office supplies.  Clients are charged for special items (e.g., a minute book, exhibit tabs/indexes/dividers, binding, etc.) and then at K&E LLP's actual cost.

- **Contract Attorneys and Contract Non-Attorney Billers**:  If there is a need to utilize a contract attorney or contract non-attorney on a client engagement, clients will be charged a standard hourly rate for these billers unless other specific billing arrangements are agreed between K&E LLP and client.

- **Expert Witnesses, Experts of Other Types, and Other Third Party Consultants**:  If there is a need to utilize an expert witness, expert of other type, or other third party consultant such as accountants, investment bankers, academicians, other attorneys, etc. on a client engagement, clients will be requested to retain or pay these individuals directly unless specific billing arrangements are agreed between K&E LLP and client.

- **Third Party Expenditures**: Third party expenditures (e.g., corporate document and lien searches, lease of office space at Trial location, IT equipment rental, SEC and regulatory filings, etc.) incurred on behalf of a client, will be passed through to the client at actual cost.  If the invoice exceeds $50,000, it is K&E LLP's policy that wherever possible such charges will be directly billed to the client.  In those circumstances where this is not possible, K&E LLP will seek reimbursement from our client prior to paying the vendor.

Unless otherwise noted, charges billed in foreign currencies are based on current U.S. charges at an appropriate exchange rate.

**<u>EXHIBIT B</u>**

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |
| | Related to Docket No. [●]174 |

## ORDER PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY CODE AUTHORIZING THE RETENTION AND EMPLOYMENT OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP AS SPECIAL LITIGATION COUNSEL FOR THE DEBTORS EFFECTIVE AS OF MARCH 17, 2025

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order (the "Order") authorizing the Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as its special litigation counsel effective as of March 17, 2025, pursuant to sections 327(e) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 2014-1 and 2016-1 of the Local Rules for the District of Delaware (the "Local Rules"); and the Court having reviewed the Application, the Declaration of Chad J. Husnick, the president of Chad J. Husnick, P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Husnick Declaration") and the Declaration of Keith Maib, Chief

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd. Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

Restructuring Officer of the Debtors (the "Maib Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Husnick Declaration that Kirkland does not represent or hold an interest adverse to the Debtors' estates on the matter on which Kirkland seeks to be retained; and the Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1. The Debtors are authorized to retain and employ Kirkland as special litigation counsel effective as of March 17, 2025 in accordance with the terms and conditions set forth in the Application and the Special Counsel Engagement Letter attached hereto as **Exhibit 1**.

2. Kirkland ~~is authorized to provide~~will represent the Debtors ~~with the professional services as described in the Application and the Special Counsel Engagement Letter.~~as special litigation counsel solely on Warner Bros. Arbitration Issues.  "Warner Bros. Arbitration Issues"

means any issues/matters that are the subject of or relate to the currently pending JAMS arbitration proceedings between Warner Bros. Entertainment, Inc. and Village Roadshow Pictures North America, Inc. and their affiliates, and any related appeals, whether such issues/matters proceed in the JAMS arbitration, as a contested matter within the bankruptcy case, or as an adversary proceeding within the bankruptcy.  If there are disputes with Warner Bros. Beyond the amount of Warner Bros.' Arbitration claim, Kirkland will not be involved.

3.      Kirkland shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Kirkland also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Kirkland in these chapter 11 cases.

4.      Notwithstanding anything in the Liability Management Engagement Letter to the contrary, Kirkland shall apply any remaining amounts of its prepetition special purpose retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to an order of the Court awarding fees and expenses to Kirkland.  Kirkland is authorized without further order of the Court to reserve and apply amounts from the prepetition special purpose retainer that would otherwise be applied toward payment of postpetition fees and expenses as are necessary and appropriate to compensate and reimburse Kirkland for fees or

expenses incurred on or prior to the Petition Date consistent with its ordinary course billing practices.

5.     Notwithstanding anything to the contrary in the Application, the Special Counsel Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Special Counsel Engagement Letter and fees for defending any objection to Kirkland's fee applications under the Bankruptcy Code are not approved pending further order of the Court.

6.     Notwithstanding anything contained in the Application, its exhibits, and/or any supporting filings, including the Special Counsel Engagement Letter, the Debtors' rights to object to interim and/or final allowance of Kirkland's fees are fully reserved under the applicable bankruptcy law and the procedures set forth in the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief*.

7.     Kirkland shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Kirkland to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

8.     Kirkland shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application or the Special Counsel Engagement Letter are implemented and shall file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the

reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

~~9.   Notwithstanding any provision to the contrary in the Application and/or Special Counsel Engagement Letter, any dispute relating to the services provided by Kirkland shall be referred to arbitration consistent with the terms of the Application and/or Special Counsel Engagement Letter only to the extent that this Court does not have, retain or exercise jurisdiction over the dispute.~~

~~10.   To the extent the Debtors wish to expand the scope of Kirkland's services beyond those services set forth in the Special Counsel Engagement Letter or this Order, the Debtors shall be required to seek further approval from this Court.   The Debtors shall file notice of any proposed additional services (the "Proposed Additional Services") and any underlying engagement agreement with the Court and serve such notice on the U.S. Trustee, the Committee, and any party requesting notice under Bankruptcy Rule 2002.   If no such party files an objection within 21 days of the Debtors filing such notice, the Proposed Additional Services and any underlying engagement agreement may be approved by the Court by further order without further notice or hearing.~~

9.   ~~11.~~ The Debtors and Kirkland are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

10.   ~~12.~~ Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Local Rules are satisfied by the contents of the Application.

11.   ~~13.~~ To the extent the Application, the Husnick Declaration, the Maib Declaration, or the Special Counsel Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12.   ~~14.~~ The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.   ~~15.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Signed: _____, 2025
Wilmington, Delaware                    _____
                                        THOMAS M. HORAN
                                        UNITED STATES BANKRUPTCY JUDGE