**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*, [1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 135** |

## CERTIFICATE OF COUNSEL

On April 4, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Debtors' *Application for Entry of an Order Authorizing and Approving the Employment of Solic Capital Advisors, LLC and Solic Capital, LLC as Investment Banker to the Debtors Effective as of the Petition Date* [D.I. 135] (the "Application") filed with the United States Bankruptcy Court for the District of Delaware (the "Court"), seeking entry of the proposed order attached thereto as Exhibit A (the "Proposed Order").  Responses to the Application, if any, were required to be filed and served no later than 4:00 p.m. (ET) on April 25, 2025 (as may have been extended by the Debtors for any party, the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments to the Proposed Order from the United States Trustee (the "U.S. Trustee") and the official committee of unsecured creditors (the "Committee").  No other formal or informal responses or objections to the Proposed Order were received.

---

[1]     The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

1

Following discussions with the U.S. Trustee and the Committee, the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, which resolves the comments of the U.S. Trustee and the Committee.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

As no other objections or responses to the Application have been received, it is hereby respectfully requested that the Revised Proposed Order be entered at the earliest convenience of the Court.

Dated: April 28, 2025
Wilmington, Delaware

/s/ Joseph M. Mulvihill

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**
Joseph M. Mulvihill (Del. Bar No. 6061)
Carol E. Thompson (Del. Bar No. 6936)
Benjamin C. Carver (Del. Bar No. 7176)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        jmulvihill@ycst.com
              bcarver@ycst.com
              cthompson@ycst.com

*Co-Counsel for the Debtors and
Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**
Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone:    (312) 499-6300
Facsimile:    (312) 499-6301
Email:        jbernbrock@sheppardmullin.com
              mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:    (310) 228-3700
Facsimile:    (310) 228-3701
Email:        jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:    (212) 653-8700
Facsimile:    (212) 653-8701
Email:        apaddock@sheppardmullin.com

*Co-Counsel for the Debtors and
Debtors in Possession*

3

## EXHIBIT A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Ref. Docket No. 135** |
| | ) |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT**
**OF SOLIC CAPITAL ADVISORS, LLC AND SOLIC CAPITAL, LLC AS**
**INVESTMENT BANKER TO THE TO THE DEBTORS**
**EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the *Application for Entry of an Order Authorizing and Approving the Employment of SOLIC Capital Advisors, LLC and SOLIC Capital, LLC as Investment Banker to the Debtors Effective as of the Petition Date* (the "Application");[2] and the Court having reviewed the Application, and the Snellenbarger Declaration in support thereof; and the Court being satisfied, based on the representations made in the Application and the Snellenbarger Declaration, that Snellenbarger is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction to consider this Application under 28 U.S.C. § 1334,

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Debtors are authorized to employ and retain SOLIC as investment banker to the Debtors effective as of the Petition Date.

3.      Except to the extent set forth herein and as modified herein, the Engagement Letter, including, without limitation, the fee structure contained therein, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify SOLIC in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter. Notwithstanding anything to the contrary in this Order, the Application, the Engagement Agreement or the Snellenbarger Declaration, no amounts, except as set forth below, shall be paid to Solic absent an order of this Court approving a fee application filed on notice to parties in interest in these cases, or as otherwise allowed under the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II)*

2

*Granting Related Relief* [Docket No. 188] entered in these cases (the "Interim Compensation Order"), except that the Debtors are authorized to pay the $100,000 up front monthly fee to SOLIC plus expense reimbursements, if any, each month without the requirement of a prior fee application, *provided, however*, that SOLIC shall file monthly staffing and expense report with summary charts describing the services provided and itemization of expenses incurred and the United States Trustee and the Official Committee of Unsecured Creditors shall have the right to object to the staffing reports within twenty-one days of filing and any objections will be subject to review by the Court. Any Sale Transaction Fee, Restructuring Transaction Fee or Capital Placement Fee earned by SOLIC will be escrowed upon the closing of the applicable transaction, and SOLIC shall file a subsequent interim or final fee application, as applicable, in accordance with the Interim Compensation Order.  All fees paid to SOLIC are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of SOLIC's final fee application.

4.      Except as set forth herein, SOLIC shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with services described in the Application in the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, the Local Rules, and any other applicable procedures of this Court.

