**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Ref. Docket No. 320 |

## CERTIFICATION OF COUNSEL

On May 8, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the Debtors' *Application for Entry of an Order Authorizing and Approving the Employment of Virtu Global Advisors, LLC to Provide the Debtors With Valuation and Appraiser Services Effective as of April 11, 2025* [D.I. 320] (the "Application") with the United States Bankruptcy Court for the District of Delaware (the "Court"), seeking entry of the proposed order attached thereto as Exhibit A (the "Proposed Order"). Responses to the Application, if any, were required to be filed and served no later than 4:00 p.m. (ET) on May 22, 2025 (as may have been extended by the Debtors for any party, the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received informal comments to the Proposed Order from the United States Trustee (the "U.S. Trustee"). No other formal or informal responses or objections to the Proposed Order were received.

Following discussions with the U.S. Trustee, the Debtors have agreed to a revised form of order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, which

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

1

resolves the comments of the U.S. Trustee.  For the convenience of the Court and other interested parties, a blackline comparing the Revised Proposed Order against the Proposed Order is attached hereto as **Exhibit B**.

As no other objections or responses to the Application have been received, it is hereby respectfully requested that the Revised Proposed Order be entered at the earliest convenience of the Court.

Dated: May 28, 2025
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| Joseph M. Mulvihill (Del. Bar No. 6061) | Justin R. Bernbrock (admitted *pro hac vice*) |
| Carol E. Thompson (Del. Bar No. 6936) | Matthew T. Benz (admitted *pro hac vice*) |
| Benjamin C. Carver (Del. Bar No. 7176) | 321 North Clark Street, 32nd Floor |
| Rodney Square | Chicago, Illinois 60654 |
| 1000 North King Street | Telephone: (312) 499-6300 |
| Wilmington, DE 19801 | Facsimile: (312) 499-6301 |
| Telephone: (302) 571-6600 | Email: jbernbrock@sheppardmullin.com |
| Facsimile: (302) 571-1253 | mbenz@sheppardmullin.com |
| Email: jmulvihill@ycst.com | |
| bcarver@ycst.com | -and- |
| cthompson@ycst.com | |
| | Jennifer L. Nassiri (admitted *pro hac vice*) |
| *Co-Counsel for the Debtors and Debtors in Possession* | 1901 Avenue of the Stars, Suite 1600 |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 228-3700 |
| | Facsimile: (310) 228-3701 |
| | Email: jnassiri@sheppardmullin.com |
| | |
| | -and- |
| | |
| | Alyssa Paddock (admitted *pro hac vice*) |
| | 30 Rockefeller Plaza, 39th Floor |
| | New York, NY 10112 |
| | Telephone: (212) 653-8700 |
| | Facsimile: (212) 653-8701 |
| | Email: apaddock@sheppardmullin.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |

# **EXHIBIT A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Ref. Docket No. 320** |

**ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF VIRTU GLOBAL ADVISORS, LLC TO PROVIDE THE DEBTORS WITH VALUATION AND APPRAISER SERVICES EFFECTIVE AS OF APRIL 11, 2025**

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the employment and retention of Virtu Global Advisors, LLC ("Virtu Global") to provide the Debtors with appraisal, valuation and related advisory services pursuant to the terms of the engagement letter by and among the Debtors and Virtu Global dated as of April 11, 2025 (the "Engagement Letter"), effective as of April 11, 2025, and (b) granting related relief, all as more fully set forth in the Application; and upon consideration of the First Day Declaration and the Salter Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd, Ste. 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing, if any, on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Application and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The terms of the Engagement Letter are approved effective as of April 11, 2025, in all respects except as set forth in this Order.

3. Pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Debtors are authorized to employ and retain Virtu Global to provide the Debtors with valuation and appraiser services effective as of April 11, 2025.

4. Virtu Global shall be entitled to allowance of its hourly professional compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these chapter 11 cases.

5.        Except as set forth herein, Virtu Global shall apply for compensation for professional serviced rendered and reimbursement of expenses incurred in connection with services described in the Application in the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, the Local Rules, and any other applicable procedures of this Court before payment of any fee or expense is paid to Virtu Global notwithstanding anything to the contrary in the Application or the Engagement Letter.

6.        Notwithstanding anything to the contrary in this Order, the Additional Fee payable to Virtu Global with respect to the services described in the Application and Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except, notwithstanding anything to the contrary in this Order, the Application, the Engagement Letter or the Salter Declaration, the U.S. Trustee shall retain the right and be entitled to object to Virtu Global's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7.        Notwithstanding anything to the contrary in the Application, Engagement Letter, or the Salter Declaration, Virtu Global shall not unilaterally terminate its engagement or assign its engagement absent prior approval of the Court.

8.        During the course of the Bankruptcy Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect. The Indemnification Terms in the Engagement Letter are approved, subject to the following modifications:

   (a)    No Indemnified Person shall be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

   (b)    Notwithstanding any provisions of the Engagement Letter to the contrary,

the Debtors shall have no obligation to indemnify the Indemnified Persons or provide contribution or reimbursement to an Indemnified Person for any claim or expense that is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Person's willful misconduct, gross negligence, or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and;

(c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Person or Virtu Global must file an application therefore in this Court, and the Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution, or reimbursement by an Indemnified Person and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Person. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement.

9.  Notwithstanding anything in the Application or Engagement Letter to the contrary, the 3% hard-copy research and database fee shall be of no force and effect during the chapter 11 cases.

10. Notwithstanding anything to the contrary in the Engagement Letter, Virtu shall not seek reimbursement of any fees incurred defending any of Virtu's fee applications in these cases.

11. Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004 or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

12. To the extent that there is any inconsistency between the terms of the Motion, the Engagement Letter, and this Order, the terms of this Order shall govern.

