IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10475 (TMH)<br><br>(Jointly Administered) |

### RENEWED OBJECTION TO SALE OF DEBTORS' ASSETS

Clover Ivy Purchaser, LLC ("Clover"), as successor-in-interest to Vine Gaylord Company LP, Vine Rysher Company LP, Vine Entertainment International Corp., Vine Manchester Library Company LP, Vine Eton Library Company LP, Vine Entertainment LP, Vine LSE IV, LP, and Vine SLE International IV, LLC (collectively, the "Vine Entities"), by and through its undersigned counsel, submits this renewed objection (the "Renewed Objection") related to the *Notice of (I) Successful Bidder for Derivative Rights and Studio Business and (II) Back-Up Bidder for Derivative Rights* [the "Notice"; Doc. No. 44] filed pursuant to the terms of that *Amended Order (I) Approving Bid Procedures for the Sale of the Debtors' Assets, (II) Authorizing the Debtors' Entry Into the Stalking Horse APA and Approving Bid Protections Thereunder, (III) Scheduling*

---

[1] The Debtors in these cases are: Village Roadshow Entertainment Group USA Inc. (0343); VR Zoo Productions Ltd.; VREG Funding LLC; VREG IP Global LLC; Village Roadshow Distribution USA Inc.; VREG J2 Global LLC; Village Roadshow Films Global Inc.; VREG MM2 IP Global LLC; VRED OP Global LLC; VREG Production Services Inc.; Village Roadshow Films North America Inc.; VRED Television Inc.; VRED Wonka IP Global LLC; Village Roadshow Pictures Entertainment Inc.; VRED WW IP Global LLC; Village Roadshow Pictures North America Inc.; Village Roadshow VS Films LLC; Village Roadshow Productions Inc.; VRE DTE Distribution USA Inc.; VR DTE Productions Limited; VR Funding LLC; VREG Films Ltd.; Village Roadshow Film Administration Management Pty Ltd; Village Roadshow Distribution Pty Ltd.; Village Roadshow Entertainment Group Asia Limited; Crescent Film Holdings Limited; Village Roadshow Distribution UK Limited; Village Roadshow Entertainment Group (BVI) Limited; VR Zoo Distribution USA Inc.; Village Roadshow Distribution (BVI) Limited; Village Roadshow Films (BVI) Limited; VR Films Holdings (BVI) Limited; and Village Roadshow Holdings USA Inc. Due to the large number of debtors in these cases, the last for digits of the non-Village Roadshow Entertainment Group USA, Inc. debtors may be obtained on the website of the Debtors' claims and noticing agent.

*an Auction for, and Hearing to Approve, Sale of the Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearings, and (V) Approving Assumption and Assignment Procedures and (VI) Granting Related Relief* [Doc. No. 276; the "Sale Procedures Order"] entered by the Court in response to the motions filed by Village Roadshow Entertainment Group USA Inc. ("Village Roadshow") and its related debtor affiliates (collectively, the "Debtors") on March 17, 2025 [Doc. No. 11, 197]. In support of this Renewed Objection, Clover respectfully represents:[2]

## PRELIMINARY STATEMENT

The Debtors previously commenced a sale and auction process for substantially all of their assets, including the Library Assets, the Derivative Rights and the Studio Business (the "Assets"), and intend to sell those Assets, and in the case of executory contracts and unexpired leases, assume and assign those agreements to the Stalking Horse Bidder and Successful Bidder in accordance with the Bidding Procedures. As stated in the Notice, the Debtors have identified Alcon Media Group, LLC ("Alcon") as the Stalking Horse Bidder and Successful Bidder for the Assets.

Clover files this Renewed Objection with respect to the sale of the Assets in relation to that certain Amended and Restated Option Agreement (the "Option Agreement") executed by and among the Vine Entities and Village Roadshow (as described in further detail herein below). The Option Agreement provides for the license to Village Roadshow by Clover, as successor-in-interest to the Vine Entities, of the Derivative Rights related to nineteen (19) motion picture properties and Projects subject to the terms contained therein and is included in the Studio Business proposed to be sold to Alcon as stated in the Notice. Clover objects to the sale to Alcon of the

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed them in the Sale Procedures Order or Option Agreement, as applicable.

