IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) Ref. Docket No. 492 |
| | ) |

**ORDER (I) APPROVING DEBTORS' KEY EMPLOYEE
RETENTION PROGRAM AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") (a) approving the KERP and (b) granting related relief, all as more fully set forth in the Motion; and upon consideration of the Maib Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd, Ste. 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The KERP is hereby approved as set forth herein pursuant to section 503(c) of the Bankruptcy Code.

3. The Debtors are authorized, but not directed, to take all actions necessary to implement the KERP, and to make all payments provided thereunder to or on behalf of the KERP Participants, in all cases in accordance with the terms set forth herein.

4. As a condition of receiving any KERP payment, each KERP Participant shall be required to continue his or her employment with the Debtors until the KERP Effective Date; *provided* that if a KERP Participant is terminated for cause on or prior to the KERP Effective Date, such KERP Participant shall not be eligible to receive any KERP payment.

5. The KERP shall not affect any KERP Participant's right to receive payment on account of their respective entitlements described in the Wages Motion, including, without limitation, Annual Paid Leave, Long-Service Leave, Payment in Lieu of Notice, and Redundancy Pay.

6. All amounts earned and payable under the KERP shall have administrative expense priority under sections 503(a) and 507(a)(2) of the Bankruptcy Code for all purposes in these chapter 11 cases and in any other cases under the Bankruptcy Code to which these chapter 11 cases may be converted; *provided*, *however*, that notwithstanding the Court's approval of the KERP, the KERP Participants shall not have a claim against the Debtors for such amounts unless and until the Debtors actually determine to award such payments to the KERP Participants. For the avoidance of doubt, the KERP Payments shall not affect any KERP Participant's respective entitlements described in the Wages Motion, including, without limitation, Annual Paid Leave, Long-Service Leave, Payment in Lieu of Notice, and Redundancy Pay.

7. Nothing in this Order shall be deemed to authorize the payment of any severance payments to insiders of the Debtors or payment that is otherwise subject to sections 503(c)(1) or 503(c)(2) of the Bankruptcy Code.

8. Nothing in the Motion or this Order: (i) is intended or shall be deemed to constitute an assumption of any agreement pursuant to section 365 of the Bankruptcy Code or an admission as to the validity of any claim against the Debtors and their estates or (ii) shall impair, prejudice, waive or otherwise affect the rights of the Debtors and their estates with respect to the validity, priority or amount of any claim against the Debtors and their estates.

9. Notwithstanding the relief granted herein or any action taken hereunder, nothing contained in this Order shall itself create any right to future employment or entitlements to any employee.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

- 4 -

11.     This Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

**Dated: June 25th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**