## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) |

## ORDER APPROVING CONFIDENTIALITY AGREEMENT
## AND STIPULATED PROTECTIVE ORDER

Upon consideration of the Confidentiality Agreement Stipulated Protective Order (the "**Stipulation**"), a copy of which is attached to this order (this "**Order**") as **Exhibit 1**, by and among: (a) the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"); (b) the Official Committee of Unsecured Creditors (the "**Committee**"); (c) certain of the Debtors' creditors and other constituents that are signatories to this Order, including specifically Warner Bros. Entertainment Inc. and its affiliates ("**WB**"); and (d) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (a "**Declaration**"). Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "**Party**," and, collectively, as the "**Parties**."); and all Parties thereto so stipulating, for good cause appearing, IT IS HEREBY ORDERED THAT:

1.    The Stipulation attached hereto as **Exhibit 1** is APPROVED.

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

2.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

*Thomas M. Horan*

**Dated: July 16th, 2025**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

# Exhibit 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*,[1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("**Order**") is entered into by and among: (a) the Debtors (as defined below) in the above captioned chapter 11 case (collectively, the "**Debtors**"); (b) the Official Committee of Unsecured Creditors (the "**Committee**"); (c) certain of the Debtors' creditors and other constituents that are signatories to this Order, including specifically Warner Bros. Entertainment Inc. and its affiliates ("**WB**"); and (d) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (a "**Declaration**"). Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "**Party**," and, collectively, as the "**Parties**." The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Order pursuant to 11 U.S.C. 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and, with respect to any existing or future contested matter or adversary proceeding, pursuant to Bankruptcy

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "**Federal Rules**").

**Recitals**

        **WHEREAS**, there are, or may be, judicial or other proceedings, including but not limited to contested matters, adversary proceedings, and other disputes (each a "**Dispute**" and, collectively, the "**Disputes**"), arising out of or relating to the cases commenced by the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "**Bankruptcy Code**") in this Court (such cases, the "**Chapter 11 Cases**");

        **WHEREAS**, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 motions, or formal document requests, interrogatories, depositions, and other discovery requests (collectively, "**Discovery Requests**") as provided by the Federal Rules, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"); and

        **WHEREAS**, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Cases;

        **WHEREAS**, for purposes of resolving the claims in these Chapter 11 Cases, WB is willing to grant the Committee (and any other party, on a showing of good cause) access to documents in the record for the underlying arbitration between WB and certain Debtors, including briefs, orders, evidence presented to JAMS, transcripts of hearings, and demonstrative exhibits, that may relate to areas of inquiry concerning claims against Debtors and related parties, and, in consideration, WB agrees to this Order to protect the confidential information contained in the arbitration materials, including from disclosure to outside third parties who are not bound by this Order.

2

**NOW, THEREFORE**, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of Disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential,

**IT IS HEREBY STIPULATED, AGREED, AND, UPON COURT APPROVAL HEREOF, IT IS ORDERED** that the following terms will govern any requests for and production and handling of Discovery Material (as defined below) in connection with Disputes during the pendency of the Chapter 11 Cases:

1.     The Parties shall submit this Order to the Court for approval.  The Parties shall abide by the terms of this Order even if this Order is not entered by the Court for any reason, unless the Court otherwise determines.

2.     Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Bankruptcy Rules.

## Scope of Order

3.     This Order applies to all information, documents, and things exchanged, produced, or uploaded to any virtual data room in connection with the Chapter 11 Cases, either by a Party or a non-Party (each a "**Producing Person**"), to any other Party or non-Party (each a "**Receiving Party**"), formally or informally, either prior to or after the filing of a judicial proceeding, in response to or in connection with any Discovery Requests, including without limitation, deposition testimony, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, information and things produced as well as any and all copies, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "**Discovery Material**").

