1  (Academy Award-winning) artificially intelligent, autonomous cars.  BR2049 does.
2  It was the best and most specifically relevant film brand for Tesla to appropriate, or
3  one of the best.  Musk and the other Defendants specifically wanted BR2049's
4  goodwill for the event, not that of any other science fiction movie, and when Alcon
5  did not give it to them, they stole it.

6      70.    The theft infringed Alcon's copyright in the Picture, and created actual
7  confusion or a likelihood of it in the relevant marketplaces about BR2049 branding,
8  including Alcon's current marketing efforts with potential auto brand partners on
9  the *Blade Runner 2099* television series, among other marketplace confusion and
10  brand damage.  Alcon needs relief.

11                          **FIRST CLAIM FOR RELIEF**
12      *Direct Copyright Infringement in Violation of 17 U.S.C. § 501, et seq.*
13                  *Against Defendants WBDI, Tesla and Musk*

14      71.    Plaintiff repeats, re-alleges and incorporates herein by reference each
15  and every allegation set forth in all of the foregoing paragraphs, and in each
16  paragraph of this Complaint hereafter, as if set forth herein in full.

17      72.    To the extent any of the allegations or theories in this First Claim for
18  Relief are inconsistent with other allegations or theories pled in this Complaint,
19  they are pled in the alternative.

20      73.    Plaintiff is the author and copyright owner of the motion picture
21  "Blade Runner 2049," registered with the United States Copyright Office on
22  October 6, 2017, registration number PA0002056792.

23      74.    The images from BR2049 appearing in Exhibits A and B attached
24  hereto, and similar images from the "K explores ruined Las Vegas" visual sequence
25  of the film, are protectible elements of the motion picture, and are at the creative
26  core or "heart of the work."

27      75.    Defendant WBDI, Tesla and Musk are direct infringers, in that they
28  directly reproduced, created unauthorized derivative works of, displayed,

                                    - 25 -
                                  COMPLAINT

WB_0001050

1 distributed, and publicly performed protectible elements of BR2049 without

2 Plaintiff's license, authorization, or permission. Specifically, Defendants WBDI,

3 Tesla (perhaps specifically by Adametz or Lili) and Musk generated or caused the

4 generation of the Presentation Slide 2 Image attached hereto as Exhibit C, in

5 connection with the October 10, 2024 Tesla cybercab product reveal event co-

6 conducted by WBDI, Tesla and Musk. Plaintiff is informed and believes and on that

7 basis, and subject to the need for discovery, alleges that to generate the Presentation

8 Slide 2 Image, Defendants WBDI, Tesla and Musk or the image generation tool that

9 they used engaged in unauthorized copying and/or distribution and/or display of

10 protectible elements of BR2049, specifically images of the type described in

11 paragraph 74 above.

12    76.    The Presentation Slide 2 Image is in any event an unauthorized

13 derivative work of BR2049. Defendants WBDI, Tesla and Musk caused the

14 infringing Presentation Slide 2 image to be distributed, displayed and publicly

15 performed at the Tesla-WBDI event at the Burbank, California lot to an audience

16 large enough to constitute a public performance at that location, and also across the

17 United States and around the world, and by the thousands of retweets and repostings

18 of the event video feed that Defendants WBDI, Tesla and Musk knew would

19 inevitably happen.

20    77.    The foregoing acts of Defendants WBDI, Tesla and Musk infringed

21 upon the exclusive rights granted to Alcon under 17 U.S.C. § 106 to reproduce,

22 create derivative works, display, distribute and publicly perform BR2049 and its

23 protectible elements. Such actions and conduct constitute copyright infringement in

24 violation of 17 U.S.C. § 501, *et seq.*

25    78.    Plaintiff has complied with 17 U.S.C. §§ 101, *et seq.* and secured and

26 registered the exclusive rights and privileges in and to the copyrights of the above-

27 referenced work in accordance with 17 U.S.C. § 408.

28 ///

- 26 -
COMPLAINT

WB_0001051

79.   Plaintiff suffered damages as a result of Defendants' unauthorized use of BR2049 and its protectible elements.

80.   Plaintiff is entitled to temporary, preliminary and/or permanent injunctive relief, pursuant to 17 U.S.C. § 502(a).

