# Exhibit 38

ANDERSON YEH PC
 Edward M. Anderson (STATE BAR NO. 198183)
edward@andersonyehlaw.com
 Regina Yeh (STATE BAR NO. 266019)
regina@andersonyehlaw.com
1055 E. Colorado Blvd. Ste 500
Pasadena, California  91106
Telephone: (626) 204-4092  Facsimile: (888) 744-0317

Attorneys for Plaintiff
ALCON ENTERTAINMENT, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| ALCON ENTERTAINMENT, LLC, a Delaware Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TESLA, INC., a Texas Corporation; ELON MUSK, an individual; WARNER BROS. DISCOVERY, INC., a Delaware Corporation;<br><br>Defendants. | CASE NO. 2:24-CV-09033-GW-RAO<br><br>**PLAINTIFF ALCON ENTERTAINMENT, LLC'S CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO (1) DEFENDANTS TESLA, INC.'S AND ELON MUSK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; AND (2) DEFENDANT WARNER BROS. DISCOVERY, INC.'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Hearing Date:  September 11, 2025<br>Time:  8:30 a.m.<br>Courtroom:  9D<br>Judicial Officer:  Hon. George H. Wu |

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001123

# <u>TABLE OF CONTENTS</u>

I.  I. INTRODUCTION ..................................................................................... 1

II.  II. UNDERLYING DISPUTE ................................................................... 1

III.  III. PROCEDURAL SUMMARY ............................................................ 1

IV.  IV. THE SAC SATISFIES RULE 8'S NOTICE PLEADING
     REQUIREMENT AND SHOULD NOT BE DISMISSED .................... 4

   A.  A. The Fundamental Question is Fair Notice to Defendants and
       the SAC Gives Defendants Fair Notice of Plaintiff's Claims ............ 4

   B.  B. The Skill Level and Sophistication of the Pleading Drafter
       Matters And That Does Not Necessarily Only Need to be a
       Negative Factor Here Against Plaintiff and Plaintiff's Counsel. ..... 7

   C.  C. Many of Defendants' Arguments Seek a Harsh Rule 8
       Dismissal For Technical Violations of Notice Pleading
       Requirements That Do Not Deprive Defendants of Fair Notice,
       and a Dismissal Based on Which Would Arguably Violate Rule
       8's "Substantial Justice" Directive. ........................................................ 9

   D.  D. Rule 12(b)(6) Considerations Are Relevant to the Rule 8 Analysis
       and Favor Plaintiff Here ..................................................................... 10

V.  V. DEFENDANTS' OTHER ARGUMENTS DO NOT SUPPORT
    A DISMISSAL FOR VIOLATION OF THE NOTICE
    PLEADING REQUIREMENTS OF RULE 8 ...................................... 13

VI.  VI. ......... EVEN IF THE COURT FINDS THAT THE SAC VIOLATES
     RULE 8's NOTICE PLEADING REQUIREMENT, DISMISSAL
     WITH PREJUDICE IS NOT WARRANTED ...................................... 14

VII.  CERTIFICATE OF COMPLIANCE .................................................... 21

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001124

1

# TABLE OF AUTHORITIES

2

3
<u>Cases</u>

4
*Anderson v. Intel Corp. Investment Policy Committee*, 137 F.4th 1015, 1020, 1025-
26 (9th Cir. May 22, 2025).............................................................................12

5
*Adobe Systems Inc. v. A&S Electronics, Inc.*, 153 F.Supp.3d 1136, 1142-43 (N.D.
Cal. 2015) ....................................................................................................20

6

7
*Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885 (5th Cir. 1957).......................8

*BMG Rts Mgmt. (US) LLC v. Joyy, Inc.*, 716 F.Supp.3d 835 (C.D. Cal. 2024)........14

8
*Burke v. Dowling*, 944 F.Supp. 1036, 1049 (E.D.N.Y. 1995)....................................7

9
*Chavers v. GMAC Mortgage, LLC*, 2:11-cv-01097-ODW (SSx), 2012 WL 777491
(C.D. Cal. 2012) ..........................................................................................19

10

11
*Coleman v. Standard Life Ins. Co.*, 288 F.Supp.2d 1116, 1120, n. 1 (E.D. Cal. 2003)
....................................................................................................................7

12
*Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023) .................17

13
*Dahl v. City of Huntingon Beach*, 84 F.3d 363, 366 (9th Cir. 1996) ........................15

14
*Dennis v. DeJong*, 867 F.Supp.2d 588, 619 (E.D. Pa. 2011) ......................................6

15
*Doe v. Lombardo*, 745 F.Supp.3d 1109, 1125 (D. Nev. 2024) ...................................6

16
*Don Copeland v. Energizer Holdings, Inc.*, 716 F.Supp.3d 749, 761-63 (N.D. Cal.
2024)...........................................................................................................10

17

18
*Dr. Seuss Enterprises, L.P. v. ComicMix LLC*, 983 F.3d 443 (9th Cir. 2020)..........19

19
*Earth Island Institute v. United States Forest Service*, 87 F.4th 1054, 1071-72 (2023)
....................................................................................................................13

20
*Election Integrity Project California, Inc. v. Weber*, 113 F.4th 1072, 1099-1100 (9th
Cir. 2024)....................................................................................................12

21

22
*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ..............................................................8

23
*Foman v. Davis*, 371 U.S. 178, 182 (1962) ..............................................................15

24
*Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) .......................5

25
*Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1430 (1990)
....................................................................................................................15

26

27
*Hann v. Int'l Brotherhood of Magicians IBM*, 22-866 JGB (SHKx), 2023 WL
5504963 (C.D. Cal. 2023)............................................................................15

28
*Harrell v. Board of Trustees of California State University*, 710 F.Supp.3d 742, 745

iii

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

(N.D. Cal. 2024) ...................................................................................8, 15

*Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (1985) ................................16

*Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1127 (9th Cir. 2008).....4, 5, 14, 15

*In re Catanella and E.F. Hutton and Co., Inc. Securities Litig.*, 583 F.Supp. 1388, 1401 (E.D. Pa. 1984) ..........................................................................9

*In re Cloudera, Inc.*, 121 F.4th 1180, 1189-90 (9th Cir. 2024)................................12

*In re Global Crossing, Ltd. Securities Litig.*, 313 F.Supp.2d 189, 211-213 (S.D.N.Y. 2003)............................................................................................6

*In re Intuitive Surgical Securities Litig.*, 65 F.3d 821, 831 (N.D. Cal. 2014)............6

*In re Oldapco, Inc.*, 622 B.R. 140, 147-148 (USBC D. Del. 2020) ...........................6

*J.S.H. v. Newton*, 654 F.Supp.3d 7, 15 (D. Mass. 2023) ...............................6

