**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al*.,[1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |
|  | **Re: D.I. 908, 909, 933** |

**WARNER BROS. ENTERTAINMENT INC.'S MOTION TO FILE**
**UNDER SEAL THE DECLARATION OF WAYNE M. SMITH IN SUPPORT OF**
**WARNER BROS. ENTERTAINMENT INC.'S INITIAL OMNIBUS OBJECTION AND**
**SUPPLEMENTAL OBJECTION TO (I) THE DEBTORS' MOTION FOR AN ORDER**
**APPROVING THE SALE OF THE DEBTORS' ASSETS AND (II) THE DEBTORS'**
**ASSUMPTION AND ASSIGNMENT OF CERTAIN WARNER BROS. AGREEMENTS**

Warner Bros. Entertainment Inc., and its affiliates (collectively, "Warner Bros.")

respectfully moves (this "Motion") as follows:

## I.    RELIEF REQUESTED

1.    Warner Bros. seeks entry of an order, substantially in the form attached

hereto as **Exhibit A** (the "Proposed Order"), authorizing the filing under seal of portions of the

*Declaration of Wayne M. Smith in Support of Warner Bros. Entertainment Inc.'s Initial Omnibus*

*Objection and Supplemental Objection to (I) the Debtors' Motion for an Order Approving the Sale*

*of the Debtors' Assets and (II) the Debtors' Assumption and Assignment of Certain Warner Bros.*

*Agreements* (the "Smith Declaration") [D.I. 933].

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

## II.    JURISDICTION AND VENUE

2.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Warner Bros. confirms its consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.  In doing so, however, Warner Bros. reserves all rights to seek arbitration of its claims.

4.    The bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), as supplemented by rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1.

## III.    RELEVANT BACKGROUND

5.    On March 17, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors") each filed a voluntary petition for relief under the title 11 of the Bankruptcy Code.

6.    On March 17, 2025, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Authorizing the Debtors' Entry Into the Stalking Horse APA and Approving Bid Protections Thereunder, (C)*

*Scheduling an Auction for, and Hearing to Approve, Sale of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, and (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Sale Motion") [D.I. 11].

7.    On April 16, 2025, the Debtors filed the *Debtors' Supplemental Motion for Entry of an Order (A) Approving (I) the Debtors' Designation of the New Stalking Horse Bidder for the Library Assets as Set Forth in the Stalking Horse Agreement, (II) the Debtors' Entry Into the Stalking Horse Agreement, and (III) the Bid Protections and (B) Granting Related Relief* (the "Stalking Horse Supplement") [D.I. 197].

8.    On April 24, 2025, the Court entered the *Amended Order (I) Approving Bid Procedures for the Sale of the Debtors' Assets, (II) Authorizing the Debtors' Entry Into the Stalking Horse APA and Approving Bid Protections Thereunder, (III) Scheduling an Auction for, and Hearing to Approving, Sale of the Debtors' Assets, (IV) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* (the "Bid Proc. Order")[2] [D.I. 276].

9.    On May 22, 2025, the Debtors filed the *Notice of Successful Bidder for Library Assets* [D.I. 396], designating Alcon Media Group, LLC ("Alcon"), the Stalking Horse Bidder, as the Successful Bidder for the Library Assets.

---

[2]    Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Sale Motion, or the Bid Proc. Order, as applicable.

10.     On May 28, 2025, the Debtors held the Auction, after which, on May 29, 2025, the Debtors selected (i) Alcon as the Successful Bidder for (a) the Derivative Rights, and (b) Studio Business, and (ii) Warner Bros. as the Back-Up Bidder for the Derivative Rights.  *See* D.I. 446.

11.     On June 13, 2025, Warner Bros. timely filed *Warner Bros. Entertainment Inc.'s Omnibus Objection to (I) the Debtors' Motion for an Order Approving the Sale of the Debtors' Assets, (II) the Debtors' Sale Supplement with Respect thereto and (III) the Debtors' Assumption and Assignment of Certain Warner Bros. Agreements* [D.I. 518], and the Debtors filed the *Notice of Adjournment of Sale Hearing With Respect to the Derivative Rights Only* [D.I. 511].

12.     On June 20, 2025, the Debtors filed the *Notice of Further Adjournment of Sale Hearing With Respect to the Derivative Rights Only* [D.I. 564].

13.     On July 16, 2025, the Court entered the *Order Approving Confidentiality Agreement and Stipulated Protective Order* [D.I. 643] (the "Protective Order").

14.     On September 2, 2025, the Court entered the *Agreed Scheduling Order for the Pending Contested Matter Regarding the Sale of the Debtors' Derivative Rights Assets* [D.I. 800] (the "Agreed Scheduling Order").

