**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*, [1] | ) Case No. 25-10475 (TMH) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date**: November 14, 2025, at 10:00 a.m. (ET) |
| | ) **Obj. Deadline**: November 3, 2025 at 4:00 p.m. (ET) |
| | ) |
| | ) |

**DEBTORS' MOTION FOR AN ORDER**
**AUTHORIZING THE FILING UNDER SEAL OF THE**
**DEBTORS' REPLY IN SUPPORT OF THE DERIVATIVE RIGHTS SALE**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")
respectfully state the following in support of this motion (this "Motion"): [2]

**RELIEF REQUESTED**

1.     By this Motion, the Debtors seek entry of an order, substantially in the form
attached hereto as **Exhibit A** (the "Proposed Order"): (i) authorizing the Debtors to redact and file
under seal certain confidential information contained in the *Debtors' Rely in Support of the
Derivative Rights Sale* [Docket No. 934 (sealed); Docket No. 946 (redacted)] (the "Reply"), filed
on October 15, 2025; and (ii) granting related relief.

---

[1]     The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are
0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd.,
Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being
jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their
federal tax identification is not provided herein.  A complete list of such information may be obtained on the
website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the
Sale Motion, the Bid Procedures Order, the Reply, or the First Day Declaration, as applicable.

## JURISDICTION AND VENUE

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases and legal predicates for the relief requested herein are in sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 9018-1(d).

## BACKGROUND

### I.      General

5.      On March 17, 2025, each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing their properties and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 27, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 103].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6.      Additional information about the Debtors, their business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Keith Maib in Support of First Day Relief* [Docket No. 2] (the "First Day Declaration"), which is incorporated herein by reference.

**II.      The Sale of the Derivative Rights**

7.      On March 17, 2025, the Debtors filed the *Debtors' Motion for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of the Debtors' Assets, (B) Authorizing the Debtors' Entry Into the Stalking Horse APA and Approving Bid Protections Thereunder, (C) Scheduling an Auction for, and Hearing to Approve, Sale of the Debtors' Assets, (D) Approving Form and Manner of Notices of Sale, Auction, and Sale Hearing, and (E) Approving Assumption and Assignment Procedures; (II)(A) Approving the Sale of the Debtors' Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, and (B) Approving Assumption and Assignment of Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* [Docket No. 11] (the "Sale Motion").

8.      On April 16, 2025, the Debtors filed the *Debtors' Supplemental Motion for Entry of an Order (A) Approving (I) the Debtors' Designation of the New Stalking Horse Bidder for the Library Assets as Set Forth in the Stalking Horse Agreement, (II) the Debtors' Entry Into the Stalking Horse Agreement, and (III) the Bid Protections and (B) Granting Related Relief* [Docket No. 197].

9.      On April 24, 2025, the Court entered the *Amended Order (I) Approving Bid Procedures for the Sale of the Debtors' Assets, (II) Authorizing the Debtors' Entry Into the Stalking Horse APA and Approving Bid Protections Thereunder, (III) Scheduling an Auction for, and Hearing to Approve, Sale of the Debtors' Assets, (IV) Approving Form and Manner of Notices*

*of Sale, Auction, and Sale Hearing, (V) Approving Assumption and Assignment Procedures, and (VI) Granting Related Relief* [Docket No. 276] (the "Bid Procedures Order").

10.     On May 22, 2025, the Debtors filed the *Notice of Successful Bidder for Library Assets* [Docket No. 396], designating Alcon Media Group, LLC ("Alcon"), the Stalking Horse Bidder, as the Successful Bidder for the Library Assets.

11.     On May 28, 2025, the Debtors held the Auction, after which, on May 29, 2025, the Debtors selected (i) Alcon as the Successful Bidder for (a) the Derivative Rights, and (b) Studio Business, and (ii) Warner Bros. as the Back-Up Bidder for the Derivative Rights. *See* Docket No. 446.

12.     On June 13, 2025, Warner Bros. filed *Warner Bros. Entertainment Inc.'s Omnibus Objection to (I) the Debtors' Motion for an Order Approving the Sale of the Debtors' Assets, (II) the Debtors' Sale Supplement with Respect thereto and (III) the Debtors' Assumption and Assignment of Certain Warner Bros. Agreements* [Docket No. 518] (the "Warner Bros. Sale Objection"), and the Debtors filed the *Notice of Adjournment of Sale Hearing With Respect to the Derivative Rights Only* [Docket No. 511].  The Debtors further adjourned the Sale Hearing with respect to the Derivative Rights on June 20, 2025. *See* Docket No. 564.

13.     On July 16, 2025, the Court entered the *Order Approving Confidentiality Agreement and Stipulated Protective Order* [Docket No. 643] (the "Protective Order").

14.     On September 2, 2025, the Court entered the Agreed Scheduling Order for the Pending Contested Matter Regarding the Sale of the Debtors' Derivative Rights Assets [Docket No. 800].

**BASIS FOR RELIEF**

15.      Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Moreover, pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize the Debtors to file under seal certain confidential information contained in the Reply (the "Confidential Information") by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of such information.  *See* 11 U.S.C. § 107(b).  Specifically, section 107(b) provides in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b).

16.      Bankruptcy Rule 9018 sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal.  Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."  Fed. R. Bankr. P. 9018.

