**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re Village Roadshow Entertainment Group USA Inc., *et al.* | |
| Warner Bros. Entertainment, Inc., <br><br>    Appellant, <br><br>  v. <br><br>Village Roadshow Entertainment Group USA Inc., *et al.*, <br><br>    Appellees. | Civil Action No. 25-cv-01405 (CFC) <br><br><br><br><br><br>Bankruptcy Case No. 25-10475 (TMH) <br>Bankruptcy BAP No. 25-54 |

**APPELLEES' COUNTERSTATEMENT
OF ISSUES ON APPEAL AND DESIGNATION OF
ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD**

The above-captioned debtors and debtors in possession (collectively, the "Appellees" or the "Debtors"), pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), as supplemented by Rule 8009-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules") and in accordance with this Court's standing order regarding *Designations of Record in Bankruptcy Appeals* (the "Standing Order"), respectfully submit this counterstatement of issues on appeal and designation of additional items to be included in the record on appeal (this "Counterstatement") with respect to the appeal by Warner Bros. Entertainment Inc. (the "Appellant" or "Warner") from the *Order (I) Approving the Sale of the Derivative Rights Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Approving the Assumption*

**Error!**

*and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Bankr. Dkt. 1043] (the "Sale Order")[1] entered on November 12, 2025 by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which adopts by reference the Bankruptcy Court's *Memorandum Opinion* [Bankr. Dkt. 1027] issued on November 5, 2025.

## COUNTERSTATEMENT OF THE ISSUES ON APPEAL

1. Whether the Bankruptcy Court correctly determined that the Derivative Rights Agreements are not contracts to make loans or extend financial accommodations under 11 U.S.C. § 365(c)(2), where the purpose of the Derivative Rights Agreements is to provide the Debtors with the option to invest in derivative works that Warner chooses to create.

2. Whether the Bankruptcy Court correctly determined that the Derivative Rights Agreements are not unassignable personal services contracts under 11 U.S.C. § 365(c)(1) and California law, where the Derivative Rights Agreements are between corporate entities, do not

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Sale Order. The Appellees are also filing this Counterstatement with the Bankruptcy Court contemporaneously herewith in accordance with Bankruptcy Rule 8009(a)(1).

**Error!**

require performance by specific individuals, and do not contain any nondelegable obligations for either the Debtors or Warner.

3. Whether the Bankruptcy Court correctly determined that Alcon has provided adequate assurance of future performance under 11 U.S.C. § 365(f)(2)(B), where Alcon has sufficient funds on hand to close the sale and meet all current obligations under the Derivative Rights Agreements, demonstrated access to capital to meet any future obligations that may arise, and never defaulted on any contract with Warner or any other party.

**ADDITIONAL ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL**

4. Appellees hereby designate the following additional items to be included in the record on appeal:

| Item No. | Description | Bankr. Dkt. No. |
|---|---|---|
| 1. | [SEALED] W. Smith Deposition Transcript (October 8, 2025) | N/A |

**RESERVATION OF RIGHTS**

5. The Appellees expressly reserve, and do not waive, the right to amend, supplement, or otherwise modify the foregoing designations and statements of issues on appeal, and/or to object to or move to strike the items designated for inclusion in

Error!

the record on appeal by other parties.  This filing is made expressly subject to, and without waiver of, any and all rights, remedies, challenges, and objections.

**Error!**

Dated: December 16, 2025
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Joseph M. Mulvihill (Del. Bar No. 6061)
Benjamin C. Carver (Del. Bar No. 7176)
Brynna M. Gaffney (Del. Bar. No. 7402)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253
Email: jmulvihill@ycst.com
bcarver@ycst.com
bgaffney@ycst.com

*Co-Counsel for the Debtors and Debtors in Possession*

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, Illinois 60654
Telephone: (312) 499-6300
Facsimile: (312) 499-6301
Email: jbernbrock@sheppardmullin.com
mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone: (310) 228-3700
Facsimile: (310) 228-3701
Email: jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone: (212) 653-8700
Facsimile: (212) 653-8701
Email: apaddock@sheppardmullin.com

*Co-Counsel for the Debtors and Debtors in Possession*

**Error!**