## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10475 (TMH)<br><br>(Jointly Administered)<br><br><u>Obj. Deadline</u>: January 9, 2026 at 4:00 p.m. (ET)<br><u>Hearing Date</u>: January 26, 2026 at 2:00 p.m. (ET) |

**DEBTORS' FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO
CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

---

**CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND THE EXHIBITS AND SCHEDULES ATTACHED HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS THEIR CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT 1</u> TO <u>EXHIBIT A</u> ATTACHED HERETO.**

**IF YOUR CLAIM IS SUBJECT TO THIS OBJECTION, YOUR SUBSTANTIVE RIGHTS MAY BE AFFECTED BY THIS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED.**

---

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"),[2] hereby file this omnibus (substantive) objection to claims (this "<u>Objection</u>") and request the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Proposed Order</u>"), pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration (as defined herein).

33770485.5

(the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Objection, the Debtors rely upon the *Declaration of Kevin Berg in Support of the Debtors' First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Berg Declaration"), attached hereto as **Exhibit B**. In further support of the Objection, the Debtors represent and set forth as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "Amended Standing Order"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## BACKGROUND

### A. General Background

4. On March 17, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing their properties and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 103]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5. Additional information regarding the Debtors, their business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases are set forth in the *Declaration of Keith Maib in Support of First Day Relief* [Docket No. 2] (the "First Day Declaration"), which is fully incorporated herein by reference.

### B. Bar Date and Proofs of Claim

6. On April 17, 2025, the Court entered an order [Docket No. 208] appointing Kurtzman Carson Consultants, LLC dba Verita Global ("Verita") as the claims and noticing agent in these cases. Verita is authorized to maintain (i) all proofs of claim filed against the Debtors and (ii) an official claims register by docketing all proofs of claim in a claims database containing, among other things, information regarding the name and address of each claimant, the date that the proof of claim was received by Verita, the claim number assigned to the proof of claim, and the asserted amount and classification of the claim.

7. On May 23, 2025, each Debtor filed its respective schedules of assets and liabilities and statements of financial affairs pursuant to Bankruptcy Rule 1007 and Local Rule 1007-1 [Docket Nos. 403-436] (collectively, the "Schedules").

8. On June 13, 2025, the Court entered an order [Docket No. 514] (the "Bar Date Order"), which, among other things, established (i) July 18, 2025 at 5:00 p.m. (prevailing Eastern time) (the "General Bar Date") as the bar date by which parties must file with Verita a proof of claim for all claims that arose or are deemed to have arisen prior to the Petition Date, including Secured, Priority, and 503(b)(9) Claims, against the Debtors and (ii) September 15, 2025 at 5:00 p.m. (Prevailing Eastern time) (the "Governmental Bar Date" and, together with the General Bar Date, the "Bar Dates") as the bar date by which governmental units must file with Verita a proof of claim for all claims that arose or are deemed to have arisen prior to the Petition Date. To date, approximately 98 Claims[3] have been filed in these cases.

**OBJECTION**

9. The Debtors submit this Objection, pursuant to Bankruptcy Code section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, requesting entry of the Proposed Order disallowing each of the claims identified on Exhibit 1 to the Proposed Order (collectively, the "Disputed Claims"), as set forth in further detail below and in the exhibit attached to the Proposed Order.

10. Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The burden of proof for determining the validity of claims rests on

---

[3] This total includes certain master proofs of claims, which detail multiple claims in one filing.

33770485.5

-4-

different parties at different stages of the claims objection process. As explained by the United States Court of Appeals for the Third Circuit:

> The burden of proof for claims brought in the bankruptcy court under 11 U.S.C.A. § 502(a) rests on different parties at different times. Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid [citations omitted]. In other words, a claim that alleges facts sufficient to support legal liability to the claimant satisfies the claimants' initial obligation to go forward. The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim. . . . In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency. If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citation omitted).

### I. No Liability Claims

11. The Debtors object to the claims listed on Exhibit 1 to the Proposed Order as claims for which the Debtors are not liable (collectively, the "No Liability Claims"). Following a review of each No Liability Claim, the supporting materials attached thereto, and the Debtors' books and records, the Debtors have determined that they are not liable for the No Liability Claims for the reasons set forth below and under the column labeled "Reason for Disallowance" on Exhibit 1 to the Proposed Order.

12. Certain of the No Liability Claims are asserted by the Franchise Tax Board. However, such Claims were paid in the ordinary course of business pursuant to *the Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187].

13. Certain of the No Liability Claims are asserted by individual members of the Writers Guild of America (the "WGA"). However, these claims are also included in a master proof of claim filed by the WGA [Claim No. 82]. Therefore, the claims asserted by individual members of the WGA are duplicative of the amounts included in Claim No. 82. To prevent these claimants from receiving double recovery on account of their claims, the claims of the individual claimants should be disallowed.

14. Certain of the No Liability Claims relate to agreements that have been assumed and assigned to Alcon Media Group LLC. On June 20, 2025, the Court entered the *Order (I) Approving the Sale of Library Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 562] (the "Sale Order"), thereby approving the sale of the Debtors' Library Assets (as defined in the Sale Order) to Alcon. The sale closed on July 23, 2025 [Docket No. 689]. Therefore, the Debtors no longer have any liability to these claimants.

15. Failure to disallow the No Liability Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these cases. Accordingly, the Debtors request entry of the Proposed Order disallowing each No Liability Claim identified on Exhibit 1 to the Proposed Order as set forth thereon.

## RESPONSES TO THIS OBJECTION

16. To contest the Debtors' determinations with respect to the relief requested in this Objection, a claimant must file and serve a written response to this Objection (a "Response") so that it is received no later than **January 9, 2026 at 4:00 p.m. (Prevailing Eastern Time)** (the "Response Deadline").

33770485.5

17. Each Response to this Objection must, at a minimum, contain the following information:

    A. a caption setting forth the name of the Court, the name of the Debtor, the above captioned case number, and the title of the Objection to which the Response is directed;

    B. the name of the claimant, the claim number, and a description of the basis for the amount of the claim;

    C. the specific factual basis and supporting legal argument upon which the party will rely in opposing this Objection;

    D. all documentation and other evidence, to the extent it was not included with the proof of claim previously filed with the clerk or Verita, upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing this Objection; and

    E. the name, address, telephone number, fax number or email address of the person(s) (which may be the claimant or the claimant's legal representative) with whom counsel for the Debtors should communicate with respect to the claim or the Objection and who possesses authority to reconcile, settle, or otherwise resolve the objection to the applicable Reclassified Claims on behalf of the claimant.

18. If a claimant fails to timely file and serve a Response by the Response Deadline, the Debtors will present to the Court an appropriate order substantially in the form of the Proposed Order without further notice to the claimant or, potentially, a hearing.

19. The Debtors reserve the right to seek an adjournment of the hearing on any Response to this Objection, which adjournment will be noted on the notice of agenda for the hearing.

## SEPARATE CONTESTED MATTERS

20. To the extent a Response is filed regarding any claim affected by this Objection and the Debtors are unable to resolve the Response, the objection by the Debtors to such claim asserted herein shall constitute a separate contested matter as contemplated by Bankruptcy Rule

33770485.5

9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

**COMPLIANCE WITH LOCAL RULE 3007-1**

21. To the best of the Debtors' knowledge and belief, this Objection and related exhibits comply with Local Rule 3007-1. To the extent that this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

**RESERVATION OF RIGHTS**

22. The Debtors expressly reserve the right to amend, modify, or supplement this Objection, and to file additional objections to any claims filed in these cases including, without limitation, the Disputed Claims that are the subject of this Objection. Should one or more of the grounds for this Objection be dismissed or overruled, the Debtors reserve the right to object to any Disputed Claim on any other ground.

23. In addition, nothing herein, including the resolution of the Objection as to any particular claim that is the subject of this Objection, shall have any effect on any additional proceedings, including but not limited to proceedings under section 502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code, that have been, or will be, commenced with respect to the proofs of claim that are subject to this Objection.

**NOTICE**

24. The Debtors will provide notice of this Objection to: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the ABS Trustee; (d) counsel to the Ad Hoc Group of ABS Noteholders; (e) counsel to the DIP Lenders; (f) the holders of the Disputed Claims identified

-9-

on Exhibit 1 to the Proposed Order; and (g) any party that requests service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of Page Intentionally Left Blank]*

33770485.5

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: December 19, 2025
Wilmington, Delaware

/s/ Brynna M. Gaffney

| | |
|---|---|
| **YOUNG CONAWAY STARGATT & TAYLOR, LLP** | **SHEPPARD, MULLIN, RICHTER & HAMPTON LLP** |
| Joseph M. Mulvihill (Del. Bar No. 6061) | Justin R. Bernbrock (admitted *pro hac vice*) |
| Benjamin C. Carver (Del. Bar No. 7176) | Matthew T. Benz (admitted *pro hac vice*) |
| Brynna M. Gaffney (Del. Bar No. 7402) | 321 North Clark Street, 32nd Floor |
| Rodney Square | Chicago, IL 60654 |
| 1000 North King Street | Telephone: (312) 499-6300 |
| Wilmington, DE 19801 | Facsimile: (312) 499-6301 |
| Telephone: (302) 571-6600 | Email: jbernbrock@sheppardmullin.com |
| Facsimile: (302) 571-1253 | mbenz@sheppardmullin.com |
| Email: jmulvihill@ycst.com | |
| bcarver@ycst.com | -and- |
| bgaffney@ycst.com | |
| | Jennifer L. Nassiri (admitted *pro hac vice*) |
| *Co-Counsel for the Debtors and Debtors in Possession* | 1901 Avenue of the Stars, Suite 1600 |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 228-3700 |
| | Facsimile: (310) 228-3701 |
| | Email: jnassiri@sheppardmullin.com |
| | |
| | -and- |
| | |
| | Alyssa Paddock (admitted *pro hac vice*) |
| | 30 Rockefeller Plaza, 39th Floor |
| | New York, NY 10112 |
| | Telephone: (212) 653-8700 |
| | Facsimile: (212) 653-8701 |
| | Email: apaddock@sheppardmullin.com |
| | |
| | *Co-Counsel for the Debtors and Debtors in Possession* |

33770485.5