**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*, [1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Ref. Docket No. 1167** |

**CERTIFICATION OF COUNSEL REGARDING**
**FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS**

On December 19, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Debtors' First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 1167] (the "Claims Objection") [2] with the United States Bankruptcy Court for the District of Delaware (the "Court") and scheduled the Claims Objection for a hearing before the Court on January 26, 2026 at 2:00 p.m. (ET) (the "Hearing"). A proposed form of order sustaining the Claims Objection was attached thereto as Exhibit A (the "Proposed Order"). Responses to the Claims Objection, if any, were required to be filed and served no later than 4:00 p.m. (ET) on January 9, 2026 (the "Objection Deadline").

Prior to the Objection Deadline, the Debtors received an informal response to the Claims Objection from Moonshot Entertainment f/s/o Bryan Cranston ("Moonshot") and a formal

---

[1]  The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Claims Objection.

response from The G.O.A.T. Media, LLC (together with Moonshot, the "Parties") [Docket No. 1243]. No other formal or informal responses or objections to the Claims Objection or Proposed Order were received.

The Debtors continue to work with the Parties to resolve or otherwise address the Parties' comments and objections. Therefore, the Debtors have revised the Proposed Order (the "Revised Proposed Order"), a copy of which is attached hereto as **Exhibit A**, which removes the Parties' claims from the list of Disputed Claims attached to the Proposed Order. For the convenience of the Court and other interested parties, a redline comparing the Revised Proposed order against the Proposed Order is attached hereto as **Exhibit B**.

WHEREFORE, the Debtors respectfully request that the Revised Proposed Order be entered at the earliest convenience of the Court.

*[Remainder of Page Intentionally Left Blank]*

Dated: January 13, 2026
Wilmington, Delaware

/s/ Brynna M. Gaffney

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**

Joseph M. Mulvihill (Del. Bar No. 6061)
Benjamin C. Carver (Del. Bar No. 7176)
Brynna M. Gaffney (Del. Bar No. 7402)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:     (302) 571-6600
Facsimile:      (302) 571-1253
Email:            jmulvihill@ycst.com
                      bcarver@ycst.com
                      bgaffney@ycst.com

*Co-Counsel for the Debtors and
Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**

Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Telephone:     (312) 499-6300
Facsimile:      (312) 499-6301
Email:            jbernbrock@sheppardmullin.com
                      mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:     (310) 228-3700
Facsimile:      (310) 228-3701
Email:            jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:     (212) 653-8700
Facsimile:      (212) 653-8701
Email:            apaddock@sheppardmullin.com

*Co-Counsel for the Debtors and
Debtors in Possession*

**<u>EXHIBIT A</u>**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*, [1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |
| | **Ref. Docket No. 1167** |

**ORDER SUSTAINING DEBTORS' FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing the Disputed Claims identified on **Exhibit 1** hereto; and upon consideration of all pleadings related thereto; and due and proper notice of the Objection having been given; and it appearing that no other or further notice of the Objection is required; and it appearing that the Court has jurisdiction to consider the Objection in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

and provided for herein is in the best interests of the Debtors, their estates, and their creditors; and

after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Objection is sustained to the extent provided herein.

2.      The No Liability Claims identified on the attached **Exhibit 1** are hereby disallowed

as set forth on Exhibit 1.

3.      The Debtors' objection to each Disputed Claim addressed in the Objection

constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order

shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal

by any of the claimants subject to this Order shall only apply to the contested matter that involves

such claimant and shall not act to stay the applicability or finality of this Order with respect to the

other contested matters covered hereby.

4.      Nothing in the Objection or this Order constitutes a waiver of the Debtors' rights

to object to any claims not previously disallowed or to assert any claims, counterclaims, rights of

offset or recoupment, or any other claims against the claimants listed on **Exhibit 1** hereto, all of

which rights are expressly preserved.

5.      Nothing in the Objection or this Order, including the resolution of the Objection as

to any particular claim that is the subject of the Objection, shall have any effect on any additional

proceedings, including but not limited to proceedings under Bankruptcy Code sections 502(d),

510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553, that have been, or will be, commenced

with respect to the proofs of claim that are subject to the Objection.

6.      This Court shall retain jurisdiction with respect to all matters arising from or

relating to the implementation of this Order.

## <u>EXHIBIT 1</u>

**No Liability Claims**

| Name of Claimant | Claim Number | Disallowed Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Franchise Tax Board | 52 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 53 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 54 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 55 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 56 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic* |

| | | | *Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
|---|---|---|---|
| Franchise Tax Board | 57 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 58 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 59 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 60 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 61 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and* |

| | | | |
|---|---|---|---|
| | | | *(III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 62 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Kendall Milton | 3 | $138,272.15 | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| Keyon E. Tehrani | 14 | $2,773.82 | Claim was resolved and paid pursuant to that certain *Settlement and Release Agreement* dated October 15, 2024. |
| Lily Drew | 93 | $3,666.50 | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| Lions Gate Films Inc. | 18 | $85,641.00 | Claim relates to amounts owed under co-distribution agreements for which the Debtors are not liable. |
| Mediabrat Productions, Inc. | 12 | $10,653.00 | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| William Morris Endeavor Entertainment, LLC | 5 | Unliquidated | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| William Morris Endeavor Entertainment, LLC | 6 | Unliquidated | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| William Morris Endeavor Entertainment, LLC | 7 | $23,340 | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |

## EXHIBIT B

**Blackline**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |
| | Ref. Docket No. —1167 |

**ORDER SUSTAINING DEBTORS' FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS PURSUANT TO SECTION 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 3003 AND 3007, AND LOCAL RULE 3007-1**

Upon consideration of the objection (the "Objection")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1, disallowing the Disputed Claims identified on **Exhibit 1** hereto; and upon consideration of all pleadings related thereto; and due and proper notice of the Objection having been given; and it appearing that no other or further notice of the Objection is required; and it appearing that the Court has jurisdiction to consider the Objection in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Objection is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

requested in the Objection and provided for herein is in the best interests of the Debtors, their

estates, and their creditors; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1.      The Objection is sustained to the extent provided herein.

2.      The No Liability Claims identified on the attached **Exhibit 1** are hereby

disallowed as set forth on Exhibit 1.

3.      The Debtors' objection to each Disputed Claim addressed in the Objection

constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order

shall be deemed a separate order with respect to each claim.  Any stay of this Order pending

appeal by any of the claimants subject to this Order shall only apply to the contested matter that

involves such claimant and shall not act to stay the applicability or finality of this Order with

respect to the other contested matters covered hereby.

4.      Nothing in the Objection or this Order constitutes a waiver of the Debtors' rights

to object to any claims not previously disallowed or to assert any claims, counterclaims, rights of

offset or recoupment, or any other claims against the claimants listed on **Exhibit 1** hereto, all of

which rights are expressly preserved.

5.      Nothing in the Objection or this Order, including the resolution of the Objection

as to any particular claim that is the subject of the Objection, shall have any effect on any

additional proceedings, including but not limited to proceedings under Bankruptcy Code sections

502(d), 510, 542, 543, 544, 545, 547, 548, 549, 550, 551, and 553, that have been, or will be,

commenced with respect to the proofs of claim that are subject to the Objection.

6.      This Court shall retain jurisdiction with respect to all matters arising from or

relating to the implementation of this Order.

## **EXHIBIT 1**

**No Liability Claims**

| Name of Claimant | Claim Number | Disallowed Claim Amount | Reason for Disallowance |
|---|---|---|---|
| Franchise Tax Board | 52 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 53 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 54 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 55 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 56 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic* |

| | | | |
|---|---|---|---|
| | | | *Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 57 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 58 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 59 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 60 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 61 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and* |

| | | | |
|---|---|---|---|
| | | | *(III) Granting Related Relief* [Docket No. 187]. |
| Franchise Tax Board | 62 | $1,656.78 | Claim was paid in the ordinary course of business pursuant to the *Final Order (I) Authorizing the Payment of Certain Prepetition Taxes and Fees and Related Obligations, (II) Authorizing Banks to Honor and Process Check and Electronic Transfer Requests Related Thereto, and (III) Granting Related Relief* [Docket No. 187]. |
| Kendall Milton | 3 | $138,272.15 | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| Keyon E. Tehrani | 14 | $2,773.82 | Claim was resolved and paid pursuant to that certain *Settlement and Release Agreement* dated October 15, 2024. |
| Lily Drew | 93 | $3,666.50 | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| Lions Gate Films Inc. | 18 | $85,641.00 | Claim relates to amounts owed under co-distribution agreements for which the Debtors are not liable. |
| Mediabrat Productions, Inc. | 12 | $10,653.00 | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| ~~Moonshot Entertainment f/s/o Bryan Cranston~~ | ~~31~~ | ~~$797,420.50~~ | ~~This claim is included in the claim of the Writers Guild of America [Claim No. 82].~~ |
| ~~The G.O.A.T. Media, LLC~~ | ~~16~~ | ~~Unliquidated~~ | ~~The Debtors have reviewed their books and records and determined that they do not have a contract or agreement with the claimant and do not have any development materials related to the projects in this claim. Further, Debtors have not and do not intend to assert any claims to properties that were listed.~~ |
| ~~The G.O.A.T. Media, LLC~~ | ~~17~~ | ~~Unliquidated~~ | ~~The Debtors have reviewed their books and records and determined that they do not have a contract or agreement with the claimant and do not have any development materials related to the projects in this claim. Further, Debtors have not and do not intend to assert any claims to properties that were listed.~~ |

| William Morris Endeavor Entertainment, LLC | 5 | Unliquidated | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| William Morris Endeavor Entertainment, LLC | 6 | Unliquidated | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |
| William Morris Endeavor Entertainment, LLC | 7 | $23,340 | This claim is included in the claim of the Writers Guild of America [Claim No. 82]. |