**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] <br><br> Debtors. | ) Chapter 11 <br> ) <br> ) Case No. 25-10475 (TMH) <br> ) <br> ) (Jointly Administered) <br> ) <br> ) **Ref. Docket Nos. 1167, 1243, & 1261** |

**DEBTORS' REPLY TO THE RESPONSE OF THE G.O.A.T. MEDIA, LLC
TO DEBTORS' FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Village")[2] hereby submit this reply (this "Reply") to the response of The G.O.A.T. Media, LLC ("GOAT Media") to the *Debtors' First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection"). In support of this Reply, the Debtors submit the Declaration of Kevin Berg attached hereto as **Exhibit A** (the "Berg Declaration"). In support of this Reply, the Debtors respectfully represent as follows:

**BACKGROUND**

1.    On July 14, 2025 and July 15, 2025, respectively, GOAT Media filed proofs of claim nos. 16 and 17, which assert unsecured, unliquidated claims with no reference to any specific dollar amounts (the "GOAT Media Claims"). The GOAT Media Claims allege that Marc Charles

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (each as defined herein).

Rosen ("Mr. Rosen"),³ described as a former "VREG Producer," solicited GOAT Media's intellectual property and services while operating under the VREG banner from 2019–2022. The GOAT Media Claims further allege that GOAT Media provided certain unspecified materials and services to Mr. Rosen that were used "to support development, packaging, consulting, and production across multiple projects and companies." Attachment to Claim No. 16, at 2. The GOAT Media Claims also state that GOAT Media "remain[s] unaware whether projects submitted through [Mr. Rosen] are still retained, routed, or positioned within VREG's internal development systems." *Id.*

2.  After reviewing the GOAT Media Claims, the supporting materials attached thereto, and the Debtors' books and records, the Debtors determined that they have no evidence of any agreement, contract, or other business relationship with GOAT Media. Accordingly, on December 19, 2025, the Debtors filed the Objection, which objected to the GOAT Media Claims on the basis that the Debtors do not have any liability for the GOAT Media Claims. The Objection was supported by the *Declaration of Kevin Berg in Support of Debtors' First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* attached as Exhibit B thereto (the "Original Berg Declaration," and together with the Berg Declaration, the "Berg Declarations").

3.  In response to the Objection, GOAT Media filed the *Pro Se Response to Debtors' First Omnibus (Substantive) Objection to Claim* [Docket No. 1243] (the "Response"), which notified the Court that, on January 6, 2026, GOAT Media delivered a "Supplemental Evidentiary

---

³ In February 2019, the Debtors entered into a "first look" non-writing executive producer agreement with Mr. Rosen (the "EP Agreement"), pursuant to which Mr. Rosen agreed to provide producing services to the Debtors in an independent consultant capacity. The EP Agreement expired in February 2022. Mr. Rosen was never directly employed by the Debtors and never had any authority to bind the Debtors to any legal obligations in his capacity as an independent consultant.

Compendium and Record Clarification" consisting of approximately 349 pages of documentary materials (the "Supplemental Materials") to the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC dba Verita Global ("Verita").  On January 20, 2026, GOAT Media also filed a *Notice of Reservation of Rights* [Docket No. 1261], which purported to reserve GOAT Media's rights with respect to unspecified "sealed proceedings concerning authority, governance, or standing."  Critically, neither the Response nor the Supplemental Materials contains any substantive legal argument, identifies any specific agreement binding the Debtors or other writing evidencing the GOAT Media Claims, quantifies the amount allegedly owed, or rebuts the specific grounds raised in the Debtors' Objection.  GOAT Media has failed to meet its burden of proof and the Court should sustain the Objection.

**REPLY**

4.      Section 502(a) of the Bankruptcy Code provides that a proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  Once an objection is filed, the burden shifts to the claimant to prove the validity and amount of the claim by a preponderance of the evidence. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992).  Where a debtor produces evidence negating the prima facie validity of a claim—such as the absence of any contractual relationship—the claimant must come forward with competent evidence establishing the validity of the claim—such as the existence and terms of an enforceable agreement and the amount owed—by a preponderance of the evidence. *See id.* at 174.

5.      Here, the Debtors objected to the GOAT Media Claims on the express grounds that they have no record of any agreement, contract, invoice, purchase order, or other documentation reflecting any relationship with GOAT Media.  As set forth in the Berg Declarations, the Debtors did not pursue any projects or use any materials referenced in the GOAT Media Claims, nor did the Debtors enter into any contractual relationship with GOAT Media related to such projects or

materials. Thus, the Debtors do not assert any claim to the projects or materials referenced in the GOAT Media Claims and have not included any such projects or materials in the sale processes they have conducted in these cases. The Debtors have therefore sufficiently rebutted the prima facie validity of the GOAT Media Claims.

6. Furthermore, GOAT Media has failed to satisfy its burden in responding to the Objection for several reasons. *First*, despite submitting 349 pages of materials, GOAT Media has not identified any written agreement signed by the Debtors or any authorized representative of the Debtors. While the Supplemental Materials contain communications between Mr. Rosen and representatives of GOAT Media, pitch materials, and project descriptions, the Supplemental Materials do not contain any contract, letter of intent, engagement agreement, or other instrument evidencing a binding obligation on the part of the Debtors. Merely submitting the Supplemental Materials, without explanation, analysis, or identification of which documents purportedly support which elements of the GOAT Media Claims, is insufficient for GOAT Media to meet its burden of establishing the validity of the GOAT Media Claims by a preponderance of the evidence. The Debtors and the Court should not be required to sift through hundreds of pages of facially irrelevant documents in an attempt to piece together a cognizable claim against the Debtors.

7. *Second*, the Supplemental Materials themselves include a copy of an email from Mr. Rosen to a representative of GOAT Media on March 9, 2023, confirming that the Debtors did not enter into any contractual or business relationship with GOAT Media related to the projects or materials referenced in the GOAT Media Claims. *See* Claim No. 16, at 288 (M-85) ("I have been very clear with you about not focusing on [Village] alone. I no longer have a deal with [Village], which allows me more liberty with submissions outside their ecosystem. ***And [Village] passed on all your stuff anyway.***") (emphasis added).

8. ***Third***, GOAT Media has failed to quantify its claims with any specificity. The GOAT Media Claims are listed as unliquidated and do not reference any specific dollar amounts. GOAT Media has not provided any invoice, statement of account, fee agreement, or other documentation establishing what amount might be owed by the Debtors. The bases asserted by GOAT Media for its claims—*i.e.*, including "financial or reputational harm," "unpaid entertainment and strategic services," and "downstream commercial displacement resulting from materials and strategic initiatives"—are vague, speculative, and insufficient to establish any plausible basis for the Debtors' liability.

9. ***Fourth***, GOAT Media has failed to satisfy the explicit requirements for responses specifically set forth in the Objection, including that each response must contain: (a) a caption setting forth the name of the Court, the name of the Debtor, the case number, and the title of the Objection; (b) the name of the claimant, the claim number, and a description of the basis for the amount of the claim; (c) the specific factual basis and supporting legal argument upon which the party will rely in opposing the Objection; (d) all documentation and other evidence upon which the claimant will rely to support the basis for and amounts asserted in the proof of claim and in opposing the Objection; and (e) contact information for the person with authority to reconcile, settle, or otherwise resolve the objection. *See Obj.*, ¶¶ 17–19. The Objection further provided that if a claimant fails to timely file and serve a response by the Response Deadline, then the Debtors will present to the Court an appropriate order without further notice to the claimant or, potentially, a hearing. GOAT Media's Response fails to satisfy these basic requirements. Most critically, the Response contains no "specific factual basis and supporting legal argument" whatsoever. Instead, GOAT Media simply notified the Court that it submitted 349 pages of materials and reserved all rights to supplement or amend. GOAT Media has not identified which portions of its voluminous

submission support which elements of its claims, has not provided legal argument explaining why the claims should be allowed, and has not described the basis for the amount of the claims (which remain unliquidated).  This procedural deficiency alone warrants sustaining the Objection and disallowing the GOAT Media Claims.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully submit that the Objection should be sustained, and the GOAT Media claims should be disallowed.

Dated: January 21, 2026
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Joseph M. Mulvihill (Del. Bar No. 6061)
Benjamin C. Carver (Del. Bar No. 7176)
Brynna M. Gaffney (Del. Bar No. 7402)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:  (302) 571-6600
Facsimile:   (302) 571-1253
Email:       jmulvihill@ycst.com
             bcarver@ycst.com
             bgaffney@ycst.com

*Co-Counsel for the Debtors and Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Telephone:  (312) 499-6300
Facsimile:   (312) 499-6301
Email:       jbernbrock@sheppardmullin.com
             mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:  (310) 228-3700
Facsimile:   (310) 228-3701
Email:       jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 653-8701
Email:       apaddock@sheppardmullin.com

*Co-Counsel for the Debtors and Debtors in Possession*

## EXHIBIT A

**Berg Declaration**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1]<br><br>       Debtors. | ) Chapter 11<br>)<br>) Case No. 25-10475 (TMH)<br>)<br>) (Jointly Administered)<br>) |

**DECLARATION OF KEVIN BERG IN SUPPORT OF**
**DEBTORS' REPLY TO THE RESPONSE OF THE G.O.A.T. MEDIA,**
**LLC TO DEBTORS' FIRST OMNIBUS (SUBSTANTIVE) OBJECTION TO CLAIMS**

I, Kevin Berg, hereby state and declare the following under penalty of perjury:

1. I am the General Counsel for Village Roadshow Entertainment Group USA Inc. and each of its affiliated debtors and debtors in possession (each, a "Debtor" and collectively, the "Debtors" or "Village"). My employment with the Debtors began in 1998. I assumed the role of General Counsel in June 2013. In connection with my duties for the Debtors, I am familiar with the Debtors' day-to-day operations, business affairs, and books and records.

2. In my capacity as General Counsel, I am one of the persons responsible for overseeing the claims reconciliation and objection process in these chapter 11 cases. I have read and participated in the preparation of the *Debtors' First Omnibus (Substantive) Objection to Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* (the "Objection"),[2] and the *Debtors' Reply to the Response of the G.O.A.T.*

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but otherwise not defined herein have the meanings ascribed to them in the Objection.

*Media, LLC to Debtors' First Omnibus (Substantive) Objection to Claims* (the "Reply"), and am directly, or by and through other personnel or representatives of the Debtors, familiar with the information contained therein.

3. This declaration incorporates by reference the Original Berg Declaration attached as Exhibit B to the Objection.

4. I, along with other personnel and representatives of the Debtors, have reviewed the GOAT Media Claims and the Supplemental Materials submitted by GOAT Media after the filing of the Objection. Following such review, the Debtors determined that the GOAT Media Claims and Supplemental Materials do not contain any contract or agreement between GOAT Media and any of the Debtors. The Debtors have also reviewed their books and records, and determined that they do not have any contract or business relationship with GOAT Media. While GOAT Media alleges that it submitted certain projects and development materials to the Debtors, the Debtors did not pursue any such projects or enter into any contractual relationship with GOAT Media related to such projects or materials. Thus, the Debtors do not assert any claim to the projects referenced in the GOAT Media Claims and have not included any such materials in the sale processes they have conducted in these cases.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: January 21, 2026

                               By:   */s/ Kevin Berg*
                                     Kevin Berg