5.      SOLIC is granted a limited waiver of the information requirements relating to compensation requests to the extent requested in the Application.  SOLIC shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in half-hour (0.5) increments, and notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, or any other guidelines regarding submission and approval of fee

applications, SOLIC shall be excused from keeping time in tenth-hour (0.1) increments and shall not be required to provide or conform to any schedule of hourly rates.

6.      Notwithstanding anything to the contrary in this Order, the amounts payable to SOLIC with respect to the Investment Banking Services shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except, notwithstanding anything to the contrary in this Order, the Application, the Engagement Letter or the Snellenbarger Declaration, the U.S. Trustee shall retain the right and be entitled to object to SOLIC's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7.      Notwithstanding anything to the contrary in the Application or the Snellenbarger Declaration, SOLIC shall not seek reimbursement of any fees or costs arising from the defense of any of SOLIC's fee applications in these chapter 11 cases.

8.      Notwithstanding anything to the contrary in the Application, Engagement Letter, or the Snellenbarger Declaration, during the course of the bankruptcy case, any provision in the Engagement Letter to the effect that the Engagement Letter does not create a fiduciary relationship between SOLIC and the Debtors shall have no force or effect; *provided, however*, nothing in the Application, this Order or in the Engagement Letter shall be a determination that SOLIC is acting in any fiduciary capacity for the Debtors.

9.      Notwithstanding anything to the contrary in the Application, Engagement Letter, or the Snellenbarger Declaration, SOLIC shall not unilaterally terminate its engagement or assign its engagement absent prior approval of the Court.

10.      During the course of the Bankruptcy Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

11.     The Indemnification Provisions in the Engagement Letter are approved, subject to

the following modifications:

(a)     No Indemnified Party shall be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

(b)     Notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify the Indemnified Parties or provide contribution or reimbursement to an Indemnified Party for any claim or expense that is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Party's willful misconduct, gross negligence, or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Party's contractual obligations unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which an Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and;

(c)     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Party or SOLIC must file an application therefore in this Court, and the Debtors may not pay any such amounts to such Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution, or reimbursement by an Indemnified Party and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Party.  All parties in interest shall retain the right to object to any demand by any Indemnified Party for indemnification, contribution, and/or reimbursement.

12.     Notwithstanding anything to the contrary in the Engagement Letter, beginning in January 2026, SOLIC shall credit fifty percent of the $100,000 monthly fee towards the Sale Transaction Fee, the Restructuring Transaction Fee, or the Capital Placement Transaction Fee.

13.     In the event that SOLIC is entitled to both a Sale Transaction Fee and Restructuring Transaction Fee, SOLIC will only be paid on the greater of the Sale Transaction or the Restructuring Transaction Fee, and not paid on both.

14.     Notwithstanding anything to the contrary in the Engagement Letter, including Paragraph 3(e), the Court shall have the sole and exclusive jurisdiction for the purpose of any suit, action or other proceeding arising out of the Engagement Letter.

15.     The Debtors and SOLIC are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16.     The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

## EXHIBIT B

**Blackline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| | ) |
| Debtors. | ) **Ref. Docket No. ——135** |
| | ) |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT**
**OF SOLIC CAPITAL ADVISORS, LLC AND SOLIC CAPITAL, LLC AS**
**INVESTMENT BANKER TO THE TO THE DEBTORS**
**EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the *Application for Entry of an Order Authorizing and Approving the Employment of SOLIC Capital Advisors, LLC and SOLIC Capital, LLC as Investment Banker to the Debtors Effective as of the Petition Date* (the "Application");[2] and the Court having reviewed the Application, and the Snellenbarger Declaration in support thereof; and the Court being satisfied, based on the representations made in the Application and the Snellenbarger Declaration, that Snellenbarger is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction to consider this Application under

---

[1]   The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1.      The Application is granted as set forth herein.

2.      Pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Debtors are authorized to employ and retain SOLIC as investment banker to the Debtors effective as of the Petition Date.

3.      Except to the extent set forth herein and as modified herein, the Engagement Letter, including, without limitation, the fee structure contained therein, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify SOLIC in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter. Notwithstanding anything to the contrary in this Order, the Application, the Engagement Agreement or the Snellenbarger Declaration, no amounts, except as set forth below, shall be paid to Solic absent an order of this Court approving a fee application filed on notice to parties in interest in these cases, or as otherwise allowed under the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for*

*Professionals and (II) Granting Related Relief* [Docket No. 188] entered in these cases (the "Interim Compensation Order"), except that the Debtors are authorized to pay the $100,000 up front monthly fee to SOLIC plus expense reimbursements, if any, each month without the requirement of a prior fee application, *provided, however*, that SOLIC shall file monthly staffing and expense report with summary charts describing the services provided and itemization of expenses incurred and the United States Trustee and the Official Committee of Unsecured Creditors shall have the right to object to the staffing reports within twenty-one days of filing and any objections will be subject to review by the Court. Any Sale Transaction Fee, Restructuring Transaction Fee or Capital Placement Fee earned by SOLIC will be escrowed upon the closing of the applicable transaction, and SOLIC shall file a subsequent interim or final fee application, as applicable, in accordance with the Interim Compensation Order. All fees paid to SOLIC are subject to disgorgement unless and until they are approved by the Court on a final basis, after submission of SOLIC's final fee application.

4.   Except as set forth herein, SOLIC shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with services described in the Application in the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, the Local Rules, and any other applicable procedures of this Court.

5.   SOLIC is granted a limited waiver of the information requirements relating to compensation requests to the extent requested in the Application. SOLIC shall include in its fee applications, among other things, time records setting forth, in a summary format, a description of the services rendered by each professional, and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in half-hour (0.5) increments, and notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, orders of this Court, or any other guidelines regarding submission and approval of fee applications, SOLIC shall be excused from keeping time in tenth-hour (0.1) increments and shall not be required to provide or conform to any schedule of hourly rates.

6.    Notwithstanding anything to the contrary in this Order, the amounts payable to SOLIC with respect to the Investment Banking Services shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except, notwithstanding anything to the contrary in this Order, the Application, the Engagement Letter or the Snellenbarger Declaration, the U.S. Trustee shall retain the right and be entitled to object to SOLIC's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7.    Notwithstanding anything to the contrary in the Application or the Snellenbarger Declaration, SOLIC shall not seek reimbursement of any fees or costs arising from the defense of any of SOLIC's fee applications in these chapter 11 cases.

8.    Notwithstanding anything to the contrary in the Application, Engagement Letter, or the Snellenbarger Declaration, during the course of the bankruptcy case, any provision in the Engagement Letter to the effect that the Engagement Letter does not create a fiduciary relationship between SOLIC and the Debtors shall have no force or effect; *provided, however*, nothing in the Application, this Order or in the Engagement Letter shall be a determination that SOLIC is acting in any fiduciary capacity for the Debtors.

9.    Notwithstanding anything to the contrary in the Application, Engagement Letter, or the Snellenbarger Declaration, SOLIC shall not unilaterally terminate its engagement or assign its engagement absent prior approval of the Court.

10.    During the course of the Bankruptcy Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect.

11.    The Indemnification Provisions in the Engagement Letter are approved, subject to the following modifications:

    (a)    No Indemnified Party shall be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

    (b)    Notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify the Indemnified Parties or provide contribution or reimbursement to an Indemnified Party for any claim or expense that is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Party's willful misconduct, gross negligence, or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Party's contractual obligations unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which an Indemnified Party should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and;

    (c)    If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Party or SOLIC must file an application therefore in this Court, and the Debtors may not pay any such amounts to such Indemnified Party before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution, or reimbursement by an Indemnified Party and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Party.  All parties in interest shall retain the right to object to

any demand by any Indemnified Party for indemnification, contribution, and/or reimbursement.

12.    Notwithstanding anything to the contrary in the Engagement Letter, beginning in January 2026, SOLIC shall credit fifty percent of the $100,000 monthly fee towards the Sale Transaction Fee, the Restructuring Transaction Fee, or the Capital Placement Transaction Fee.

13.    In the event that SOLIC is entitled to both a Sale Transaction Fee and Restructuring Transaction Fee, SOLIC will only be paid on the greater of the Sale Transaction or the Restructuring Transaction Fee, and not paid on both.

14.    12. Notwithstanding anything to the contrary in the Engagement Letter, including Paragraph 3(e), the Court shall have the sole and exclusive jurisdiction for the purpose of any suit, action or other proceeding arising out of the Engagement Letter.

15.    13. The Debtors and SOLIC are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16.    14. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.