13. Notwithstanding anything to the contrary in the Engagement Letter, the Court shall have the sole and exclusive jurisdiction for the purpose of any suit, action or other proceeding arising out of the Engagement Letter.

14. The Debtors and Virtu Global are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or related the interpretation, implementation, or enforcement of this Order.

## EXHIBIT B

**Blackline**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1]<br><br>                       Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 25-10475 (TMH) <br> ) <br> ) (Jointly Administered) <br> ) <br> ) **Ref. Docket No.** \_\_\_\_ <br> ) |

## ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF VIRTU GLOBAL ADVISORS, LLC TO PROVIDE THE DEBTORS WITH VALUATION AND APPRAISER SERVICES EFFECTIVE AS OF APRIL 11, 2025

Upon consideration of the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing and approving the employment and retention of Virtu Global Advisors, LLC ("Virtu Global") to provide the Debtors with appraisal, valuation and related advisory services pursuant to the terms of the engagement letter by and among the Debtors and Virtu Global dated as of April 11, 2025 (the "Engagement Letter"), effective as of April 11, 2025, and (b) granting related relief, all as more fully set forth in the Application; and upon consideration of the First Day Declaration and the Salter Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Amended Standing Order; and this Court having found that this is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd, Ste. 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing, if any, on the Application were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Application and at the hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The terms of the Engagement Letter are approved effective as of April 11, 2025, in all respects except as set forth in this Order.

3. Pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, the Debtors are authorized to employ and retain Virtu Global to provide the Debtors with valuation~~,~~ **and** appraiser~~, and other additional financial~~ services effective as of April 11, 2025.

4. ~~Except to the extent set forth herein, the Engagement Letter, including without limitation the fee structure contained therein, is approved pursuant to section 328(a) of the Bankruptcy Code, and the Debtors are authorized to pay, reimburse, and indemnify Virtu Global~~

~~in accordance with the terms and conditions of, and at the times specified in, the Engagement Letter.~~

4. <ins>Virtu Global shall be entitled to allowance of its hourly professional compensation and reimbursement of expenses, upon the filing and approval of interim and final applications pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other orders as this Court may direct, including, without limitation, any order of this Court establishing procedures for interim compensation and reimbursement of professionals retained in these chapter 11 cases.</ins>

5. Except as set forth herein, Virtu Global shall apply for compensation for professional serviced rendered and reimbursement of expenses incurred in connection with services described in the Application in the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, the Local Rules, and any other applicable procedures of this Court <ins>before payment of any fee or expense is paid to Virtu Global notwithstanding anything to the contrary in the Application or the Engagement Letter</ins>.

6. Notwithstanding anything to the contrary in this Order, the ~~amounts~~<ins>Additional Fee</ins> payable to Virtu Global with respect to the services described in the Application and Engagement Letter shall be subject to review pursuant to the standards set forth in section 328(a) of the Bankruptcy Code and shall not be subject to the standard of review set forth in section 330 of the Bankruptcy Code, except, notwithstanding anything to the contrary in this Order, the Application, the Engagement Letter or the Salter Declaration, the U.S. Trustee shall retain the right and be entitled to object to Virtu Global's fees and expenses based on the reasonableness standard provided for in section 330 of the Bankruptcy Code.

7. Notwithstanding anything to the contrary in the Application, Engagement Letter, or the Salter Declaration, Virtu Global shall not unilaterally terminate its engagement or assign its engagement absent prior approval of the Court.

8. During the course of the Bankruptcy Cases, any limitation of liability provisions in the Engagement Letter shall have no force or effect. The Indemnification Terms in the Engagement Letter are approved, subject to the following modifications:

   (a) No Indemnified Person shall be entitled to indemnification, contribution or reimbursement pursuant to the Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

   (b) Notwithstanding any provisions of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify the Indemnified Persons or provide contribution or reimbursement to an Indemnified Person for any claim or expense that is either (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Person's willful misconduct, gross negligence, or bad faith; (ii) for a contractual dispute in which the Debtors allege the breach of an Indemnified Person's contractual obligations unless this Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Company, et al.*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which an Indemnified Person should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order; and;

   (c) If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Letter (as modified by this Order), including, without limitation, the advancement of defense costs, the Indemnified Person or Virtu Global must file an application therefore in this Court, and the Debtors may not pay any such amounts to such Indemnified Person before the entry of an order by this Court approving the payment. This subparagraph (c) is

intended only to specify the period of time during which the Court shall have jurisdiction over any request for indemnification, contribution, or reimbursement by an Indemnified Person and not a provision limiting the duration of the Debtors' obligation to indemnify, or make contributions or reimbursements to, the Indemnified Person. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution, and/or reimbursement.

9. Notwithstanding anything in the Application or Engagement Letter to the contrary, the 3% hard-copy research and database fee shall be of no force and effect during the chapter 11 cases.

10. Notwithstanding anything to the contrary in the Engagement Letter, Virtu shall not seek reimbursement of any fees incurred defending any of Virtu's fee applications in these cases.

11. ~~9.~~ Notwithstanding any stay that might be imposed by Bankruptcy Rule 6004 or otherwise, this Order shall be effective and enforceable immediately upon entry hereof.

12. ~~10.~~ To the extent that there is any inconsistency between the terms of the Motion, the Engagement Letter, and this Order, the terms of this Order shall govern.

13. ~~11.~~ Notwithstanding anything to the contrary in the Engagement Letter, the Court shall have the sole and exclusive jurisdiction for the purpose of any suit, action or other proceeding arising out of the Engagement Letter.

14. ~~12.~~ The Debtors and Virtu Global are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

15. ~~13.~~ The Court shall retain jurisdiction to hear and determine all matters arising from or related the interpretation, implementation, or enforcement of this Order.