Option Agreement as the Option Agreement was validly terminated pre-petition, and Village Roadshow has no rights or obligations under the Option Agreement and the same is not property of Village Roadshow's bankruptcy estate subject to sale or assumption and assignment under Sections 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code") or applicable state law. Clover reserves all rights and remedies under Sections 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code") or applicable state law.

## BACKGROUND

1. On March 17, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court.

2. Prior to the Petition Date, on or about December 1, 2018 (the "Effective Date"), the Vine Entities entered into the Option Agreement with Village Roadshow, as amended by that certain Restated and Amended Option Agreement dated January 1, 2023, a true and accurate copy of which is attached hereto as **Exhibit A**, pursuant to which Village Roadshow was granted the right to exercise an option to market and produce nineteen (19) separate feature film properties and projects. Importantly, Village Roadshow retained its option rights only so long as Village Roadshow was "an active production company in the television and/or feature-length motion picture industry to the same extent [it was] as of the Effective Date." *See e.g.* Option Agreement, Paras. 4, 22.

3. Pursuant to Paragraph 22(b) of the Option Agreement, the Option Agreement automatically terminates upon the "Licensee [Village Roadshow] ceasing to be an active production company in the television and/or feature-length motion picture industry to the same [it was] extent as of the Effective Date." Option Agreement, Para. 22. This termination provision is not subject to cure.

4.      Prior to March 6, 2025, Clover learned that the Option Agreement had automatically terminated since Village Roadshow had ceased to be an active production company in the television and/or feature-length motion picture industry to the same extent it was as of the Effective Date. Accordingly, Clover advised Village Roadshow of the previous automatic termination of the Amended and Restated Option Agreement in a letter dated March 6, 2025 (the "Termination Letter"), a copy of which is attached hereto as **Exhibit B**.

5.      Prior to the Notice, Clover filed its prior *Objection to Sale of Debtors' Assets* [Doc. No. 304] and its *Objection to Assumption and Assignment of Option Agreement* [Doc. No. 305].

6.      Pursuant to the terms and procedures outlined in and approved by the Sale Procedures Motion, the Debtors propose to sell substantially all of their Assets to Alcon pursuant to the terms and procedures contained in the Sale Procedures Motion (the "Sale").

7.      Upon information and belief, the Debtors have included the terminated Option Agreement in the assets subject of the proposed sale to Alcon.

8.      Pursuant to the Notice, the Debtors will seek approval of the sale of their Assets to Alcon from the Court on June 18, 2025 (the "Sale Hearing").

**OBJECTION**

9.      Clover objects to the Sale of the Debtors' Assets to the extent it purports to include the Option Agreement in the list of Assets to be sold to Alcon. Prior to the Petition Date, Village Roadshow ceased to be an active production company in the television and/or feature-length motion picture industry to the same extent it was as of the Effective Date, and accordingly, the Option Agreement automatically terminated and is not property of the estate.

10. Section 363 of the Bankruptcy Code provides generally that a trustee or debtor in possession may sell, outside the ordinary court of business, "property of the estate." *See generally*, 11 U.S.C. § 363. The Bankruptcy Code defines property of the estate as "all legal or equitable interest of the debtor in property as of the commencement of the case . . . ." 11 U.S.C. § 541(a)(1). In addition, the Bankruptcy Code provides that a trustee or debtor-in-possession "may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). To assume, or assume and assign an executory contract, a debtor must generally cure any default in the executory contract and "provide adequate assurance of future performance under such executory contract . . . ." 11 U.S.C. § 365.

11. It is well established that "[c]ontracts terminated prior to the filing of a bankruptcy petition are not property of the debtor's estate, and the court cannot resuscitate previously extinguished contract rights." *In re Southold Dev. Corp.*, 1991 U.S. Dist. LEXIS 18830, at *14 (Bankr. E.D.N.Y. Dec. 23, 1991). In addition, there is a well-recognized principle that "an executory contract or lease validly terminated prior to the institution of the bankruptcy proceedings is not resurrected by the filing of the petition in bankruptcy and cannot therefore be included among the debtor's assets." *In re Triangle Laboratories, Inc.*, 663 F.2d 463, 467 (3rd Cir. 1981); *see also In re Texscan Corp.*, 107 B.R. 227 (B.A.P. 9th Cir. 1989) ("It is axiomatic that before 11 U.S.C. § 365 can apply a contract must exist."). The filing of a bankruptcy petition does not "expand the debtor's rights against other more than they exist as the commencement of the case." *Moody v. Amoco Oil Co.*, 734 F.2d 1200, 1213 (7th Cir. 1984).

12. It is also well-established that courts cannot alter terms of contracts and must instead enforce them as written. *See, e.g., Wilson v. Career Educ. Corp*., 729 F.3d 665, 679 (7th Cir. 2013) ("A court may not rewrite a contract to suit one of the parties but must enforce the terms

as written.") (citation omitted); *In re Coupon Clearing Serv., Inc.,* 113 F.3d 1091, 1099 (9th Cir. 1997) (noting that a debtor's estate has "no greater rights in property than those held by the debtor prior to the bankruptcy"); *Trustmark Ins. Co. v. Transamerica Occidental Life Ins. Co.,* 484 F. Supp. 2d 850, 853 (N.D. Ill. 2007) (stating a "court cannot alter, change or modify the existing terms of a contract or add new terms or conditions to which the parties do not appear to have assented, write into the contract something which the parties have omitted or take away something which the parties have included") (citation omitted).

13. As a result of the pre-petition automatic termination of the Option Agreement pursuant to the terms of paragraph 22 thereof, Village Roadshow had no rights or obligations under the terms of the Option Agreement. Consequently, the bankruptcy estate of Village Roadshow has no rights or obligations because it succeeds to only those rights held by the debtor prior to the bankruptcy. The filing of the Debtors' bankruptcy petitions does not operate to revive the Option Agreement, and the Court must enforce the termination provisions of the Option Agreement as written. The terms of the Option Agreement are clear. Once Village Roadshow ceased being a production company, the Option Agreement automatically terminated.

14. Therefore, Village Roadshow's rights and obligations thereunder are not property of the bankruptcy estate and cannot be sold pursuant to Section 363 of the Bankruptcy Code or assumed and assigned as party of a sale under Section 365 of the Bankruptcy Code.

15. To the extent that the Court determines that the Option Agreement is property of the bankruptcy estate and subject to sale to Alcon, Clover objects to the Sale and assumption and assignment of the Option Agreement to Alcon because, among other things, Village Roadshow has failed to show how it would cure the default resulting Village Roadshow's failure to remain an active production company in the television and/or feature-length motion picture

industry to the same extent it was as of the Effective Date of the Option Agreement. Consequently, the Sale should be denied as it relates to the Option Agreement.

## **CONCLUSION**

Accordingly, Clover respectfully objects to the Sale insofar as it purports to include assets that are not property of the Debtors' bankruptcy estates, including the Option Agreement.

Dated: June 3, 2025

Respectfully submitted,

*/s/ Jamie L. Edmonson*
Jamie L. Edmonson (No. 4247)
Rachel Jaffe Mauceri (*pro hac vice*)
**ROBINSON & COLE LLC**
1201 N. Market Street, Suite 1406
Wilmington, Delaware 19801
Telephone: (302) 516-1705
Fax: (302) 516-1699
Email: jedmonson@rc.com
          rmauceri@rc.com

*– and –*

Glenn E. Siegel (*pro hac vice*)
William D. Curtis (*pro hac vice*)
**MOORE & VAN ALLEN PLLC**
100 North Tryon Street
Suite 4700
Charlotte, North Carolina 28202-4003
Telephone: (704) 331-1000
Email: glennsiegel@mvalaw.com
          williamcurtis@mvalaw.com

*Counsel for Clover Ivy Purchaser, LLC*