4.     This Order does not affect, amend or modify any existing confidentiality arrangements or agreements (including without limitation any financing orders), intercreditor agreements, protective orders, or prior court orders applicable to any Producing Person and/or

3

Receiving Party, and nothing in this Order shall constitute a waiver of any rights under such agreements or orders.  Notwithstanding the foregoing, the Parties expressly agree that WB is permitted to share with the Committee documents in the record in the underlying arbitrations between WB and certain Debtors, including documents produced by the Debtors in the arbitrations and that are subject to the confidentiality orders in the arbitration.

5.     Any non-Party that is permitted to review Confidential Material or Highly Confidential Material as set forth in Paragraphs 12 and 13 of this Order, and executes and delivers to the Parties a Declaration in the form provided as **Exhibit A** hereto, shall be treated as a Party to this Order with all rights and obligations of the signatory Parties hereto.

6.     This Order applies to all non-Parties that are served with subpoenas in connection with a Dispute or who otherwise produce documents or are noticed for depositions with respect to a Dispute, and all such non-Parties are entitled to the protections afforded hereby and subject to the obligations contained herein upon signing a Declaration and agreeing to be bound by the terms of this Order.

7.     Any Party or its counsel serving a subpoena upon a non-Party, which subpoena requires the production of documents or testimony, shall serve a copy of this Order along with such subpoena and instruct the non-Party recipient of such subpoena that such non-Party may designate documents or testimony in a Dispute produced pursuant to such subpoena according to the provisions herein.

**Designating Discovery Material**

8.     Any Producing Person may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "**Designated Material**") in accordance with the following provisions:

4

a. <u>Confidential Material:</u> A Party may designate Discovery Material as "Confidential" if such Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that: (i) such Discovery Material (A) constitutes or contains nonpublic proprietary or confidential technical, business, financial, personal or other information of a nature that can be protected under Bankruptcy Rules 7026 and 9014 and Federal Rule 26(c) or Bankruptcy Rule 9018 or (B) is subject by law or by contract to a legally protected right of privacy; or (ii) a Producing Person (A) is under a preexisting obligation to a third-party to treat such Discovery Material as confidential or (B) has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such Discovery Material to contain information that is confidential or proprietary to such Party or non-Party. The Receiving Party may object to the designation of Discovery Material as "Confidential" in accordance with the objection process and timeline set forth in Paragraphs 26 and 27 of this Order.

b. <u>Highly Confidential Material:</u> A Party may designate Discovery Material as "Highly Confidential" if such Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material constitutes or includes material that is of such a nature that a risk of competitive injury would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph 13 of this Order, such as sensitive financial or business information, or material prepared by its industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff), and only to the extent that the Party believes in good faith that such material is of such a nature that "Highly Confidential" treatment is warranted. All Discovery Material added into any data room or data site by any Producing Person or Party shall automatically be considered designated as and treated as "Highly Confidential" unless expressly designated otherwise.  Receiving Party may object to the designation of Discovery Material in any data room or data site as "Highly Confidential" in accordance with the objection process and timeline set forth in Paragraphs 26 and 27 of this Order.

c. <u>Attorneys' Eyes Only Material</u>: A Party may designate Discovery Material as "Attorney's Eyes Only" if such Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by such other person) that such Discovery Material contains or reflects extremely sensitive proprietary information, trade secrets or competitive or commercial information for which disclosure to another party or an employee or officer of such other party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

    d.    <u>Undesignated Material:</u> Subject to the rights and obligations of the Parties under Paragraph 10 of this Order, no Party shall have any obligation or duty to maintain as confidential or prevent from disclosure any Discovery Material that is not Designated Material.

9.    <u>Manner Of Designating Discovery Material:</u> Where reasonably practicable, any Designated Material other than oral deposition testimony shall be designated by the Producing Person as such by marking each such page "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" as applicable. Such markings should not obliterate or obscure the content of the material that is produced. Native file documents may be designated as "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" by including such terms (or similar terms) in the file name thereof. Discovery Material produced prior to the execution of this Order pursuant to an agreement that such Discovery Material would be treated as "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" shall be treated as "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" pursuant to this Order notwithstanding such Discovery Material not bearing such markings. A Party that was not the Producing Person may designate Discovery Material by providing written notice to all Receiving Parties that such Discovery Material is "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only."

10.    <u>Late Designation of Discovery Material:</u> The failure to designate particular Discovery Material as "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" at the time of production shall not operate to waive a Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("**<u>Misdesignated Material</u>**"). At such time, arrangements will be made for the destruction of the Misdesignated Material, for the return to the Producing Person of all copies of the Misdesignated Material, and/or for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the

6

proper designation, the Receiving Party or Parties shall take all commercially reasonable steps to return or destroy all previously produced copies of such Misdesignated Material.  If requested by the Producing Person, a Receiving Party shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material.  Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation.  Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

**Use and Disclosure of Confidential or Highly Confidential Material or Attorneys' Eyes Only**

11.     General Limitations On Use And Disclosure Of All Discovery Material: All Discovery Material that is designated "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" shall be used by the Receiving Parties solely for the purposes of a Dispute or the Chapter 11 Cases (including the Parties' consideration of any Dispute leading up to the commencement of any case or proceeding), and not for any other purpose, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial or administrative purpose or function.

12.     Confidential Material: Confidential Material, and all information contained therein, shall be given, shown, made available to or communicated only to the following:

a.     The Debtors;

b. The Debtors' creditors, official committees, and other constituents that are signatories to this Order, including their respective members, managers, partners, directors, officers, employees, attorneys, and agents who are assisting with or making decisions with respect to any Dispute;

c. The DIP Agents and DIP Lenders, if any, and their respective members, managers, partners, directors, officers, employees, attorneys, and agents;

d. The U.S. Trustee;

e. any non-Party who has signed a Declaration, in the form provided as **Exhibit A** hereto; and

f. any other persons specified in Paragraph 13 below.

13. <u>Highly Confidential Material:</u> Highly Confidential Material, and all information contained therein, shall be given, shown, made available to or communicated only to the following:

a. outside counsel, and staff working under the express direction of such counsel, for:

(i) The Debtors;

(ii) Debtors' creditors, official committees, and other constituents that are signatories to this Order;

(iii) The U.S. Trustee; and

(iv) any non-Party who has signed a Declaration, in the form provided as **Exhibit A** hereto.

b. industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases;

c. any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d. with the exception of any Highly Confidential Material, any adverse witness during the course of a deposition or in court proceedings, and the witness's counsel, where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary and that doing so would not cause competitive harm to the Producing Person and would not cause harm to the witness or the witness' employer, for example, by revealing material non-public information to the witness;

e.      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases;

f.      court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or these Chapter 11 Cases;

g.      the Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

h.      special masters or discovery referees appointed by the Court;

i.      mediators and their staff; and

j.      any other person or entity with respect to whom the Producing Person may consent in writing.

14.     <u>Attorneys' Eyes Only Material:</u>  Attorneys' Eyes Only Material, and all information contained therein, shall be given, shown, made available to or communicated only to the following:

a.      outside counsel, and staff working under the express direction of such counsel, for:

(i)     The Debtors;

(ii)    Debtors' creditors, official committees, and other constituents that are signatories to this Order; and

(iii)   The U.S. Trustee.

b.      industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Disputes or these Chapter 11 Cases;

c.      any person who is indicated on the face of a document to have been an author, addressee or copy recipient thereof, an actual or intended recipient thereof, or in the case of meeting minutes, an attendee of the meeting;

d.      outside photocopying, graphic production services, or litigation support services, as necessary for use in connection with a Dispute or these Chapter 11 Cases;

e.      court reporters, stenographers, or videographers who record deposition or other testimony in connection with a Dispute or these Chapter 11 Cases;

f.      the Court, its officers and clerical staff in any judicial proceeding that may result from a Dispute or these Chapter 11 Cases;

     g.     special masters or discovery referees appointed by the Court;

     h.     mediators and their staff; and

     i.     any other person or entity with respect to whom the Producing Person may consent in writing.

15.    <u>Designated Material To Be Disclosed Only In Accordance With Paragraphs 12, 13, and 14:</u> Attorneys' Eyes Only Material, and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 14 of this Order.  Highly Confidential Material, and any and all information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 13 of this Order.  Confidential Material, and the substantive information contained therein, shall not be given, shown, made available to, disclosed or communicated in any way, except to those people provided in Paragraph 12 of this Order.

16.    <u>Prerequisite To Disclosure Of Designated Material:</u> Before any person or entity, or their representative, identified in Paragraphs 14(b), 14(d), 14 (e), 14 (f), 14 (i), 14 (j), 13(b), 13(d), 13(e), 13(j), or 13 (k) hereof is given access to Designated Material, such person or their representative shall be provided with a copy of this Order and shall execute a Declaration, in the form provided as **<u>Exhibit A</u>** annexed hereto.  Each such Declaration shall be retained in the files of counsel for the Party who gave access to the Designated Material to the person who was provided such access.  Such executed Declarations shall not be subject to disclosure under the Federal Rules or the Bankruptcy Rules unless a showing of good cause is made and the Court so orders. Notwithstanding the foregoing, this Paragraph 16 shall not apply to persons identified in Paragraph 13(b) to the extent such persons received Designated Material prior to the entry of this Order.

17.    <u>Sealing of Designated Material Filed With Or Submitted To Court</u>: Unless otherwise agreed by the Producing Person, all Designated Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose Attorneys' Eyes Only, Highly Confidential, or Confidential Material, shall be filed under seal in accordance with the Federal Rules, the Bankruptcy Rules, and the Local Rules.  Parties may meet this obligation by redacting any Designated Material in publicly filed pleadings, briefs, declarations, and memoranda, and replacing exhibits that constitute Designated Material with a placeholder, and providing unredacted and complete copies of all such submissions to all Parties to this Order and to the Court.

18.    <u>Use of Discovery Material In Open Court</u>: The limitations on disclosure in this Order shall not apply to any Discovery Materials offered or otherwise used by any Party at trial or any hearing held in open court except as provided in this paragraph.  As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and where practicable at least 48 hours prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use such Designated Material at trial or any hearing to be held in open court shall meet and confer in good faith with the Producing Person together with any other Parties who have expressed interest in participating in such meet and confer to discuss ways to limit disclosure of the Designated Material (by redaction or otherwise) so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and Bankruptcy Rules.  If the Parties are unable to resolve a dispute related to such Designated Material, then the Producing Person bears the burden of requesting relief from the Court and, in the absence of such relief, there shall be no limitations

on the ability of the Parties to offer or otherwise use such Designated Material at trial or any hearing held in open court.

## **Depositions**

19.   <u>Deposition Testimony - Manner Of Designation:</u> In the case of depositions, if counsel for a Party or non-Party believes that a portion of the testimony given at a deposition should be Designated Material of such Party or non-Party, such testimony may be designated as appropriate by:

   a.   Stating so orally on the record and requesting that the relevant portion(s) of testimony is so designated; or

   b.   Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript or videotape of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 23 below.  Until expiration of the aforesaid seven (7) day or three (3) business day period, as applicable, following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and videotapes shall be considered and treated as Highly Confidential unless otherwise designated by counsel to any Party or non-Party on the record at the deposition.

20.   <u>Designated Material Used As Exhibits During Depositions:</u> Nothing in Paragraph 19 shall apply to or affect the confidentiality designations on Discovery Material entered as exhibits at depositions. Designated Material shall not lose its confidentiality status as a result of being marked as a deposition exhibit.

21.   <u>Witness Review Of Deposition Testimony:</u> Nothing in Paragraph 19 hereof shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

22.   <u>Presence Of Persons During Deposition Testimony:</u> Anyone who is not counsel to a Party and who wishes to attend a deposition at which Designated Material may be disclosed or

elicited must become a Party to this Order prior to such deposition.  When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall, upon request, be excluded from the portion of the deposition so designated. If during the deposition counsel seeks to have portions of the testimony designated as Attorneys' Eyes Only, the Producing Person shall have the right to exclude from attendance at the deposition, during such time as the Attorneys' Eyes Only Material is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the videographer, and the reporter shall bind that portion of the transcript of the designated testimony in a separate volume marked Attorneys' Eyes Only.

23.  <u>Responsibilities And Obligations Of Court Reporters:</u> In the event that testimony is designated as Confidential, Highly Confidential, or Attorneys' Eyes Only, the court reporter, who shall first have agreed to abide by the terms of this paragraph, shall be instructed to include on the cover page of each such transcript the legend, "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith," and each page of the transcript shall include the legend "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only," as appropriate.  If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" as appropriate, if any portion of the transcript itself is so designated.

## **General Provisions**

24.  This Order is a procedural device intended to protect Discovery Materials designated as Designated Material.  Nothing in this Order shall affect any Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery Materials.

25.     Nothing contained herein shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including but not limited to, any objection concerning the alleged confidentiality or proprietary nature of any documents, information, or data requested by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice.

26.     <u>Unauthorized Disclosure Of Designated Material</u>: In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; immediately make reasonable efforts to recover the disclosed Designated Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and immediately notify the Producing Person of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and ensure against further dissemination or use thereof.

27.     <u>Manner Of Objecting To Designated Material:</u> If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Person in writing, and then confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  The Receiving Party may seek relief from the Court if the Receiving Party and the Producing Person cannot resolve their dispute.  Until the Court rules on such an issue, the Designated Material shall continue to be treated according to

its designation.  Upon motion, the Court may order the removal of the "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" designation from any Discovery Material so designated. In connection with any request for relief concerning the propriety of a "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" designation, the Producing Person shall bear the burden of proof.

28.     <u>Timing Of Objections To Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Person of Discovery Materials as "Confidential" or "Highly Confidential" or "Attorneys' Eyes Only" during a discovery or disclosure period shall not be a waiver of that Party's right to object to such designation at trial.

29.     <u>Production Of Privileged Discovery Material</u>: This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  The production of privileged or work- product protected documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise ("Privileged Information"), is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502 (d). Nothing contained here is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Within a reasonable period of time after a Producing Person discovers (or upon receipt of notice from another Party or non-Party) that it has produced Privileged Information, the Producing Person shall request the

15

return of such Privileged Information by identifying in writing the Discovery Materials inadvertently produced and the basis for withholding such Discovery Materials from production. If a Producing Person requests the return of Privileged Information pursuant to this paragraph, the Receiving Party shall immediately take all commercially reasonable steps to return or destroy the Discovery Materials (and copies thereof) and shall take all commercially reasonable steps to sequester or destroy any work product that incorporates the Privileged Information. If the Receiving Party disputes the privilege claim, it must notify the Producing Person of the dispute and the basis therefor in writing within ten (10) days of receipt of the Producing Person's notification. The Parties shall thereafter meet and confer regarding the disputed privilege claim. If the Parties cannot resolve their dispute, either Party may seek a determination from the Court whether the privilege applies. The Producing Person must preserve the Privileged Information and, other than in connection with seeking a determination by the Court, the Receiving Party may not use the Privileged Information for any purpose until the dispute is resolved.

30.   <u>Non-Waiver of JAMS Rule 26(a):</u> In response to a valid Discovery Request in a Dispute involving the Chapter 11 Cases or under Rule 2004 (including subject to Court Order if the Discovery Request is challenged by a party), the production of filings made by WB or Debtors with JAMS in JAMS Proceeding No. 1220074998 shall not be deemed a waiver of the confidentiality otherwise provided by JAMS Rule 26(a).

31.   <u>Use Of Non-Discovery Material:</u> To the extent that any Party has documents or information that (i) are received or become available to a Party on a non-confidential basis not in violation of an obligation of confidentiality to any other person; (ii) were independently developed by such Party without violating its obligations hereunder; or (iii) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to

any other person, including a Party (collectively "**Non-Discovery Material**"), nothing in this Order shall limit a Party's ability to use Non-Discovery Material for any purpose, including in a deposition, hearing, trial or otherwise in connection with any Dispute or the Chapter 11 Cases provided, however that nothing herein shall alter the treatment of any such information that was received pursuant to existing confidentiality arrangements, agreements, protective orders, or other court orders.

      32.   <u>Obligations Following Conclusion Of The Disputes:</u> Within 90 days of the later of the conclusion of the relevant Dispute(s) or the Debtors' emergence from bankruptcy, including all appeals as to all Parties, all Parties and non-Parties shall, upon the request of the Producing Person, take all commercially reasonable steps to return to counsel for the respective Producing Person, or to destroy, all Designated Material, and all copies or notes thereof in the possession of any person, except that: counsel may retain for its records their work product and a copy of court filings, deposition transcripts, deposition recordings or videotapes, deposition exhibits, expert reports, and exhibits introduced at any hearing; and a Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes or required by law; provided that such retained documents will continue to be treated as provided in this Order.  If a Receiving Party chooses to take all commercially reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall, if requested by the Producing Person, verify such destruction in writing to counsel for the Producing Person.  Notwithstanding anything in this paragraph, to the extent that the information in the Designated Material remains confidential, the terms of this Order shall remain binding.

33.     <u>Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order:</u> The provisions of this Order shall survive the final termination of the Disputes and the Debtors' emergence from bankruptcy for any retained Designated Material.  The final termination of the Disputes or the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Order, and the Court shall retain jurisdiction to enforce this Order.

34.     <u>Amendment Of Confidentiality Agreement And Stipulated Protective Order:</u> Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time, or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

35.     <u>Disclosure Of Discovery Material In Other Proceedings:</u> Any Receiving Party that may be subject to a motion or other form of legal process or any regulatory process, demand or request seeking the disclosure of a Producing Person's Discovery Material: (i) shall promptly notify the Producing Person (unless such notice is prohibited by applicable law) to enable it to have an opportunity to appear and be heard on whether that information should be disclosed, and (ii) in the absence of a court order preventing such legally required disclosure, the Receiving Party shall be permitted to disclose only that portion of the information that is legally required to be disclosed and shall inform in writing any person to whom such information is so disclosed of the confidential nature of such information. Nothing in this Order shall be construed as preventing any disclosure of any Discovery Material as may be required by federal law.

36.     <u>Use Of Discovery Material By Producing Person:</u> Nothing in this Order affects the right of any Producing Person to use or disclose its own Discovery Material in any way. Subject to Paragraph 30, such disclosure will not waive the protections of this Order and will not entitle

other Parties, non-Parties, or their attorneys to use or disclose such Discovery Material in violation of this Order.

37.   <u>Objections To Discovery Requests:</u> Nothing herein shall be deemed (a) to prevent a Party or non-Party from objecting to Discovery Requests or asserting that information being sought in Discovery Requests is of such a confidential, personal or proprietary nature that discovery should not be afforded or (b) to preclude a Party or non-Party from seeking additional or further limitations on the use or disclosure of such information.

38.   <u>Obligations Of Parties:</u> Nothing herein shall relieve a party of its obligations under the Federal Rules, Bankruptcy Rules, Local Rules, or under any future stipulations and orders, regarding the production of documents or the making of timely responses to Discovery Requests in connection with any Dispute.

39.   <u>Advice Of Counsel:</u> Nothing herein shall prevent or otherwise restrict counsel from rendering advice to their clients in connection with the Disputes or these Chapter 11 Cases and, in the course thereof, relying on examination of Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any information in any manner that is inconsistent with the restrictions or procedures set forth herein.

40.   <u>Enforcement:</u> The provisions of this Order constitute an Order of this Court and violations of the provisions of this Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other Order of the Court.

41.   <u>Conflict or Inconsistency:</u>  In the event of any conflict or inconsistency between the terms and provisions of this Stipulation and the terms and provisions of any other

confidentiality agreement or non-disclosure agreement executed by the Parties, the terms and provisions of this Stipulation shall control.

42.    <u>Notice:</u> When notice is permitted or required by the provisions of this Order, such notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice, at the corresponding email address indicated below, or to counsel of any non-Party receiving such notice. Notice shall be delivered by email and shall be effective upon receipt.

[*Remainder of Page Intentionally Left Blank*]

Dated: July 10, 2025   Wilmington, Delaware

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler, Esq. (DE Bar No. 4142)
Peter J. Keane, Esq. (DE Bar No. 5503)
919 North Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
           pkeane@pszjlaw.com
-and-

Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
780 Third Avenue, 34th Floor
New York, NY  10017-2024
Telephone: (212) 561-7700
Email: rfeinstein@pszjlaw.com; scho@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

*/s/ Joseph M. Mulvihill*
Joseph M. Mulvihill (Del. Bar No. 6061)
Benjamin C. Carver (Del. Bar No. 7176)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jmulvihill@ycst.com
bcarver@ycst.com
*-and-*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Justin R. Bernbrock (admitted pro hac vice)
Matthew T. Benz (admitted pro hac vice)
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-6300
Facsimile: (312) 499-6301
Email: jbernbrock@sheppardmullin.com; mbenz@sheppardmullin.com

Jennifer L. Nassiri (admitted pro hac vice)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
Email: jnassiri@sheppardmullin.com

*Counsel for the Debtors and Debtors in Possession*

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Curtis S. Miller*
Curtis S. Miller (No. 4583)
Matthew B. Harvey (No. 5186)
1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@morrisnichols.com
mharvey@morrisnichols.com

*- and –*

**O'MELVENY & MYERS LLP**
Steve Warren (*Admitted pro hac vice*)
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 430-6000
Email: swarren@omm.com
Matt Kline (*Admitted pro hac vice*)
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Email: mkline@omm.com
Scott Drake (*Admitted pro hac vice*)
Emma Jones (*Admitted pro hac vice*)
2801 North Hardwood Street, Suite 1600
Dallas, Texas 75201
Telephone: (972) 360-1900
Email: sdrake@omm.com; eljones@omm.com

*Counsel to Warner Bros. Entertainment Inc., and its Affiliates.*

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
|  | ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) |

## DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury (this "Declaration") that:

1.    My address is_____.

2.    My present employer is_____.

3.    My present occupation or job description is _____

_____.

4.    I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to the Disputes between the Debtors and certain of the Debtors' creditors and other constituents that are signatories to the Order.  All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order.  I further certify that I will not use Discovery Material for any

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

purpose other than the Disputes and the Chapter 11 Cases, and will not disclose or cause Discovery Material to be disclosed to anyone not expressly permitted by the Order to receive Discovery Material.  I agree to be bound by the terms and conditions of the Order.

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive Discovery Material, whether at home or at work, all copies of any Discovery Materials, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Discovery Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.      I acknowledge and agree that I am aware that by receiving Discovery Material: (a) I may be receiving material non-public information about companies that issue securities; and (b) there exist laws, including federal securities laws, which may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order.


Date:  _____        Signature: _____

                                  Printed Name: _____

                                  Company: _____