81.   Pursuant to 17 U.S.C. § 503 and its subdivisions, Plaintiff is entitled to impoundment of all materials used to achieve the infringement, and records documenting Defendants' exploitation of their infringements, including without limitation all materials used by Defendants or any image generation tool employed by them to generate the Presentation Slide 2 Image.

82.   Plaintiff is entitled to recover and seeks its actual damages and any additional profits of Defendants WBDI, Tesla and Musk attributable to the infringements, under 17 U.S.C. § 504(b).

83.   Plaintiff also is entitled to elect to recover and seek statutory damages under 17 U.S.C. §§ 512 and 504(c), in an amount of not less than $750 or more than $30,000 per infringement of BR2049.  Furthermore, Plaintiff is informed and believes and on that basis alleges that Defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious.  Such acts subject Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement.

84.   Within the time permitted by law, Plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

85.   Plaintiff also is entitled to a discretionary award of attorney fees under 17 U.S.C. § 505.

86.   Plaintiff seeks or reserves the right to seek any or all of the above forms of relief, in addition to prejudgment interest to the extent legally available and Plaintiff's costs.

///

///

- 27 -
COMPLAINT

WB_0001052

## SECOND CLAIM FOR RELIEF

### *Vicarious Copyright Infringement in Violation of 17 U.S.C. § 501, et seq.*
### *Against Defendants WBDI, Tesla and Musk*

87. Plaintiff repeats, re-alleges and incorporates herein by reference each and every allegation set forth in all of the foregoing paragraphs, and each paragraph of this Complaint hereafter, as if set forth herein in full.

88. To the extent any of the allegations or theories in this Second Claim for Relief are inconsistent with other allegations or theories pled in this Complaint, they are pled in the alternative.

89. If Defendants WBDI, Tesla and Musk are not each liable as direct infringers of BR2049, they are secondarily liable for the infringements directly committed by individual agents, contractors, or other infringers presently unknown (the "Direct Infringers") under the vicarious infringement doctrine.

90. Defendants WBDI, Tesla and Musk had the right and ability to supervise the infringing activity that all the Direct Infringers committed. The facts and circumstances of the event make clear that at the very least Tesla and Musk could have refrained from including the Presentation Slide 2 Image in the presentation or told their agents, employees or contractors not to include it. Defendant WBDI was using its shared services licensing department to perform clearance work for the presentation at least related to film references. Plaintiff is thus informed and believes and on that basis, and subject to the need for discovery, alleges that WBDI had the right and ability to tell the Direct Infringers that their infringing conduct was not acceptable and could not be part of the presentation. To the extent that the Direct Infringers were individual agents, employees or contractors of WBDI, then WBDI plainly had the right and ability to supervise the Direct Infringers' infringing conduct.

91. Defendants obtained some direct financial benefit from the infringement of Plaintiff's rights in BR2049 by the Direct Infringers. The

WB_0001053

1    infringements of BR2049 in question are the Direct Infringers' generation of the

2    Presentation Slide 2 Image and the way that it was used during the event and

3    afterward in livestream exploitation, distribution and ongoing display and public

4    performance. The Presentation Slide 2 Image was and is pivotal to Defendants

5    WBDI, Tesla and Musk effectively misappropriating BR2049's goodwill to advance

6    both (a) the consumer appeal of the joint Tesla-WBDI cybercab presentation itself

7    (which presentation was essentially an infomercial), and (b) consumer and investor

8    interest in Tesla and the cybercab.

9         92.    Based on past actual brand affiliation contracts for automotive partners

10   on BR2049, Tesla likely would have had to make significant expenditures – at least

11   in the mid-six-figures (at least $500,000) and possibly into the eight figures ($10

12   million or more) to obtain a BR2049 brand affiliation with Tesla and the cybercab at

13   market value, if Alcon had even been willing to do it at all. The copyright

14   infringements here facilitated allowing Tesla to save this expenditure.

15        93.    With respect to Musk, Plaintiff is informed and believes and on that

16   basis, and subject to the need for discovery, alleges that Musk believed that the

17   affiliation of BR2049 with the Tesla cybercab during the product reveal increased

18   the likelihood that the product reveal event would have a positive response with

19   actual and potential investors in Tesla, such that Tesla's stock price would increase,

20   which was a significant purpose of the Tesla-WBDI event. On the same basis and

21   for the same reasons, Plaintiff further alleges that Musk similarly believed that the

22   BR2049 reference and affiliation would increase consumer interest in Tesla

23   cybercabs, and that Tesla would sell more of them or experience more pre-orders for

24   them. Musk is not only the largest shareholder in Tesla, but his compensation as

25   CEO is directly tied to the Tesla stock price, as a substantial portion of Musk's

26   compensation is grants of equity in Tesla. Musk thus believed he would directly

27   benefit financially from the infringement.

28   ///

WB_0001054

94.    With respect to WBDI, Plaintiff is informed and believes and on that basis, and subject to the need for discovery, alleges that the event contract between WBDI and Tesla included a co-promotional or brand affiliation element, and that prior to October 10, 2024, Tesla and Musk believed and relied on (inaccurately) that WBDI could deliver a brand affiliation with BR2049.  Plaintiff is informed and believes and on that basis, and subject to the need for discovery, alleges that when Tesla and Musk learned that was not true or not the same situation as they had believed, WBDI had a financial incentive to avoid any claims of breach of contract or adjustment of the contract price, and one way to do that was essentially to allow the fudging (questionable manipulation) of the situation by either suggesting, encouraging, or knowingly allowing Tesla and Musk's generation of and use of the infringing Presentation Slide 2 Image.

95.    Accordingly, all Defendants had an incentive to permit infringement by the Direct Infringers.

96.    The foregoing acts of Defendants WBDI, Tesla and Musk infringed upon the exclusive rights granted to Alcon under 17 U.S.C. § 106 to reproduce, create derivative works, display, distribute and publicly perform BR2049 and its protectible elements.  Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. § 501, *et seq.*

97.    Plaintiff has complied with 17 U.S.C. §§ 101, *et seq.* and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced work in accordance with 17 U.S.C. § 408.

98.    Plaintiff suffered damages as a result of Defendants' unauthorized use of BR2049 and its protectible elements.

99.    Plaintiff is entitled to temporary, preliminary and/or permanent injunctive relief, pursuant to 17 U.S.C. § 502(a).

100.   Pursuant to 17 U.S.C. § 503 and its subdivisions, Plaintiff is entitled to impoundment of all materials used to achieve and records documenting Defendants'

- 30 -
COMPLAINT

WB_0001055

1 exploitation of, their infringements, including without limitation all materials used

2 by Defendants or any image generation tool employed by them to generate the

3 Presentation Slide 2 Image.

4     101.  Plaintiff is entitled to recover and seeks its actual damages and any

5 additional profits of Defendants WBDI, Tesla and Musk attributable to the

6 infringements, under 17 U.S.C. § 504(b).

7     102.  Plaintiff also is entitled to elect to recover and seeks statutory damages

8 under 17 U.S.C. §§ 512 and 504(c), in an amount of not less than $750 or more than

9 $30,000 per infringement of BR2049.  Furthermore, Plaintiff is informed and

10 believes and on that basis alleges that Defendants' acts of copyright infringement, as

11 alleged above, were willful, intentional, and malicious.  Such acts subject

12 Defendants to liability for statutory damages under Section 504(c)(2) of the

13 Copyright Act in the sum of up to $150,000 per infringement.

14     103.  Within the time permitted by law, plaintiff will make its election

15 between actual damages and profit disgorgement, or statutory damages.

16     104.  Plaintiff also is entitled to a discretionary award of attorney fees under

17 17 U.S.C. § 505.

18     105.  Plaintiff seeks or reserves the right to seek any or all of the above forms

19 of relief, in addition to prejudgment interest to the extent legally available and

20 Plaintiff's costs.

### THIRD CLAIM FOR RELIEF

***Contributory Copyright Infringement in Violation of 17 U.S.C. § 501, et seq.***

***Against Defendants WBDI, Tesla and Musk***

24     106.  Plaintiff repeats, re-alleges and incorporates herein by reference each

25 and every allegation set forth in all of the foregoing paragraphs, and each

26 paragraph of this Complaint hereafter, as if set forth herein in full.

27 ///

28 ///

- 31 -
COMPLAINT

WB_0001056

1    107.   To the extent any of the allegations or theories in this Third Claim for

2    Relief are inconsistent with other allegations or theories pled in this Complaint,

3    they are pled in the alternative.

4    108.   If Defendants WBDI, Tesla and Musk are not individually liable as

5    direct infringers of BR2049, they are secondarily liable for the infringements

6    committed by the Direct Infringers under the contributory infringement doctrine.

7    109.   Defendants WBDI, Tesla and Musk had, or should have had,

8    knowledge of the infringements of the Direct Infringers.  Tesla and Musk plainly

9    intentionally included the Presentation Slide 2 Image in the October 10, 2024 Tesla

10   presentation, and they could plainly see that it was not an actual still image from

11   BR2049, but rather a stylized copy likely to found infringing.  They also all knew

12   that Alcon had refused permission to use BR2049 or any of its elements in the

13   presentation or in connection with it.  Defendant WBDI was using its shared

14   services licensing department to perform clearance work for the presentation at

15   least related to motion picture references.  Plaintiff is informed and believes and on

16   that basis and subject to the need for discovery alleges that if WBDI or its

17   personnel were not Direct Infringers, WBDI's shared services licensing clearance

18   department was at least being shown image options, including viewing the

19   proposed Presentation Slide 2 Image in advance of the event, and thus knew about

20   the infringement.

21   110.   Defendants WBDI, Tesla and Musk either materially contributed to or

22   induced the infringements.  Tesla and Musk materially contributed to the direct

23   infringements by including the Presentation Slide 2 in Musk's presentation.

24   Plaintiff is informed and believes and on that basis and subject to the need for

25   discovery alleges that Musk was determined specifically to reference BR2049 and

26   an image from it in the presentation, and his determination induced the direct

27   infringements by the Direct Infringers of creating the infringing Presentation Slide

28   2 Image.  Defendant WBDI materially contributed to the direct infringements at the

- 32 -
COMPLAINT

very least in that the event display, distribution and public performance aspects of the infringement occurred at WBDI's Burbank, California studio lot, and with the use and support of WBDI's facilities and technology. Plaintiff is informed and believes and on that basis, and subject to the need for discovery, alleges that WBDI induced the infringement by convincing or encouraging the Direct Infringers and Tesla and Musk that Alcon's denial of any BR2049 permissions could be circumvented by generation and use of an AI-generated copy of iconic BR2049 imagery, as Alcon alleges the Presentation Slide 2 Image to be.

111.   The foregoing acts of Defendants WBDI, Tesla and Musk infringed upon the exclusive rights granted to Alcon under 17 U.S.C. § 106 to reproduce, create derivative works, display, distribute and publicly perform BR2049 and its protectible elements. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. § 501, *et seq.*

112.   Plaintiff has complied with 17 U.S.C. §§ 101, *et seq.* and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced work in accordance with 17 U.S.C. § 408.

113.   Plaintiff suffered damages as a result of Defendants' unauthorized use of BR2049 and its protectible elements.

114.   Plaintiff is entitled to temporary, preliminary and/or permanent injunctive relief, pursuant to 17 U.S.C. § 502(a).

115.   Pursuant to 17 U.S.C. § 503 and its subdivisions, Plaintiff is entitled to impoundment of all materials used to achieve and records documenting Defendants' exploitation of, their infringements, including without limitation all materials used by Defendants or any image generation tool employed by them to generate the Presentation Slide 2 Image.

116.   Plaintiff is entitled to recover and seeks its actual damages and any additional profits of Defendants WBDI, Tesla and Musk attributable to the infringements, under 17 U.S.C. § 504(b).

- 33 -
COMPLAINT

WB_0001058

117.   Plaintiff also is entitled to elect to recover and seeks statutory damages under 17 U.S.C. §§ 512 and 504(c), in an amount of not less than $750 or more than $30,000 per infringement of BR2049.  Furthermore, Plaintiff is informed and believes and on that basis alleges that Defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious.  Such acts subject Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement.

118.   Within the time permitted by law, Plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

119.   Plaintiff also is entitled to a discretionary award of attorney fees under 17 U.S.C. § 505.

120.   Plaintiff seeks or reserves the right to seek any or all of the above forms of relief, in addition to prejudgment interest to the event legally available and Plaintiff's costs.

## FOURTH CLAIM FOR RELIEF

### *False Endorsement in Violation of 15 U.S.C. § 1125(a)(1)(A)*

### *against All Defendants*

121.   Plaintiff repeats, re-alleges and incorporates herein by reference each and every allegation set forth in all of the foregoing paragraphs, and each paragraph of this Complaint hereafter, as if set forth herein in full.

122.   To the extent any of the allegations or theories in this Fourth Claim for Relief are inconsistent with other allegations or theories pled in this Complaint, they are pled in the alternative.

123.   Alcon owns the "Blade Runner 2049" property and that includes marks and elements that have goodwill and secondary meaning within the meaning of the Lanham Act.  Among other such elements, "Blade Runner 2049," and the words "Blade Runner" in contexts that refer to or include the BR2049 motion picture (such as, for example, the words "Blade Runner" not followed by the

- 34 -
COMPLAINT

1    number "2049," but alongside iconic images from the BR2049 motion picture, or
2    other callouts to specific scenes or elements of BR2049, including images like
3    Exhibits A, B and C), and many specific elements of the BR2049 motion picture
4    (such as particularly iconic or memorable images from the Picture), have achieved
5    secondary meaning within the meaning of the Lanham Act and at the level of
6    famous marks.

7        124.   Certain images and visual sequences from the Picture have secondary
8    meaning on their own, immediately evoking BR2049, and with their own
9    commercial marketing history and significance.  The Exhibit A Image and the
10   Exhibit B Images are such images.

11       125.   Defendants Tesla and Musk have engaged in false representations
12   which are likely to cause confusion, or to cause mistake, or to deceive as to the
13   affiliation, connection or association of Tesla and Musk with Alcon or as to the
14   sponsorship or approval of Tesla's or Musk's goods, services, or commercial
15   activities by Alcon.

16       126.   Plaintiff alleges that Tesla and Musk engaged in the following specific
17   conduct that together constituted false statements that constituted false
18   representations of the type described in the foregoing paragraph 124: the conduct
19   and statements made by Tesla and Musk at the October 10, 2024 Tesla-WBDI
20   event as described in paragraphs 50-69 above.

21       127.   Tesla's and Musk's unauthorized use of, and references, to Alcon's
22   BR2049 marks and secondary meaning elements had and have the effect of falsely
23   representing that Tesla's and Musk's goods and services are licensed, sponsored,
24   endorsed, or otherwise authorized by Alcon.

25       128.   Tesla's and Musk's conduct is likely to cause confusion or mistake
26   and to deceive consumers and/or Alcon's relevant actual and potential business
27   partners as to the endorsement, sponsorship, affiliation, connection, or association
28   of Alcon with Tesla's and Musk's services and products.  In this context, Alcon's

- 35 -
COMPLAINT

WB_0001060

1  relevant business partners include automotive brands with potential interest in

2  brand affiliations with BR2049, including without limitation with the BR2049-

3  based *Blade Runner 2099* television series currently in production by Alcon.  They

4  also include business partners in the Hollywood talent pool market where Alcon is

5  active on an everyday basis, and which Hollywood talent pool market generally is

6  less likely to deal with Alcon, or parts of the market may be, if they believe or are

7  confused as to whether, Alcon has an affiliation with Tesla or Musk.

8       129.   Tesla and Musk engaged in the above conduct intentionally and in bad

9  faith, conspiring to and then executing a fraudulent scheme falsely to create a

10  purported justification or excuse to feature Alcon's BR2049 prominently at the

11  outset of Tesla's and Musk's cybercab product reveal presentation, and without

12  paying Alcon any fee for doing so, for the purpose of using BR2049's goodwill to

13  increase the interest level and cache of the new Tesla product pitch and product.

14       130.   All of the foregoing false endorsement uses of Alcon's BR2049 marks

15  and goodwill were commercial speech, and not subject to any defense predicated

16  on the nature of the use being a non-commercial use or non-commercial speech.

17  Specifically, some or all of Tesla's and Musk's speech was either (a) core

18  commercial speech in that it proposes a commercial transaction, or in the

19  alternative, (b) was nonetheless commercial for purposes of false endorsement law

20  and Plaintiff's claims herein, in that the communications were advertisements,

21  made reference to a specific product, and the speaker had an economic motivation

22  for the communication, all within the meaning of *Bolger v. Youngs Drugs Products*

23  *Corp.*, 463 U.S. 60 (1983) and its progeny.

24       131.   As a direct and proximate result of Tesla's and Musk's wrongful

25  actions, Alcon has suffered damages in an amount to be proven at trial, but in

26  excess of the jurisdictional minimum.

27       132.   Alcon further alleges that Tesla's and Musk's unauthorized use of

28  Alcon's BR2049 marks and secondary meaning elements will continue unless and

COMPLAINT

WB_0001061

1 until Tesla and Musk are enjoined. Alcon has no adequate remedy at law to

2 prevent Tesla and Musk from continuing to wrongfully violate Alcon's rights, and

3 Alcon will suffer irreparable harm unless Defendants are enjoined from continuing

4 their wrongful conduct.

5      133.  Plaintiff is informed and believes and on that basis alleges that if

6 afforded a reasonable opportunity for discovery, discovery will show that

7 Defendant WBDI conspired with Tesla and Musk to participate in the above

8 conduct, without Alcon's express written or oral consent, and over Alcon's express

9 refusals and objections, for purposes of trade or for other commercial or advertising

10 purposes, and took actions intended to further that conspiracy, such as, among

11 other things:

12        a.  Attempting to justify use of Alcon's BR2049 brand by advancing a

13            sham "clip licensing" scheme;

14        b.  Generating the infringing Presentation Slide 2 Image and/or

15            encouraging Tesla and Musk to use it; and

16        c.  Intentionally and purposefully not engaging with Alcon at all about a

17            potential brand affiliation, and only engaging with Alcon in any way

18            about the BR2049 use on the day of the event.

19      134.  Plaintiff is informed and believes and on that basis alleges that if

20 afforded a reasonable opportunity for discovery, discovery will show that

21 Defendant WBDI aided and abetted Tesla's and Musk's Lanham Act violations

22 described herein, including in that WBDI aided, encouraged and/or lent meaningful

23 support to Tesla and Musk before, during or after Tesla's and Musk's violations,

24 and with knowledge by WBDI that the acts by Tesla and Musk were improper.

25      135.  Defendants all had actual knowledge of the wrongfulness of their

26 conduct and the high probability that such acts would cause injury and/or damage

27 to Plaintiff. Despite their knowledge, Defendants intentionally pursued their

28 course of conduct, resulting in injury or damage to Plaintiff.

COMPLAINT

WB_0001062

**Prayer for Relief**

WHEREFORE, Plaintiff prays judgment be entered in its favor and against Defendants, and each of them, as follows:

1. <u>On the First Claim for Relief for Copyright Infringement</u>:

   a. For a preliminary and permanent injunction against Defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell BR2049 or protectible elements thereof in connection with Tesla or Musk, or making derivative works thereof for such purposes.

   b. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Presentation Slide 2 Image and underlying materials used in violation of Plaintiff's copyrights—including digital copies or any other means by which they could be used again by the Defendants without Plaintiff's authorization—as well as all related records and documents.

   c. For actual damages and all profits that Defendants derived from the unauthorized use of BR2049 or, where applicable and at Plaintiff's election, statutory damages.

   d. For an award of attorneys' fees.

   e. For an award of pre-judgment interest as allowed by law.

   f. For costs of suit.

   g. For such further relief as the Court deems just and proper.

2. <u>On the Second Claim for Relief for Vicarious Copyright Infringement</u>:

   a. For a preliminary and permanent injunction against Defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell BR2049 or protectible elements thereof in connection with Tesla or Musk, or making derivative works thereof for such purposes.

- 38 -

COMPLAINT

WB_0001063

b.  As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Presentation Slide 2 Image and underlying materials used in violation of Plaintiff's copyrights—including digital copies or any other means by which they could be used again by the Defendants without Plaintiff's authorization—as well as all related records and documents.

c.  For actual damages and all profits that Defendants derived from the unauthorized use of BR2049 or, where applicable and at Plaintiff's election, statutory damages.

d.  For an award of attorneys' fees.

e.  For an award of pre-judgment interest as allowed by law.

f.  For costs of suit.

g.  For such further relief as the Court deems just and proper.

3.  <u>On the Third Claim for Relief for Contributory Copyright Infringement:</u>

a.  For a preliminary and permanent injunction against Defendants and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell BR2049 or protectible elements thereof in connection with Tesla or Musk, or making derivative works thereof for such purposes.

b.  As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Presentation Slide 2 Image and underlying materials used in violation of Plaintiff's copyrights—including digital copies or any other means by which they could be used again by the Defendants without Plaintiff's authorization—as well as all related records and documents.

c.  For actual damages and all profits that Defendants derived from the unauthorized use of BR2049 or, where applicable and at Plaintiff's election, statutory damages.

COMPLAINT

WB_0001064

d.  For an award of attorneys' fees.

e.  For an award of pre-judgment interest as allowed by law.

f.  For costs of suit.

g.  For such further relief as the Court deems just and proper.

4.  <u>On the Fourth Claim for Relief (False Endorsement in Violation of 15 U.S.C.</u>
<u>§ 1125(a)(1)(A))</u>

1.  For injunctive relief, including without limitation for an order mandating
    that Defendants cease any further promotional or advertising use of
    BR2049; that Defendants place a corrective notice or disclaimer on the
    event live feed and all copies thereof putting viewers on notice that the
    portions of the event referencing BR2049 false and misleading and that
    BR2049 and Alcon have no relationship or affiliation with Tesla, Musk or
    the cybercab product; and an order mandating that Defendants cease to
    distribute any further copies of the event livestream that contains the
    BR2049 references and Presentation Slide 2.

2.  For compensatory damages;

3.  Defendants' profits;

4.  Attorney fees;

5.  Costs of suit;

6.  Prejudgment Interest; and

7.  Such other and further relief as the Court may deem just and proper.

DATED: October 21, 2024          ANDERSON YEH PC
                                 Edward M. Anderson
                                 Regina Yeh

                                 Attorneys for Plaintiff
                                 ALCON ENTERTAINMENT, LLC

COMPLAINT

WB_0001065

1

**DEMAND FOR JURY TRIAL**

2      Pursuant to Fed. R. Civ. P. 38, on its claims against Defendants Tesla, Inc.

3   ("Tesla"), Elon Musk ("Musk"), and Warner Bros. Discovery, Inc. ("WBDI"),

4   Plaintiff Alcon Entertainment, LLC hereby demands a trial by jury of all matters

5   triable to a jury.

6

7   DATED: October 21, 2024          ANDERSON YEH PC
                                     Edward M. Anderson
8                                    Regina Yeh

9

10                                   _____
                                     Attorneys for Plaintiff
11                                   ALCON ENTERTAINMENT, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 1 -
DEMAND FOR JURY TRIAL

Case 25-10475-TMH Doc 914-4 Filed 10/06/25 Page 18 of 28

# EXHIBIT A

WB_0001067



# EXHIBIT B

WB_0001069



WB_0001070



WB_0001071

Case 2:24-cv-09093   Document 1-2   Filed 10/21/24   Page 49 of 7   Page ID #:47



WB_0001072



WB_0001073



WB_0001074



WB_0001075

# EXHIBIT C

WB_0001076



WB_0001077