*Jack Daniel's Properties, Inc. v. VIP Products LLC*, 599 U.S. 140 (2023) .............20

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018)..........11

*Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013)...........................................17

*Lee v. City of Los Angeles*, 250 F.3d 668, 688 (2001). ...............................11

*Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118 (2014).................18

*M.K. v. Tenet*, 216 F.R.D. 133 (D.D.C. 2002)......................................7

*McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) ...............................5, 14, 16

*Molsbergen v. U.S.*, 757 F.2d 1016, 1019 (9th Cir. 1985) ...........................7

*Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981) .............5, 16

*Nextel of New York, Inc. v. City of Mount Vernon*, 361 F.Supp.2d 336, 339 (S.D.N.Y. 2005)..........................................................................................9

*Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ...........................14

*Pirani v. Netflix, Inc.*, 710 F.Supp.3d 756, 766 (N.D. Cal. 2024)...........................11

*Puente Arizona v. Arpaio*, 76 F.Supp.3d 833, 869 (D. Az. 2015)...........................9

*Robinson v. Binello*, 771 F.Supp.3d 1114, 1122-23, 1125-26 (N.D. Cal. March 14, 2025)..........................................................................................20

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)...............................9

*Spencer v. Barajas*, 140 F.4th 1061, 1066 (9th Cir. June 6, 2025) ...........................17

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001126

1    *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002)......................................9

2    *U.S. v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir. 2011)..............................11

3    *U.S. v. Nat'l Med. Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986) ........................15

4    *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004) ................................................5

5    *Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137 (9th Cir. June 23, 2025) ..........................20

6    *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ........13

7

8                                  <u>Statutes</u>

9    15 U.S.C. § 1125(a)(1)(A).........................................................................................2

10    Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) ................................17

11

12

13                                    <u>Rules</u>

14    Fed. R. Civ. P. Rule 8 ......................................................................................passim

15    Fed. R. Civ. P. 8(a)(2 ..................................................................................................4

     Fed. R. Civ. P. 8(d)(2) ..............................................................................................7

16    Fed. R. Civ. P. 8(e). ...................................................................................................9

17    Fed. R. Civ. P. 9 .........................................................................................................6

18    Fed. R. Civ. P. 11............................................................................................18, 19

19    Fed. R. Civ. P. 15(a) ..................................................................................................2

20    Fed. R. Civ. P. 12(f).............................................................................................9, 14

21

22

23

24

25

26

27

28

v

**PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC**

## I.    **INTRODUCTION**

Plaintiff Alcon Entertainment, LLC ("Plaintiff" or "Alcon") opposes the motions to dismiss Alcon's Second Amended Complaint ("SAC") filed respectively by (1) Defendants Tesla, Inc. ("Tesla") and Elon Musk ("Musk") ("M&T MTD"), and (2) Defendant Warner Bros. Discovery, Inc. ("WBDI") ("WBDI MTD").

## II.    **UNDERLYING DISPUTE**

Alcon is a motion picture producer and the producer of the motion picture "Blade Runner 2049" ("BR2049"), which is a sequel to the 1982 motion picture "Blade Runner" ("1982 Picture"). Alcon claims exclusive copyright rights in BR2049 and Lanham Act rights in certain associated elements. Alcon also claims broad exclusive copyright rights in derivative works of the 1982 Picture, and non-exclusive Lanham Act rights in the word mark "Blade Runner." Alcon contends that Musk has a history of exploiting elements of both the 1982 Picture and BR2049 for Tesla marketing, and without any Alcon permissions. Alcon further contends that Defendants all partnered together for a Tesla product reveal event held on October 10, 2024 at WBDI's Burbank, California motion picture and television studio lot (the "Event"), and that in the course of the Event, Musk employed an artificial intelligence ("AI")-generated image in his keynote speech in a way that violated Alcon's rights in BR2049 under the United States Copyright Act and the Lanham Act (with the Lanham Act claims also including alleged violations of Alcon's rights in the "Blade Runner" word mark). Plaintiff further contends that WBDI had sufficient involvement that WBDI is also liable to Alcon under copyright law theories for infringement of Alcon's copyright rights in BR2049.

## III.    **PROCEDURAL SUMMARY**

Alcon filed its initial Complaint on October 21, 2024, alleging four claims for relief, with each claim alleged against all three Defendants: (1) direct copyright

---

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001128

infringement; (2) vicarious copyright infringement; (3) contributory copyright infringement; and (4) false endorsement in violation of 15 U.S.C. § 1125(a)(1)(A). [ECF 1.] (Declaration of Edward M. Anderson ["Anderson Decl."], ¶ 31.) Following an agreement on personal service of Musk and an accompanying long extension of time for Defendants to respond, on February 4, 2025, Defendants timely filed motions to dismiss Alcon's initial Complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim for relief. [ECF 22 and 23.] (Anderson Decl., ¶¶ 32-37.) Defendants did not raise any claimed violation of the notice pleading requirements of Fed. R. Civ. P. 8 ("Rule 8") as a ground to dismiss the initial Complaint. (Anderson Decl., ¶ 34.)

On February 13, 2025, Alcon responded to the motions by filing a First Amended Complaint ("FAC") by right pursuant to Fed. R. Civ. P. 15(a), [ECF 37], along with short oppositions to the motions. (Anderson Decl., ¶¶ 38-40.) The FAC narrowed the scope of the alleged wrongdoing by WBDI, but still alleged all four claims for relief against all three defendants, with the label of the fourth claim for relief adjusted to characterize the claim as one for "false affiliation and/or false endorsement" in violation of 15 U.S.C. § 1125(a)(1)(A). (Anderson Decl., ¶ 38.) The FAC made other changes relative to the FAC, notably including an extended introductory discussion of the storytelling power of motion pictures relative to photographs and why that matter to Plaintiff's claims for relief. (Anderson Decl., ¶¶ 39-40.)

Based on Alcon's filing of the FAC, the Court entered an order vacating Defendants' motions to dismiss the initial Complaint as moot. After a stipulated extension of time to respond, on March 6, 2025, Defendants filed motions to dismiss the FAC pursuant to Rule 12(b)(6) for failure to state a claim for relief, and also for violation of the notice pleading requirements of Rule 8. [ECF 48 and 49.] (Anderson Decl., ¶¶ 41-43.) After full briefing, the Court filed a minute order

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001129

1  attaching a tentative ruling on the motions on Friday, April 4, 2025 ("April 4, 2025
2  Tentative Ruling"), [ECF 61], and conducted an in-person hearing on April 7, 2025
3  allowing both sides substantial oral argument. (Anderson Decl., ¶ 43, Exhibit 1
4  [Reporter Transcript of April 7, 2025 Hearing].)  Shortly after the conclusion of the
5  hearing, the Court entered an Order granting Defendants' motions with leave to
6  amend, and also ordering the parties to mediation on an expedited schedule ("April
7  7, 2025 Order").  [ECF 62.]  (Anderson Decl., ¶ 43.)

8        The parties had a mediation session on April 24, 2025, at which session the
9  case did not resolve. (Anderson Decl., ¶ 44.)  However, the parties stayed in contact
10 with the mediator, and, at the parties' joint requests, allowed a total of ten (10)
11 weeks for Plaintiff to file an amended pleading, to facilitate settlement.  (Anderson
12 Decl., ¶¶ 44-45.)  Plaintiff's counsel worked diligently in parallel to investigate facts
13 to support and to draft and otherwise prepare Alcon's amended pleading.  (Anderson
14 Decl., ¶¶ 46-64, Exhibits 2 [Redline of SAC against FAC], 3 [model or marker
15 reference pleading 18-cv-02544 Third Amended Complaint], 4 [model or marker
16 reference pleading 20-cv-02416 First Amended Complaint].)  The case did not settle
17 and on June 16, 2025, Plaintiff timely filed its Second Amended Complaint
18 ("SAC").  [ECF 70.]  (Anderson Decl., ¶ 45.)

19       The SAC does not add any new defendants or claims for relief, drops the
20 Lanham Act claim against WBDI, and makes what Plaintiff's counsel characterizes
21 as a "hedged" drop of the vicarious copyright infringement claim against Musk and
22 Tesla.  (Anderson Decl., ¶¶ 65-66.)  The SAC makes further other extensive
23 amendments.  (Anderson Decl., ¶¶ 73a-q.)  Among other changes, it almost entirely
24 eliminated the introductory storytelling power discussion in the FAC and made
25 other changes to address Plaintiff's counsel's understanding of Rule 8 notice
26 pleading concerns which the Court had about the FAC.  (Anderson Decl., ¶¶ 73a-b.)
27 The FAC added new factual allegations to effect that, as of the time of Tesla and
28

---

3

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1   WBDI's dealmaking for the Event, Musk was a known risk to infringe Alcon's

2   rights in BR2049 as part of his non-traditional marketing strategies for Tesla

3   products, with the allegations supported by exhibits showing various social media

4   communications from or responding to Musk and some press articles recognizing

5   Musk as having associated Tesla's 2019 cybertruck with BR2049.  (Anderson Decl.,

6   ¶¶ 73l.)  The FAC also includes an extensive allegations on information and belief,

7   with extensive supporting facts of plausibility, regarding WBDI's contractual right

8   and actual ability to police Musk's conduct in the Event.  (Anderson Decl., ¶ 73o.)

9          After an agreed extension of time to respond, on June 30, 2025, Defendants

10  timely filed the present motions to dismiss the SAC with prejudice, as, essentially, a

11  terminating sanction, for claimed violations of the notice pleading requirements of

12  Rule 8.  (Anderson Decl., ¶¶ 74-80.)  The motions rely heavily on a February 26,

13  2020 Order by Judge Cormac J. Carney in a case from several years prior, in order

14  Judge Carney dismissed an Alcon pleading drafted by the same Plaintiff's counsel

15  representing Alcon in this action, for violation of the notice pleading requirements

16  of Rule 8, with leave to amend.  ("February 26, 2020 19-cv-00245 Rule 8 Dismissal

17  Order").  Plaintiff's counsel's declaration discusses what happened in that case.

18  (Anderson Decl., ¶¶ 15-30.)

19      **IV.    THE SAC SATISFIES RULE 8'S NOTICE PLEADING**

20              **REQUIREMENT AND SHOULD NOT BE DISMISSED**

21      **A. The Fundamental Question is Fair Notice to Defendants and the SAC**

22          **Gives Defendants Fair Notice of Plaintiff's Claims.**

23          "It is the right and duty of a plaintiff initiating a case to file a 'short and plain

24  statement of the claim.'"  *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124,

25  1127 (9th Cir. 2008), citing Rule 8(a)(2).  Rule 41(b) of the Federal Rules of Civil

26  Procedure authorizes a district court to dismiss a complaint with prejudice for failure

27  to comply with Rule 8(a).  *Id.* at 1129, citing *Nevijel v. North Coast Life Ins. Co.*,

28

4

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1 | 651 F.2d 671, 673 (9th Cir. 1981).  That remedy, however, is extremely harsh and
2 | may only be applied in truly extreme circumstances not present here.

3 |      A complaint may not be dismissed for violating the notice pleading
4 | requirement of Rule 8, even with leave to amend, just because the complaint is
5 | excessively long, even if it is too long because it contains excessively detailed
6 | factual allegations.  *Hearns*, 530 F.3d at 1127, 1131-33 (holding that district court's
7 | Rule 8 original dismissal of plaintiff's initial 81-page complaint with leave to amend
8 | and Rule 8 dismissal with prejudice of plaintiff's 68-page amended complaint were
9 | both improper dismissals).  *See also Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir.
10 | 2004) (district court erred in dismissing complaint that was long, but not "so
11 | confused, ambiguous, vague or otherwise unintelligible that its true substance, if any
12 | is well disguised"); *Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.
13 | 2003) ("Some complaints are windy but understandable.  Surplusage can and should
14 | be ignored.")

15 |     In *Hearns*, in reversing both of the district court's Rule 8 dismissals, the
16 | Ninth Circuit court looked beyond the length of the complaints and admittedly
17 | excessive details, finding that the complaints satisfied the much more important
18 | issue of whether they gave adequate notice to the defendants to make pleading
19 | responses:

> [T]he complaint at issue here was not "replete with redundancy
> and largely irrelevant." [citing *McHenry v. Renne*, 84 F.3d
> 1172, 1177 (9th Cir. 1996).]  It set out more factual detail than
> necessary, but the overview was relevant to Plaintiff's causes of
> action for employment discrimination.  Nor was it "confusing
> and conclusory." [citing *Nevijel*, 651 F.2d at 674.]  The
> complaint is logically organized, divided into a description of
> the parties, a chronological factual background, and
> presentation of enumerated legal claims, each of which lists the
> liable Defendants and legal basis therefor.  The FAC and the
> original complaint contain excessive detail, but are intelligible
> and clearly delineate the claims and the Defendants against

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001132

1      whom the claims are made. [Reference to dissent omitted.]
2      Here, the Defendants should have no difficulty in responding to
3      the claims with an answer and/or with a Rule 12(b)(6) motion
    to dismiss.

4  *Hearns*, 530 F.3d at 1132.

5      *See also In re Intuitive Surgical Securities Litig.*, 65 F.3d 821, 831 (N.D. Cal.
6  2014) (complaint that was "indisputably cumbersome, surpassing one hundred pages
7  in length," including thirty pages of recitation of "boilerplate corporate statements
8  made by Defendants" nonetheless satisfied Rule 8 notice pleading requirements
9  even under Fed. R. Civ. P. 9 heightened scrutiny standard, because "[p]laintiff here
10 has precisely detailed each problematic statement, alleged that each statement is
11 false and misleading, and alleged the reasons as to why each statement was false and
12 misleading."); *In re Global Crossing, Ltd. Securities Litig.*, 313 F.Supp.2d 189, 211-
13 213 (S.D.N.Y. 2003) (326 page, 824 paragraph complaint did not violate Rule 8
14 notice pleading requirement); *Doe v. Lombardo*, 745 F.Supp.3d 1109, 1125 (D. Nev.
15 2024) (observing that "dismissal under Rule 8 – particularly without leave to amend
16 – is disfavored absent egregiously long or confusing pleadings" and declining to
17 dismiss complaint even though the court agreed that the Complaint was "broad and
18 admittedly meandering" and "some of the background included in the Complaint
19 may be distracting or of peripheral relevance", and over defendants' contentions that
20 complaint was "filed by attorneys with nefarious motives, which serve no purpose
21 but to sully [defendant's] name."); *J.S.H. v. Newton*, 654 F.Supp.3d 7, 15 (D. Mass.
22 2023) (declining to make Rule 8 dismissal of long complaint); *Dennis v. DeJong*,
23 867 F.Supp.2d 588, 619 (E.D. Pa. 2011) (166 page, 676 paragraph complaint did not
24 violate Rule 8); *In re Oldapco, Inc.*, 622 B.R. 140, 147-148 (USBC D. Del. 2020)
25 (bankruptcy court judge declined to dismiss complaint with over 300 paragraphs of
26 allegations for violation of Rule 8's notice pleading requirements, where the
27 complaint was lengthy but did not disguise the substance of its claims, and the facts

6

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1   were complex); *M.K. v. Tenet*, 216 F.R.D. 133 (D.D.C. 2002) (proposed amended

2   complaint satisfied notice pleading requirement of Rule 8, even though amended

3   complaint was 219 pages long, which was 175 pages longer than original defective

4   complaint); *Burke v. Dowling*, 944 F.Supp. 1036, 1049 (E.D.N.Y. 1995) (115 page,

5   231 paragraph complaint did not violate notice pleading requirements of Rule 8).

6        Plaintiff's counsel worked very diligently on preparation of the SAC,

7   including both to try to satisfy the Court's concerns as Plaintiff's counsel understood

8   the April 4, 2025 Tentative Ruling, and so the SAC would be clear as to what claims

9   it was making against Defendants and why, including using markers or guides from

10  pleadings in other cases that Plaintiff's counsel know worked or that Plaintiff's

11  counsel otherwise trusts as to quality.  (Anderson Decl., ¶¶ 47-73, 73a-q, Exhibits 3

12  and 4.)  On clarity of notice, it appears from the motions that Defendants take

13  particular umbrage at the SAC's use of alternative pleading theories.  Alternative

14  pleading theories are expressly allowed by Rule 8, and even arguably a favored

15  pleading tool to allow a plaintiff to bring claims where the plaintiff is lacking

16  knowledge of important facts.  *See* Rule 8(d)(2) and (3); *Molsbergen v. U.S.*, 757

17  F.2d 1016, 1019 (9th Cir. 1985); *Coleman v. Standard Life Ins. Co.*, 288 F.Supp.2d

18  1116, 1120, n. 1 (E.D. Cal. 2003).  Moreover, Plaintiff's counsel took care to plead

19  the alternative theories using techniques that Plaintiff's counsel knows have worked

20  in a much more complex matter than this one.  (Anderson Decl., ¶¶ 15-30, 63, 73k.)

21  **B. The Skill Level and Sophistication of the Pleading Drafter Matters**

22     **And That Does Not Necessarily Only Need to be a Negative Factor**

23     **Here Against Plaintiff and Plaintiff's Counsel.**

24        In considering whether a pleading satisfies the notice pleading requirements

25  of Rule 8, "[p]ro se complaints are 'to be liberally construed,' and 'however

26  inartfully pleaded, must be held to less stringent standards than formal pleadings

27  drafted by lawyers.'"  *Harrell v. Board of Trustees of California State University*,

28

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001134

1   710 F.Supp.3d 742, 745 (N.D. Cal. 2024), citing *Erickson v. Pardus*, 551 U.S. 89,

2   94 (2007).  It is relatively easy to find statements like this in Rule 8 jurisprudence

3   that go to the higher strictures placed on attorneys versus *pro se* litigants – what one

4   might call the Rule 8 downside of being recognized as a pleading draft with

5   sophistication.  However, there is at least some authority for the idea that a district

6   court should perhaps also consider, in a potentially positive way, that a skilled

7   attorney might, for example, have thought a lot about their client's case, and have a

8   legitimate plan for how what appears to be an unduly complex pleading will in fact

9   facilitate getting the client's claim before the Court in a way that will work.  *See,*

10  *e.g., Atwood v. Humble Oil & Refining Co.*, 243 F.2d 885, 888-889 (5th Cir. 1957)

11  (reversing district court dismissal of plaintiff's long, facially complex complaint for

12  violation of notice pleading requirements of Rule 8).

13      Plaintiff's counsel respectfully submits that the Court perhaps is at least

14  allowed to consider that they do have some record of navigating novel cases through

15  the pleading stage in this courtroom with efficiency, using complaints that have

16  many of the traits that Defendants are complaining about here with the SAC.

17  (Anderson Decl., ¶¶ 53-62, Exhibit 3.)

18      Even with respect to the 19-cv-00245 case, a single order from which

19  Defendants rely on heavily, while that Rule 8 dismissal with leave to amend order

20  from Judge Carney is indeed something that happened, and it certainly makes clear

21  that this Plaintiff's counsel is capable of mistakes in the Rule 8 area, Plaintiff and

22  Plaintiff's counsel respectfully submit that what happened in the rest of the 19-cv-

23  00245 case, including how Plaintiff's counsel responded to Judge Carney's Rule 8

24  dismissal, and how Plaintiff's counsel interacted with the adversaries and effected

25  resolution of the case, is arguably more important.  (Anderson Decl., ¶¶ 15-30.)

26  ///

27  ///

28

8

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

**C. Many of Defendants' Arguments Seek a Harsh Rule 8 Dismissal For Technical Violations of Notice Pleading Requirements That Do Not Deprive Defendants of Fair Notice, and a Dismissal Based on Which Would Arguably Violate Rule 8's "Substantial Justice" Directive.**

There is no case of which Plaintiff's counsel is aware requiring that complaints must necessarily be in strict compliance with every particular individual rule or principle that Rule 8 jurisprudence might frown upon, and Defendants cite to no such case. Rule 8 itself dictates that "pleadings must be construed so as to do justice." Rule 8(e). The Rule 8 notice pleading standard is forgiving, not strict. *See, e.g., Nextel of New York, Inc. v. City of Mount Vernon*, 361 F.Supp.2d 336, 339 (S.D.N.Y. 2005) (Decline to dismiss 68 page, 373 paragraph complaint and observing that "Rule 8 is extremely permissive. ... Dismissal pursuant to the rule 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well-disguised."), citing *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512-13 (2002) and quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). There is no Rule 8 doctrine, or even Rule 12(f) doctrine, that complaints have to be perfect, in drafting style, or concision, either. *In re Catanella and E.F. Hutton and Co., Inc. Securities Litig.*, 583 F.Supp. 1388, 1401 (E.D. Pa. 1984) ("[Defendants'] argument misperceives the purpose of Rule 8. Striking complaints that fall short of perfection is the very practice which the Federal Rules sought to end. All that is required is a sufficient *factual* basis to place defendants on notice and allow them to frame a response.") (Emphasis in original); *see also Puente Arizona v. Arpaio*, 76 F.Supp.3d 833, 869 (D. Az. 2015) ("Defendants argue that dozens of paragraphs from the complaint are infirm for a variety of reasons. They argue that specified paragraphs contain argumentative and inflammatory allegations, immaterial and impertinent legislative history, vague and confusing statements as well as other problems. Defendants

9

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1 | essentially invite the Court to place the complaint under a microscope and assess
2 | whether each statement is pertinent to this case.  The Court declines the
3 | invitation."), *partially reversed and partially vacated on other grounds*, 821 F.3d
4 | 1098 (9th Cir. 2016).

5 |     Plaintiff and Plaintiff's counsel respectfully submit that many of the issues
6 | that Defendants are raising in their motions are of this nature, and would have been
7 | better addressed and resolved by, for example, more robust L.R. 7-3 practice, a tool
8 | which Defendants and their counsel perhaps have under-utilized in the case relative
9 | to what could be done.  (Anderson Decl., ¶¶ 26-28, 34-37, 41-42, 62, 74-78.)

10 |     **D. Rule 12(b)(6) Considerations Are Relevant to the Rule 8 Analysis and**
11 |         **Favor Plaintiff Here.**

12 |     It is appropriate for the Court to consider Rule 12(b)(6) principles in the
13 | analysis of whether the complaint satisfies Rule 8's notice pleading requirement.
14 | *See, e.g., Don Copeland v. Energizer Holdings, Inc.*, 716 F.Supp.3d 749, 761-63
15 | (N.D. Cal. 2024) (consideration of whether complaint satisfied notice requirements
16 | of Rule 8 depended on substantive elements and pleading standards of Antitrust
17 | claim).  Rule 12(b)(6) practice rules and how Defendants chose to handle them
18 | earlier in the case also seem relevant to some of the protests that Defendants are
19 | making about the SAC, including about its prolixity, the number and nature of the
20 | new factual allegations regarding Musk and the 2019 cybertruck reveal, and about
21 | the SAC's information and belief pleading about WBDI's right and ability to police
22 | Musk during the Event.  Plaintiff respectfully submits that by their own unnecessary
23 | Rule 12(b)(6) choices, they created a situation where they might reasonably have
24 | expected some of this to happen, if Plaintiff and Plaintiff's counsel were doing their
25 | diligence duties to move the case forward at the pleading stage, as explained below.

26 |     The focus of Rule 12(b)(6) analysis "is the complaint," and, generally, the
27 | court "may not consider any material beyond the pleadings in ruling on a Rule
28 |

10

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1   12(b)(6) motion" without treating the motion pursuant to Fed. R. Civ. P. 56

2   (summary judgment).  *U.S. v. Corinthian Colleges*, 655 F.3d 984, 991 (9th Cir.

3   2011); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (2001).  The court may

4   consider external material proffered by the movant, pursuant to three exceptions: 1)

5   exhibits to the complaint; 2) documents referenced by the complaint, upon which it

6   "necessarily relies," and the authenticity of which are undisputed; and 3) matters

7   properly subject to judicial notice.  *Corinthian Colleges*, 655 F.3d at 991, 998-999;

8   *Lee*, 250 F.3d at 688.  The Ninth Circuit recognizes that defendants sometimes

9   abuse these exceptions to try to "hijack" a plaintiff's complaint by attempting to

10  exploit the exception procedures improperly to present their own version of the facts

11  too early, at the pleadings stage.  *See, e.g.*, *Pirani v. Netflix, Inc.*, 710 F.Supp.3d

12  756, 766 (N.D. Cal. 2024), citing and discussing *Khoja v. Orexigen Therapeutics,*

13  *Inc.*, 899 F.3d 988, 998-99 (9th Cir. 2018).

14         Thus, if, as happened here, a defendant or set of defendants proffers extrinsic

15  evidence (*e.g.*, a document that the plaintiff has never seen before) in support of a

16  Rule 12(b)(6) challenge to a plaintiff's pleading, (Anderson Decl., ¶¶ 35-37), it is

17  proper for the Court not to consider it on *that* pleading challenge.  The rules

18  arguably change some, however, if the initial Rule 12(b)(6) challenge results in a

19  dismissal with leave to amend, and there is a subsequent pleading challenge to the

20  resulting amended pleading, especially if the extrinsic evidence that the defendant(s)

21  had previously proffered arguably has information that the plaintiff could have used

22  to address a pleading deficiency that was a reason identified by the court for the

23  prior dismissal.

24         Once a court has given a plaintiff some guidance on a missing factual

25  deficiency, if there is a source of information which the court knows that the

26  plaintiff has available to it and that could have helped fill the identified information

27  gap in the prior pleading, and the plaintiff fails to at least try to understand and plead

28

11

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1    about the known available information in the amended pleading, the court is allowed

2    to hold that failure to try to use the available information against the plaintiff in

3    considering the amended pleading. *See, e.g., Anderson v. Intel Corp. Investment*

4    *Policy Committee*, 137 F.4th 1015, 1020, 1025-26 (9th Cir. May 22, 2025) (district

5    court's dismissal without leave to amend of plaintiff's breach of fiduciary duty case

6    against ERISA administrator was proper where plaintiff did not actually know

7    missing information to fill information gap identified by district court on prior

8    dismissal with leave to amend, but could have used administrator's plan disclosures

9    to participants to try to fill the information gap for the amended pleading, but did not

10   do so).  Thus, once a defendant or set of defendants voluntarily elects to provide a

11   plaintiff with information before discovery, and where the case is still in the

12   pleading stage, the defendants have arguably self-ignited potentially intensive

13   informal discovery efforts that the plaintiff has to try to attempt.

14        The same Rule 12(b)(6) diligence principles also arguably dictate that a

15   plaintiff should be given greater leeway under Rule 8 notice pleading requirements

16   in an amended pleading to plead more facts rather than fewer facts, on issues where

17   the Court has identified information gaps the plaintiff needs to try to cure on

18   amendment, and where Defendants have put some incomplete information about to

19   Plaintiff.  That is because the Court's identification of the gap, combined with the

20   flashing light of the partial information and what might be done with it, arguably

21   raises the specificity bar on the plaintiff for the amended pleading. *See In re*

22   *Cloudera, Inc.*, 121 F.4th 1180, 1189-90 (9th Cir. 2024) (where a court identifies

23   factual pleading gaps on a dismissal with leave to amend, plaintiff has a duty to try

24   to put forward the identified missing facts with specificity in amended pleading);

25   *Election Integrity Project California, Inc. v. Weber*, 113 F.4th 1072, 1099-1100 (9th

26   Cir. 2024) (failure to come forward with available facts or legal theories to cure

27   pleading deficiencies after being granted leave to amend, or to explain why such

28

---

12

**PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC**

1   acts or legal theories were unavailable can warrant dismissal without further leave to

2   amend); *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir.

3   2009) (same principal).

4        Plaintiff and Plaintiff's counsel were mindful of these principals in

5   investigating, preparing, and crafting the SAC, and it is also this Plaintiff's

6   counsel's usual practice to try hard to bring forward all factual allegations that might

7   seem relevant sooner rather than later, so that the case can advance out of the

8   pleading stage more efficiently and expeditiously, even if looks like Plaintiff's

9   counsel's client might lose at the pleading stage on key issues, or even on the entire

10   case. (Anderson Decl., ¶¶ 46-47, 59-60, 67-72.)

11   **V.     DEFENDANTS' OTHER ARGUMENTS DO NOT SUPPORT A**

12   **DISMISSAL FOR VIOLATION OF THE NOTICE PLEADING**

13   **REQUIREMENTS OF RULE 8**

14        Defendants cite *Earth Island Institute v. United States Forest Service*, 87 F.4th

15   1054, 1071-72 (2023), apparently in support an argument that, since the SAC

16   contains two references to statements by Musk that occurred after the filing of the

17   action, that the SAC is improperly trying to hold Musk or Tesla liable for conduct

18   beyond what the action has to date has properly given him notice could be at issue.

19   Plaintiff agrees that, absent ongoing or continuing conduct, none of the Defendants

20   can be held liable for conduct that occurred after the initial filing of the action (after

21   October 21, 2024) without Plaintiff seeking leave to supplement its pleadings

22   (which is the proper procedure to add claims about post-filing conduct).  However,

23   that does not mean that statements or conduct by Musk that occurred post-filing

24   cannot be alleged in the SAC to support Plaintiff's plausibility arguments about

25   Musk's tendencies and intentions for things he did pre-filing, which is the purpose

26   of the referenced allegations in the SAC.  The post-filing statements might not be

27   admissible at trial without leave to supplement, for example.  Juries do not

28

13

**PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC**

WB_0001140

1    determine plausibility satisfaction for pleadings, though; that is strictly a judicial
2    function.  Information provided or considered by the Court for purposes of whether
3    Plaintiff's allegations are plausible does not need to rise to the level of admissible
4    evidence at all, and indeed can be based on such amorphous information as the
5    Court's common sense.

6    **VI.   EVEN IF THE COURT FINDS THAT THE SAC VIOLATES**
7          **RULE 8's NOTICE PLEADING REQUIREMENT, DISMISSAL**
8          **WITH PREJUDICE IS NOT WARRANTED**

9          Even where a district court finds a complaint has Rule 8 issues, before
10   entering what is essentially a terminating sanctions order dismissing the complaint
11   with prejudice, the district court " 'should first consider less drastic alternatives.' "
12   *Hearns*, 530 F.3d at 1132, quoting *McHenry*, 84 F.3d at 1178.  Among many other
13   tools less drastic than dismissal with prejudice, both defendants and the Court have
14   available the more surgical tool of Fed. R. Civ. P. 12(f) ("Rule 12(f)"), providing
15   that a court may, on its own or on a motion by a party, strike a pleading for
16   including "redundant, immaterial, impertinent, or scandalous matter.")  *See, e.g.,*
17   *Lombardo*, 745 F.Supp.3d at 1125-26.  The Court can also address perceived Rule 8
18   issues by entering an order relieving defendants from answering particular
19   allegations in a complaint.  *Hearns*, 530 F.3d at 1132.  District courts also have the
20   power to dismiss claims *sua sponte* under Rule 12(b)(6) for failure to state a claim
21   for relief, *see, e.g., BMG Rts Mgmt. (US) LLC v. Joyy, Inc.*, 716 F.Supp.3d 835
22   (C.D. Cal. 2024), citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir.
23   1987), to the extent such a type of concern might be part of the perception of a Rule
24   8 violation (although, as discussed above, the notice pleading requirement
25   satisfaction issue and whether a pleading states a claim to survive Rule 12(b)(6)
26   challenge are distinct issues).
27
28
                                              14
          PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
     AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001141

1    In considering the appropriate remedy if the district court perceives a Rule 8

2 violation, the district court should consider multiple factors. They include "whether

3 'public policy strongly favor[s] resolution of this dispute on the merits." *Hearns*,

4 530 F.3d at 1132, quoting *Dahl v. City of Huntingon Beach*, 84 F.3d 363, 366 (9th

5 Cir. 1996). "The court should also consider whether 'dismissal [would] severely

6 penalize[] plaintiffs … for their counsels' bad behavior.'" *Hearns*, 530 F.3d at

7 1132, quoting *Dahl*, 84 F.3d at 366.

8    As the Ninth Circuit cautioned in *Hearns*, because a dismissal with prejudice

9 for violating Rule 8 is a measure essentially equivalent to a terminating sanction for

10 bad behavior rather than a resolution of the case on the merits, even if there is

11 evidence that the litigant and not the counsel is responsible, " '[t]he sanction of

12 dismissal should be imposed only if the deceptive conduct is willful, in bad faith, or

13 relates to the matters in controversy in such a way as to interfere with the rightful

14 decision of the case.'" 530 F.3d at 1132, quoting *United States v. Nat'l Med.

15 *Enters., Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). *See also Hamilton Copper & Steel

16 *Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1430 (1990) (noting that even in light

17 of party's misconduct, district court should generally consider alternatives to

18 dismissal with prejudice). Litigation conduct attributable to the plaintiff or

19 plaintiff's counsel which the Court may consider include undue delay, bad faith or

20 dilatory motive, repeated failure to cure deficiencies by prior amendments, undue

21 prejudice to the opposing party, and futility of amendment. *See, e.g., Harrell*, 710

22 F.Supp.3d at 746, citing *Foman v. Davis*, 371 U.S. 178, 182 (1962).

23    Defendants' proffered authorities do not teach differently, and, indeed, when

24 examined, tend to re-affirm the above principles. In *Hann v. Int'l Brotherhood of

25 *Magicians IBM*, 22-866 JGB (SHKx), 2023 WL 5504963 (C.D. Cal. 2023), the *pro

26 *se* plaintiff was a convicted sex offender, with the offense involving minors. *Id.* at

27 *3 and *4. His entire case was premised on his plainly false denial that he was such.

28

15

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001142

*Id.* at \*4. His pleadings went on "lengthy tangents about [the defendant Magician organizations that he was upset about being kicked out of for being a sex offender] welcoming unsavory characters such as 'terrorists,' 'treasonists,' and 'drug lords' in their ranks and comparing himself to martyrs like Jesus, Socrates and Joan of Arc." Id. at \*6. He repeatedly failed to file papers in the case in a timely manner. *Id.* at \*5. The district court had to continue scheduling conferences in the case, apparently due to plaintiff's improper conduct, at least five times. *Id.* at \*2.

Many or all of Defendants' other cases where there was a Rule 8 dismissal with prejudice have similar types of problematic conduct by litigant or litigant's counsel, well beyond merely the form of the pleading. *See, e.g., Nevijel*, 651 F.2d at 674-675 (plaintiff's counsel had a history of bringing the same or similar arguably "tin foil hat"-level conspiracy claims across a range of jurisdictions, and then not responding for as long as 19 months to dismissal motions in some of the cases); *Hatch v. Reliance Ins. Co.*, 758 F.2d 409, 416 (1985) and *passim* (plaintiff's counsel repeatedly filed cases for claims that had already been decided to a res judicata level in prior matters, to the level of courts issuing contempt orders against him for the practice); *McHenry*, 84 F.3d at 1174 (complaint was part of a long history of plaintiff bringing litigation for wide-ranging, perhaps not fully sane, conspiracy theories against a large number of public officials in the City and County of San Francisco).

There is no evidence whatsoever of anything like that kind of conduct here by Plaintiff or Plaintiff's counsel, in this case, or indeed in any other. In considering the types of factors above, there are some circumstances where the Court may consider the conduct of the litigant and/or the litigant's counsel's "bad actor" or "futile" behavior in cases other than the case at issue before the Court. For example, where a set of related plaintiffs has tried unsuccessfully to bring the same or highly similar complaints against the same defendant across multiple jurisdictions, a court

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001143

1   may properly consider the totality of failed amendments across all jurisdictions, as if

2   it were all one case, for purposes of denying further leave to amend. *See, e.g.,*

3   *Coronavirus Reporter v. Apple, Inc.*, 85 F.4th 948, 958 (9th Cir. 2023) ("Plaintiffs-

4   Appellants were given a total of seven opportunities to amend similar complaints

5   across jurisdictions and between various permutations of plaintiffs, but still failed to

6   state their claims here adequately.  It is within the district court's discretion to

7   determine that an eighth opportunity would produce a similar result.")

8          Some classes of litigants are also subject to special, more restrictive rules that

9   require courts to consider their pleading conduct across all cases they have ever

10   brought, not only the particular case at hand.  One of the least forgiving examples is

11   the three-strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.

12   § 1915(g).  Under that provision, a prisoner loses the ability to proceed *in forma*

13   *pauperis* ("IFP") (which often means effectively losing the ability to litigate

14   altogether) if the prisoner, while detained or incarcerated (across their entire life),

15   ever reaches a total of three actions or appeals dismissed on the grounds that the

16   action or appeal was "frivolous, malicious, or fails to state a claim upon which relief

17   may be granted," subject to an exception allowing even a "three-strikes" prisoner

18   litigant to proceed IFP if said prisoner "is under imminent danger of serious physical

19   injury."  *Id.*  In other words, the PLRA "three strikes" standard is so strict that just

20   an ordinary Rule 12(b)(6) dismissal of a complaint *always* counts as a strike.

21   *Spencer v. Barajas*, 140 F.4th 1061, 1066 (9th Cir. June 6, 2025).  A prisoner can

22   also receive a "strike" for a dismissal of a complaint for violating the notice

23   pleading requirement of Rule 8, but under the reasoning of *Knapp v. Hogan*, 738

24   F.3d 1106, 1110 (9th Cir. 2013), the threshold for the Rule 8 dismissal becoming a

25   strike is if the prisoner is given leave to amend, but fails to do so, either at all, or

26   effectively.  *Id.* at 1110.  Under the reasoning of *Knapp*, a prisoner litigant who

27

28

---

17

1    experiences a Rule 8 dismissal with leave to amend, and then *does* effectively

2    amend, would not receive a strike for that cured Rule 8 dismissal under the PLRA.

3          Defendants, especially by their heavy reliance on the February 26, 2020 19-

4    cv-00245 Rule 8 Dismissal Order, are effectively arguing that Plaintiff's counsel

5    should be treated more harshly than a prisoner litigant under the PLRA: because

6    Plaintiff's counsel quickly and effectively cured the Rule 8 issues to Judge Carney's

7    almost immediate satisfaction in that case, the February 26, 2020 19-cv-00245 Rule

8    8 Dismissal Order would not even be a "strike" under the PLRA, if it applied.

9          Plaintiff's counsel's dialogue with the Court at the April 7, 2025 hearing to

10   the effect that Alcon feels it needs to pursue the case to achieve disassociation form

11   Musk, including for the sake of Alcon's reputation, is not any indication of bad

12   faith.  The standing test for Lanham Act claims is the "zone of interests" test of

13   *Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118 (2014).  *Lexmark*

14   standing can be satisfied by the plaintiff showing that the defendant's conduct

15   caused plaintiff "an injury to a commercial interest in *reputation* or sales." *Id.* at

16   131-32.  (Emphasis added.)  "Reputation injury" is enough. *Id.* at 133.  Thus, an

17   allegation or contention by a plaintiff that a perceived association with the defendant

18   is injuring the plaintiff's reputation, and that the plaintiff is pursuing a lawsuit for

19   the purpose of disassociating from the defendant is not only not improper in any

20   way, it is the type of concern that can create *Lexmark* standing.

21         That the SAC is advancing claims and legal theories which appear to be

22   legally challenging, or even which the Court may be strongly indicating it is not

23   likely to rule in Plaintiff's favor about, does not support a dismissal for violating the

24   notice pleading requirements of Rule 8.  Defendants contend or at least strongly

25   suggest that the SAC and Plaintiff and Plaintiff's counsel are violating Fed. R. Civ.

26   P. 11 ("Rule 11") by advancing claims that appear to be under legal pressure or even

27   unlikely to be persuasive to the Court here, citing for example, *Chavers v. GMAC*

28

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1 | *Mortgage, LLC*, 2:11-cv-01097-ODW (SSx), 2012 WL 777491 (C.D. Cal. 2012).

2 |       However, it is not improper at all under any rule, including Rule 11, for the

3 | SAC to advance such claims or theories, even if only for the legitimate purpose of

4 | reaching a dismissal with prejudice in an appealable form of order.  The Rule 11

5 | standard for what positions an attorney may advance is significantly broader than

6 | Defendants are understanding; the standard is that an attorney by presenting, for

7 | example, a pleading, is certifying to best of that attorney's knowledge, information,

8 | and belief, formed after a reasonable inquiry, that, *inter alia*, "(1) it is not being

9 | presented for any improper purpose, such as to harass or to cause unnecessary delay

10 | or needless increase in the cost of litigation;" and "(2) the claims, defenses, and

11 | other legal contentions therein are warranted by existing law or by a nonfrivolous

12 | argument for the extension, modification, or reversal of existing law or the

13 | establishment of new law."  Rule 11(b)(1) and (2).  Plaintiff's counsel here is

14 | experienced with bring novel claims and they no history of any Court sanctioning

15 | them for violating Rule 11 or anything else, with the exception of Plaintiff's lead

16 | counsel being sanctioned once for $3,000, which sanctions were vacated on appeal.

17 | (Anderson Decl., ¶¶ 2-10, 70-72, 73q.)

18 |       The more appropriate way for Defendants to finish out claims or legal

19 | theories which Defendants believe they are going to win, and that Defendants want

20 | to try to win at the pleading stage, is to make another Rule 12 motion.  Plaintiff will

21 | likely even facilitate that within reason, and make its own Rule 12 arguments in

22 | response.  For example, Defendants argue that *Dr. Seuss Enterprises, L.P. v.*

23 | *ComicMix LLC*, 983 F.3d 443 (9th Cir. 2020) supports that, at least in 2020, the

24 | Ninth Circuit believed that, at least on the facts of that case, a defendant could have

25 | engaged in expressive conduct that was copyright infringement of the plaintiff's

26 | work, but which same copyright infringing work was still protected by a *Rogers*

27 | defense from Lanham Act claims – and thus counters one argument which

28 |

19

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1  Plaintiff's counsel made during the April 7, 2025 hearing.  It is a case worth looking

2  at on the issue, but it does appear at least in significant doubt that the Ninth Circuit

3  would still rule the same way on the same facts in light of its recent opinion in *Yuga*

4  *Labs, Inc. v. Ripps*, 144 F.4th 1137 (9th Cir. June 23, 2025).  Moreover, as Plaintiff

5  made clear at the April 7, 2025 oral argument, Plaintiff contends that the Ninth

6  Circuit is not, or might not be, adopting the teachings of *Jack Daniel's Properties,*

7  *Inc. v. VIP Products LLC*, 599 U.S. 140 (2023) and how much it limits *Rogers*, as

8  fully as the United States Supreme Court might really intend.  It is not a violation of

9  any rule for Plaintiff to advance and preserve that argument in the SAC, even if the

10  Court here is perhaps not going to agree with it ultimately.

11       Musk and Tesla's contentions that Musk's intentions are not relevant to any

12  of Plaintiff's claims is without merit.  A plaintiff's allegations of defendant's

13  subjective intentions in using the plaintiff's marks is relevant on the issue of

14  nominative fair use alone, a defense which Musk and Tesla have expressly raised.

15  *See Yuga Labs*, 144 F.4th at 1164-1166; *see also, e.g., Adobe Systems Inc. v. A&S*

16  *Electronics, Inc.*, 153 F.Supp.3d 1136, 1142-43 (N.D. Cal. 2015) (finding plaintiff

17  sufficiently plead past nominative fair use defense by allegations that "[defendant's]

18  use of [plaintiff's] marks was not intended to describe [plaintiff's] product, but

19  rather to make it appear that the software was sanctioned by Adobe for sale and

20  distribution.")

21       As to WBDI's contentions or intimations to the effect that Plaintiff's counsel

22  is making frivolous arguments about direct and vicarious copyright infringement

23  theories, there are cases that seem to start to get pretty close to what it looks like

24  WBDI may have done here.  *See, e.g., Robinson v. Binello*, 771 F.Supp.3d 1114,

25  1122-23, 1125-26 (N.D. Cal. March 14, 2025) (plaintiff's complaint alleged

26  sufficient volitional conduct to state direct copyright infringement claim against

27  online gaming platform operator Roblox's moderation clearance work on infringing

28

20

PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

1  content presented by a game designer defendant was an intervening step in infringing
2  content going onto gaming platform, and stated valid vicarious copyright
3  infringement claim against Roblox even absent evidence of causal connection
4  between reason direct infringer used Roblox platform and direct infringement, where
5  Roblox received fees tied directly to the infringement).  In any event, Plaintiff and
6  Plaintiff's counsel are within the rules to try to make a colorable argument that, for
7  example, vicarious copyright infringement law should adjusted so that it does in fact
8  cover what happened here as among the Defendants with the Event.

9       The motions should be denied.  If the Court grants them or either of them, it
10  should be with leave to amend (and on amendment, Plaintiff requests leave to make
11  one specific small amendment to paragraph 193 of the SAC, Anderson Decl., ¶ 79.)
12  If the Court does find a violation at a level warranting dismissal with prejudice, the
13  Court should strongly consider the less drastic remedy of allowing Alcon to get new
14  counsel or chaperone counsel for current Plaintiff's counsel, who is the problem if
15  there is one, not Alcon as the client.  (Anderson Decl., ¶ 80.)

16

17  DATED: August 21, 2025          ANDERSON YEH PC
18                                  Edward M. Anderson
                                    Regina Yeh
19
20                                       /s/ Edward M. Anderson
                                    _____
                                    Attorneys for Plaintiff
21                                  ALCON ENTERTAINMENT, LLC
22
23           **CERTIFICATE OF COMPLIANCE**
24       The undersigned, counsel of record for Plaintiff Alcon Entertainment, LLC,
25  certifies that this brief contains 6,858 words, which complies with the word limit of
26  L.R. 11-6.1.
                                    /s/ Edward M. Anderson
27                                  _____
28                                       Edward M. Anderson

21
PLAINTIFF'S CONSOLIDATED MEMORANDUM OF POINTS AND
AUTHORITIES OPPOSING DEFENDANTS' MOTIONS TO DISMISS SAC

WB_0001148