15.     On October 6, 2025, pursuant to the Agreed Scheduling Order, Warner Bros. filed *Warner Bros. Entertainment Inc.'s Supplemental Objection to (I) the Debtors' Motion for an Order Approving the Sale of the Debtors' Assets, and (II) the Debtors' Assumption and Assignment of Certain Warner Bros. Agreements* [D.I. 908], the *Supplemental Declaration of Wayne M. Smith in Support of Warner Bros. Entertainment Inc.'s Supplemental Objection to (I) the Debtors' Motion for an Order Approving the Sale of the Debtors' Assets, and (II) the Debtors' Assumption and Assignment of Certain Warner Bros. Agreements* [D.I. 909], and the *Appendix of*

4

*Warner Bros. Entertainment Inc. and its Affiliates to Warner Bros.' Supplemental Objection in Connection with the Derivative Rights Sale Hearing* [D.I. 910].

16.     Warner Bros. and the Debtors have been engaged in arbitration proceedings over the motion pictures *Wonka* and *Matrix IV* since 2022 (the latter of which is herein referred to as the "<u>Matrix Arbitration</u>").  Given the sensitive nature of the arbitrations, Warners Bros. and the Debtors are bound by confidentiality provisions barring the disclosure of certain information related to the ongoing Matrix Arbitration.  The Smith Declaration contains information that has been designated as confidential in the Matrix Arbitration.

17.     Warner Bros. has also contracted with third parties regarding certain film and/or distribution rights with third parties, including the Debtors. The Smith Declaration also (a) contains information that is (or Warner Bros. reasonably believes to be) designated as confidential under those agreements, or (b) otherwise contains commercially sensitive information.

18.     In addition, Warner Bros. has received and/or produced various documents in connection with discovery pursuant to the Protective Order and under the Agreed Scheduling Order. Because certain of those documents may be designated as Confidential, Highly Confidential and/or Attorney's Eye's Only, Warner Bros. seeks to file portions of the Smith Declaration referencing those materials under seal in accordance with the Protective Order.

19.     Overall, Warner Bros. files this Motion to maintain the confidentiality of its commercially sensitive information and to comply with its confidentiality obligations in the Matrix Arbitration, the Protective Order, and under its agreements with the Debtors and/or other third parties.  In particular, Warner Bros. seeks to seal (i) information designated as confidential in the Matrix Arbitration that is otherwise not public, (ii) information designated as Confidential, Highly Confidential, and/or Attorney's Eyes Only under the Protective Order in these cases, and (iii)

information that is or Warner Bros. reasonably believes to be confidential and/or commercially sensitive under Warner Bros.' agreements with the Debtors or other third-parties (collectively, the "Confidential Information").

## IV.   BASIS FOR RELIEF

20.     The Court may authorize Warner Bros. to file under seal the relevant portions of the Smith Declaration under section 107(b) of the Bankruptcy Code.  Section 107(b)(1) provides that "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . ." 11 U.S.C. § 107(b).  Local Rule 9018-1(d) additionally provides, in relevant part, that "[a]ny filer seeking to file a document […] under seal must file a motion requesting such relief . . . ." Del. Bankr. L.R. 9018-1(d)(i). In addition, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

21.     Section 107(b) of the Bankruptcy Code represents a departure from the common law rule regarding sealing; in contrast to that rule, section 107(b) does not require the entity seeking protection to demonstrate "good cause."  See *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994).  Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, a court is required to protect the requesting party and does not have discretion to deny the request.  *Id.* at 27 (holding that, once the court determines that a party is seeking protection of information that falls within the ambit of section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application").

22.     Thus, under section 107(b) of the Bankruptcy Code, a party need only show, for instance, that the information it wishes to protect is "'confidential' and 'commercial' in nature." *Id*. In granting motions to seal with respect to "commercial information," courts have defined this term as information that would, "if subject to disclosure, [would] 'unfairly benefit' that entity's competitors." *In re Altegrity, Inc*., 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015). Courts have held that disclosure of information that provides insight into an entity's "strategic decision making" could unfairly benefit its competitors and should be sealed. *See In re Dreier LLP*, 485 B.R. 821, 823 (Bankr. S.D.N.Y. 2013) (sealing excerpt of deposition transcript of hedge fund manager wherein he described how investments were made, finding that disclosure of this "strategic decision making" would provide an unfair advantage to competitors); *In re Am. Bus. Fin. Servs., Inc.*, 2008 WL 3906894, at *4 (Bankr. D. Del. Aug. 20, 2008) (sealing credit committee's analysis of credit applications because disclosure of such information could enable competitors to capitalize on the committee's knowledge and experience).

23.     Further, the Court has defined "commercial information" as "information which would result in 'an unfair advantage to competitors by providing them with information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp*., 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures*, 21 F.3d at 27–28). Commercial information does not need to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Orion Pictures*, 21 F.3d at 28. It need only be confidential and commercial in nature. *See id*. (noting that an interested party must show only that the information to be sealed is "confidential and commercial" in nature).

24.     The Confidential Information that Warner Bros. seeks to seal qualifies as confidential, commercial information. The Confidential Information includes information from

the parties' confidential Matrix Arbitration, which Warner Bros. seeks to keep under seal to abide by the terms of the Matrix Arbitration's confidentiality provisions as well as to prevent an unfair advantage to Warner Bros.' competitors and other parties in interest who may use the information to their advantage or Warner Bros.' detriment. Warner Bros. also seeks to seal information that Warner Bros. knows or reasonably believes to be designated as confidential under Warner Bros.' agreements with other third parties, including Alcon. Warner Bros. similarly seeks to seal information related to its confidential, commercial contracts with the Debtors to prevent an unfair advantage to Warner Bros.' competitors and other parties in interest, who may use the information to their advantage or Warner Bros.' detriment. Finally, certain Confidential Information that Warner Bros. seeks to seal through this Motion is subject to the Protective Order and is part and parcel to discovery between the parties in connection with the Derivative Rights sale hearing.

25.     Accordingly, due to the sensitive, confidential, and commercial nature of the Confidential Information contained in the Smith Declaration, Warner Bros. submits that cause exists for the Court to grant Warner Bros. leave to file under seal and redact portions of the Smith Declaration containing the Confidential Information.

26.     Warner Bros. will provide an unredacted version of the Smith Declaration to the Court pursuant to Local Rule 9018-1 and will provide an unredacted version of the Smith Declaration on a confidential, professionals' eyes only basis, to (a) the U.S. Trustee, (b) counsel to the Debtors, (c) counsel to the ABS Trustee, (d) counsel to the DIP Lenders, (e) counsel to the Official Committee of Unsecured Creditors, (f) counsel to Alcon, and (g) any other party that makes a request in accordance with the Proposed Order and Protective Order. In addition, consistent with Local Rule 9018-(d), a redacted version of the Smith Declaration will be separately filed on the Court's docket.

### V.    COMPLIANCE WITH LOCAL RULE 9018-1(d)(ii)

27.    To the best of the knowledge, information and belief of the undersigned counsel to Warner Bros., the Smith Declaration contains information that is subject to the confidentiality provisions of the Matrix Arbitration, Warner Bros.' agreements with certain of the Debtors and other third parties, and the Protective Order.  Counsel for Warner Bros. has not conferred with the Debtors nor any other third party regarding the relief sought in this Motion.  However, since Warner Bros.' proposed redactions are consistent with those made by Warner Bros. in other pleadings in this case, and the protocols set forth in the Protective Order, Warner Bros. submits that its need to confer with the Debtors or any other party regarding the scope of, and need for, redaction is obviated.  Counsel for Warner Bros. otherwise submits that the proposed redactions with respect to the Confidential Information are sufficiently narrow and have been made in accordance with the Matrix Arbitration confidentiality provisions and the confidentiality provisions otherwise set forth in the parties' agreements and the Protective Order.  Warner Bros. reserves all rights as to the relief requested in this Motion.

### VI.    NOTICE

28.    Notice of this Motion is being provided through the Court's CM/ECF electronic noticing system to all parties that have requested notice in these cases, including any party that requested service pursuant to Fed. R. Bankr. P. 2002.  Warner Bros. will also provide notice of this Motion by emailing a courtesy copy of the Motion to counsel for the Debtors, the Official Committee of Unsecured Creditors, the DIP Lenders, the ABS Trustee, Alcon, and the U.S. Trustee.

## VII.   <u>CONCLUSION</u>

WHEREFORE, Warner Bros. respectfully requests that this Court enter an order substantially in the form attached hereto as **<u>Exhibit A</u>**, (i) granting the relief requested in this Motion and, (ii) granting such further relief as the Court may deem necessary or proper.

*[Remainder of the page intentionally left blank]*

Dated: October 15, 2025
Wilmington, Delaware

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Casey B. Sawyer*
Curtis S. Miller (No. 4583)
Matthew B. Harvey (No. 5186)
Casey B. Sawyer (No. 7260)
1201 North Market Street, 16th Floor
Wilmington, DE 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
Email: cmiller@morrisnichols.com
      mharvey@morrisnichols.com
      csawyer@morrisnichols.com

*-and-*

**O'MELVENY & MYERS LLP**
Steve Warren (admitted *pro hac vice*)
400 South Hope Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 430-6000
Email: swarren@omm.com

Dan Petrocelli (admitted *pro hac vice*)
Matt Kline (admitted *pro hac vice*)
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067
Telephone: (310) 553-6700
Email: dpetrocelli@omm.com
      mkline@omm.com

Scott Drake (admitted *pro hac vice*)
Emma Jones (admitted *pro hac vice*)
2801 North Hardwood Street, Suite 1600
Dallas, Texas 75201
Telephone: (972) 360-1900
Email: sdrake@omm.com
      eljones@omm.com

*Counsel to Warner Bros. Entertainment Inc.*
*and its Affiliates*