17.      Further, Rule 9018-1(d) of the Local Rules provides, in relevant part, that "Any filer who seeks to file a document … under seal must file a motion requesting such relief."  Del. Bankr. L.R. 9018-1(d).

18.      Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate

"good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp.* (*In re Orion Pictures Corp.*), 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id*. at 27. Moreover, the resulting order should be broad (*i.e.*, "any order which justice requires"). *In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Glob. Crossing*, 295 B.R. 724.

19.     Confidential commercial information is information that, if disclosed, would result in "unfair advantage to competitors by providing them information as to the commercial operations of the debtor." *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (citing *Orion Pictures*, 21 F.3d at 27). Commercial information, however, need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *Orion Pictures*, 21 F.3d at 28.

20.     The Debtors and Warner Bros. have been engaged in ongoing arbitrations proceedings over certain motion pictures since 2022 (the "Arbitration"). Given the highly sensitive subject matter of the Arbitration, the Debtors and Warner Bros. are bound by confidentiality provisions barring the disclosure of certain information related to the ongoing Arbitration.

21.     As with the Warner Bros. Sale Objection, the Reply contains information which has been designated as confidential in the Arbitrations.  In particular, the Reply references certain agreements between the Debtors and Warner Bros., some of which are confidential by their own terms, and all of which contain the sensitive commercial information of the Debtors.  The Debtors seek to keep this Confidential Information under seal in order to abide by the terms of the Arbitration's confidentiality provisions, to abide by the protocols set forth in the Protective Order, and to prevent an unfair advantage to the Debtors' competitors and other parties in interest, who may use this information to the detriment of the Debtors and their estates.  Accordingly, due to the sensitive, confidential, and commercial nature of the Confidential Information discussed in the Reply, the Debtors submit that cause exists for the Court to grant them leave to file under seal and to redact those portions of the Reply containing the Confidential Information.

22.     The Debtors have provided an unredacted version of the Reply to the Court pursuant to Local Rule 9018-1 and will provide an unredacted version of the Reply, on a confidential, professionals' eyes only basis, to (a) the U.S. Trustee, (b) counsel to the ABS Trustee, (c) counsel to the DIP Lenders, (d) counsel to any committee appointed in the chapter 11 cases, and (e) any other party that makes a request in accordance with the Proposed Order.  In addition, consistent with Local Rule 9018-(d), a redacted version of the Reply was separately filed on the Court's docket.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)(ii)

23.     To the best of the knowledge, information and belief of the undersigned counsel to the Debtors, the Reply contains information that is subject to the confidentiality provisions of the Arbitration, the Debtors' agreements with Warner Bros. and other third parties, and the Protective Order.  The Debtors have not conferred with Warner Bros. regarding the relief sought in this Motion, but since the proposed redactions are substantially identical to those made to the Warner

Bros Sale Objection, the Debtors submit that the need to confer with Warner Bros. regarding the scope of and need for redaction is obviated.

## NOTICE

24.      Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) proposed counsel to the Committee; (c) counsel to the ABS Trustee; (d) counsel to the DIP Lenders; (e) counsel to Vine Alternative Investments Group, LLC; (f) the United States Attorney's Office for the District of Delaware; (g) the state attorneys general for all states in which the Debtors conduct business; (h) the Internal Revenue Service; (i) the United States Department of Justice; and (j) any party that requests service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

25.      A copy of this Motion is available on (i) the Court's website: www.deb.uscourts.gov, and (ii) the website maintained by the Debtors' proposed claims and noticing agent, Verita: https://www.veritaglobal.net/vreg.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein, and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: October 20, 2025
Wilmington, Delaware

/s/ Brynna M. Gaffney

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| Joseph M. Mulvihill (Del. Bar No. 6061) | Justin R. Bernbrock (*pro hac vice* pending) |
| Benjamin C. Carver (Del. Bar No. 7176) | Matthew T. Benz (*pro hac vice* pending) |
| Brynna M. Gaffney (Del. Bar No. 7402) | 321 North Clark Street, 32nd Floor |
| Rodney Square | Chicago, Illinois 60654 |
| 1000 North King Street | Telephone:   (312) 499-6300 |
| Wilmington, DE 19801 | Facsimile:   (312) 499-6301 |
| Telephone:   (302) 571-6600 | Email:   jbernbrock@sheppardmullin.com |
| Facsimile:   (302) 571-1253 |          mbenz@sheppardmullin.com |
| Email:   jmulvihill@ycst.com | |
|          bcarver@ycst.com | -and- |
|          bgaffney@ycst.com | |
| | Jennifer L. Nassiri (*pro hac vice* pending) |
| *Co-Counsel for the Debtors and Debtors in Possession* | 1901 Avenue of the Stars, Suite 1600 |
| | Los Angeles, CA 90067 |
| | Telephone:   (310) 228-3700 |
| | Facsimile:   (310) 228-3701 |
| | Email:   jnassiri@sheppardmullin.com |
| | |
| | -and- |
| | |
| | Alyssa Paddock (*pro hac vice* pending) |
| | 30 Rockefeller Plaza, 39th Floor |
| | New York, NY 10112 |
| | Telephone:   (212) 653-8700 |
| | Facsimile:   (212) 653-8701 |
| | Email:   apaddock@sheppardmullin.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |