# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | Case No. 25-10475 (TMH) |
| Debtors. | (Jointly Administered) |
|  | <u>Hearing Date</u>: Feb. 20, 2026, at 10:00 a.m. (ET) |
|  | <u>Obj. Deadline</u>: Feb. 12, 2026, at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF ORDER (I) CONDITIONALLY APPROVING THE DISCLOSURE STATEMENT, (II) SCHEDULING THE COMBINED HEARING, (III) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF PLAN AND FINAL APPROVAL OF ADEQUACY OF DISCLOSURES, (IV) ESTABLISHING SOLICITATION, VOTING, AND RELATED PROCEDURES, (V) APPROVING RELATED DATES, DEADLINES, AND PROCEDURES, AND (VI) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), respectfully represent as follows in support of this motion (the "<u>Motion</u>"):

## RELIEF REQUESTED

1.      By this Motion, the Debtors request entry of an order (the "<u>Disclosure Statement Order</u>"), substantially in the form attached hereto as **Exhibit A**:

   a)   conditionally approving the *Disclosure Statement Relating to the Joint Chapter 11 Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates*, filed contemporaneously herewith (as may be amended, modified, or supplemented, the "<u>Disclosure Statement</u>") for solicitation purposes only;

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

b) fixing the date, time, and place for a combined hearing (the "Combined Hearing") on final approval of adequacy of the Disclosure Statement and confirmation of the Plan (as defined below);

c) approving objection procedures with respect to the final approval of adequacy of the Disclosure Statement, confirmation of the Plan, and the form and manner of the Combined Hearing Notice and Notice of Non-Voting Package (each as defined below);

d) approving the Solicitation Procedures, Voting Procedures, and Tabulation Procedures (each as defined below) for the Plan;

e) approving related dates, deadlines, and procedures; and

f) granting related relief.

2.    By the Disclosure Statement Order, the Debtors seek approval of the following key

dates related to the Disclosure Statement and Plan:

| Milestone | Proposed Date[2] |
|---|---|
| Voting Record Date | February 18, 2026 |
| Solicitation Date | No later than two (2) Business Days after entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter (anticipated to be February 24, 2026) |
| Deadline to File Claim Objection or Request to Estimate Claim, each for Voting purposes | March 17, 2026 (or 7 days prior to the Voting Deadline) |
| Voting Deadline | March 24, 2026 at 4:00 p.m. (ET) |
| Confirmation and Disclosure Statement Objection Deadline | March 24, 2026 at 4:00 p.m. (ET) |
| Deadline to File: (a) Reply to Confirmation Objection(s); (b) Brief in Support of Plan Confirmation and/or Final Approval of the Adequacy of the Disclosures Contained in the Disclosure Statement; (c) Declarations in Support of Confirmation and/or Final Approval of the Adequacy of the Disclosures Contained in the Disclosure Statement; (d) Proposed Confirmation Order; and | April 3, 2026 at noon (ET) (or two (2) business days prior to the Combined Hearing) |

---

[2]    All dates subject to Court availability.

-2-

| | |
|---|---|
| Combined Hearing | April 7, 2026, subject to the availability of the Court. |

3.      For reference, below is a list of the various exhibits and documents cited throughout this Motion:

| Document | Exhibit |
|---|---|
| Disclosure Statement Order | **Exhibit A** to this Motion |
| Form of Combined Hearing Notice | Exhibit 1 to the Disclosure Statement Order |
| Form of Class 3B Ballot | Exhibit 2-A to the Disclosure Statement Order |
| Form of Class 4 Ballot | Exhibit 2-B to the Disclosure Statement Order |
| Form of Notice of Non-Voting Package for Unimpaired Classes | Exhibit 3-A to the Disclosure Statement Order |
| Form of Notice of Voting Package for Impaired Classes | Exhibit 3-B to the Disclosure Statement Order |

## JURISDICTION AND VENUE

4.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory and legal bases for the relief requested herein are sections 105, 1125, 1126, and 1128 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 3016-3, 3017-2, and 9006-1.

## BACKGROUND OF THE DEBTORS

7.      On March 17, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are managing their properties and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On March 27, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 103].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

8.      Additional information regarding the Debtors, their business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Keith Maib in Support of First Day Relief* [Docket No. 2] (the "First Day Declaration"), which is fully incorporated herein by reference.[3]

---

[3]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the First Day Declaration.

**THE PLAN**

9.     Concurrently with this Motion, the Debtors filed the *Joint Plan of Liquidation for Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* (as may be amended, modified, or supplemented in accordance with the terms therein, the "Plan").  The Plan provides for the following classification and treatment of Claims and Interests:

| Class | Claims and Interests | Status | Voting Rights |
|-------|---------------------|--------|---------------|
| Class 1 | Other Secured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 2 | Other Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3A | Library Debtors General Unsecured Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class 3B | Non-Library Debtors General Unsecured Claims | Impaired | Entitled to Vote |
| Class 4 | Senior Secured Notes Claims | Impaired | Entitled to Vote |
| Class 5 | Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 6 | Existing Equity Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class 7 | Intercompany Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

10.     As set forth above, Holders of Claims in Classes 3B and 4 (the "Voting Classes") are the only Holders of Claims or Interests entitled to vote on the Plan.  All other Holders of Claims or Interests are not entitled to vote on the Plan because those Holders either (a) have a Claim that is not classified under the Plan, (b) have a Claim that is unimpaired under the Plan and are conclusively presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, or

(c) have a Claim or Interest that is impaired under the Plan, are not receiving a distribution, and are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code.

11.      The Disclosure Statement provides a summary of these chapter 11 cases, the Debtors' assets and liabilities, the sale process, and an estimate of distributions to Holders on account of Allowed Claims.  The Disclosure Statement provides Holders of Claims who are eligible to vote with sufficient detail to vote to accept or reject the Plan on an informed basis. Accordingly, the Debtors propose the Disclosure Statement and the Plan and seek a combined hearing as the most efficient means to conclude these chapter 11 cases.

## **BASIS FOR RELIEF**

**I.      The Disclosure Statement Should be Conditionally Approved for Solicitation Purposes**

12.      Pursuant to section 1125(b) of the Bankruptcy Code, a plan proponent must provide holders of impaired claims and equity interests with "adequate information" regarding a proposed chapter 11 plan of reorganization.  Section 1125(a)(1) of the Bankruptcy Code defines "adequate information" as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.[4]

Thus, a debtor's disclosure statement must, as a whole, provide information that is sufficiently detailed, so far as "reasonably practicable," to permit an "informed judgment" by impaired

---

[4]      11 U.S.C. § 1125(a)(1).

creditors entitled to vote on the plan.[5]  At a minimum, a disclosure statement "must clearly and succinctly inform the average unsecured creditor what it is going to get, when it is going to get it, and what contingencies there are to getting its distribution."[6]

13.    The Disclosure Statement contains the necessary information for Holders of Claims entitled to vote to make an informed decision about whether to vote to accept or reject the Plan including, among other things:

a)  the Plan, including a summary, the procedures for voting on the Plan and projected recoveries thereunder (Article I);

b)  the statutory requirements for confirming the Plan (Article I.F);

c)  the Debtors' organizational structure, business operations and financial obligations (Article II);

d)  the events leading to the filing of the Debtors' chapter 11 cases (Article II.D);

e)  the major events during these chapter 11 cases, including significant pleadings filed in the Debtors' chapter 11 cases and certain relief granted by the Court (Article III);

f)  the classification and treatment of Claims and Interests under the Plan, including identification of the Holders of Claims entitled to vote on the Plan (Article IV);

g)  the means for implementation of the Plan, the provisions governing distributions to certain Holders of Claims pursuant to the Plan, the procedures for resolving Disputed Claims and other significant aspects of the Plan (Articles V–XI);

h)  the releases contemplated by the Plan that are integral to the overall settlement of Claims pursuant to the Plan (Article XII);

i)  certain risk factors that Holders of Claims should consider before voting to accept or reject the Plan (Article XVII); and

---

[5]    See In re Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362 (3d Cir. 1996); In re Autobacs Strauss, Inc., 473 B.R. 525, 584 (Bankr. D. Del. 2012).

[6]    In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991).

j) certain United States federal income tax consequences of the Plan (Article XVIII).

14. The Disclosure Statement clearly, comprehensively, and succinctly describes, among other matters, the Debtors' business, the major aspects of these chapter 11 cases, and the distributions under the Plan, thereby allowing Holders of Claims in the Voting Classes to make an informed decision about whether to vote to accept the Plan. Accordingly, the Disclosure Statement should be approved as containing "adequate information" under section 1125 of the Bankruptcy Code. However, at the hearing on this Motion—which is scheduled for February 20, 2026—the Debtors seek only conditional approval of the Disclosure Statement for solicitation purposes. At the Combined Hearing, the Debtors will demonstrate on a final basis that the information set forth in the Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

15. The Debtors filed this Motion and are seeking approval of the procedures and timeline requested herein because, among other reasons, exiting bankruptcy in an efficient manner will maximize value for the benefit of all stakeholders. To ensure that the Plan is confirmed in a timely manner, the Debtors have determined in their business judgment, after consultation with the Committee and the DIP Lenders, that it is necessary and prudent to proceed on the timeline proposed herein. Accordingly, the Debtors respectfully request that the Court enter the Disclosure Statement Order approving, among other things, the Disclosure Statement on a conditional basis for solicitation purposes only.

**II.      The Disclosure Statement Satisfies Bankruptcy Rule 3016**

16. Pursuant to Bankruptcy Rule 3016(c), "[i]f a plan provides for an injunction against conduct not otherwise enjoined under the Code, the plan and disclosure statement shall describe

in specific and conspicuous language (bold, italic, or underlined text) all acts to be enjoined and identify the entities that would be subject to the injunction."[7]

17.     Article XII of the Disclosure Statement describes in detail (a) the terms of the exculpation provision under the Plan, (b) the releases provided under the Plan, the entities providing such releases, the entities being released, and the Claims and Causes of Action so released, and (c) the injunction related to the release and exculpation provisions in the Plan. Each of the foregoing sections is set forth in conspicuous, bold print. Further, the Combined Hearing Notice and the Ballots, (each as defined herein) each set forth in clear and conspicuous language the injunctions, releases, and exculpations set forth in Article XI of the Plan.

18.     Accordingly, the Debtors respectfully submit that the Disclosure Statement complies with Bankruptcy Rule 3016(c).

**III.     The Court Should Set the Combined Hearing Date and Related Deadlines and Approve the Forms of Notice Thereof**

**A.  Confirmation Objection Deadline and Combined Hearing**

19.     Section 1128 of the Bankruptcy Code provides that a court shall hold a hearing on confirmation of a plan and provides that parties in interest can object to confirmation.[8] Bankruptcy Rule 3017 provides that, on or before the approval of a disclosure statement, a bankruptcy court "may fix the date for the hearing on confirmation."[9] Pursuant to Bankruptcy Rule 3020(b)(2), a court shall rule on confirmation of a plan after notice and a hearing.[10] Section 105 of the Bankruptcy Code expressly authorizes a court to "issue an order . . . that . . . provides that the

---

[7]     Fed. R. Bankr. P. 3016(c).

[8]     11 U.S.C. § 1128.

[9]     Fed. R. Bankr. P. 3017(c).

[10]     *See* Fed. R. Bankr. P. 3020(b)(2).

hearing on approval of the disclosure statement may be combined with the hearing on confirmation of the plan" where the bankruptcy court deems a combined hearing to be "appropriate to ensure that the case is handled expeditiously and economically."[11]  In addition, Local Rule 3017-2 permits a debtor to hold a combined hearing to consider final approval of the adequacy of a disclosure statement and confirmation of the proposed plan.[12]

20.     Bankruptcy Rule 2002(b) requires that the Debtor provide notice to all creditors and parties in interest at least twenty-eight (28) days prior to the deadline for filing objections to confirmation of the Plan and the hearing on the final approval of the Disclosure Statement and the Plan.[13]  Bankruptcy Rule 2002(d), in turn, requires that equity security holders be given notice of these matters in the manner and form directed by the Court.[14]  Similarly, Bankruptcy Rule 3017(a) also requires a 28-day notice period prior to a hearing to consider a disclosure statement.[15]

21.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."[16]  The Debtors request this Court establish, through entry of the Disclosure Statement Order, March 24, 2026 at 4:00 p.m. (prevailing Eastern Time), which is twenty-eight (28) days after the Debtors expect to complete mailing of the Solicitation Packages (as defined below), as the deadline (the "Confirmation Objection Deadline") for filing objections to confirmation of the Plan and final approval of the adequacy of the disclosures in the Disclosure Statement ("Confirmation Objections").

---

[11]   11 U.S.C. § 105(d)(2)(B)(vi).

[12]   Del. Bankr. L.R. 3017-2.

[13]   Fed. R. Bankr. P. 2002(b).

[14]   Fed. R. Bankr. P. 2002(d).

[15]   Fed. R. Bankr. P. 3017(a).

[16]   Fed. R. Bankr. P. 3020(b)(1).

22.     The Debtors request that the Disclosure Statement Order require that Confirmation Objections, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and the specific grounds therefor, (e) be filed with the Court, contemporaneously with a proof of service, by no later than the Confirmation Objection Deadline, and (f) be served in accordance with the Local Rules on the Debtors, counsel to the Debtors, the U.S. Trustee, and counsel to the Committee.

23.     Additionally, the Debtors request that this Court enter an order setting April 7, 2026 (or as soon thereafter as the Court is available) as the Combined Hearing date to consider confirmation of the Plan and final approval of the adequacy of the disclosures in the Disclosure Statement.   The Debtors submit that the Combined Hearing will streamline and expedite the confirmation process, which will inure directly to the benefit of creditors by allowing the Debtors to implement the Plan in a timely and efficient manner and limiting the amount of time the Debtors remain in chapter 11.  Under the circumstances, a combined hearing will spare the Debtors from additional administrative expenses associated with a two-stage process and will promote judicial efficiency and economy.   The proposed Combined Hearing date complies with Local Rule 9006-1(c) that requires seven (7) days between the objection deadline and the hearing, and provides parties in interest at least 35 days' notice of the Combined Hearing.

**B.      Combined Hearing Notice and Notice of Non-Voting Package**

24.     In addition, pursuant to Bankruptcy Rule 9007, the Debtors request that the Court approve the form of notice of the Combined Hearing, substantially in the form attached to the

Disclosure Statement Order as Exhibit 1 (the "Combined Hearing Notice").[17]    The Combined Hearing Notice contains, among other things, the date and time of the Combined Hearing and the Confirmation Objection Deadline, and will be mailed by Kurtzman Carson Consultants, LLC (KCC) dba Verita Global ("Verita") to all parties in interest, including all known Holders of Claims and Interests and all parties required to be notified under Bankruptcy Rule 2002 and Local Rule 2002-1.  In accordance with Bankruptcy Rule 2002(b), the Combined Hearing Notice will provide parties in interest with at least twenty-eight (28) days' notice of the Confirmation Objection Deadline and thirty-five (35) days' notice of the date of the Combined Hearing.

25.    Pursuant to section 1126(g) of the Bankruptcy Code, Holders of Intercompany Claims in Class 5, Existing Equity Interests in Class 6, and Intercompany Interests in Class 7 are deemed to reject the Plan.  Pursuant to section 1126(f) of the Bankruptcy Code, Holders of Other Secured Claims in Class 1, Other Priority Claims in Class 2, and Library Debtors General Unsecured Claims in Class 3A are deemed to accept the Plan.

26.    Accordingly, Holders of Other Secured Claims in Class 1, Other Priority Claims in Class 2, Library Debtors General Unsecured Claims in Class 3A, Intercompany Claims in Class 5, Existing Equity Interests in Class 6, and Intercompany Interests in Class 7, as of the Voting Record Date, will not be provided the Solicitation Package (as defined below) because such Holders are either (a) unimpaired under, and conclusively presumed to accept, the Plan pursuant to section 1126(f) of the Bankruptcy Code or (b) impaired under, and conclusively deemed to reject, the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Along with the Combined Hearing Notice, the Debtors propose to distribute to Holders of Claims in these classes a notice of non-voting status,

---

[17]    *See* Fed. R. Bankr. P. 9007.

substantially in the forms attached to the Disclosure Statement Order as <u>Exhibit 3-A</u> and <u>Exhibit 3-B</u> (respectively, the "<u>Notice of Unimpaired Non-Voting Status</u>" and "<u>Notice of Impaired Non-Voting Status</u>" and, together, the "<u>Notice of Non-Voting Package</u>"), as applicable.  The Notice of Non-Voting Package provides notice of (a) the conditional approval of the Disclosure Statement and entry of the Disclosure Statement Order, (b) the Combined Hearing and Plan, (c) the Holder's non-voting status under the Plan, (d) how to obtain copies of the Plan and Disclosure Statement, and (e) the deadline and procedure for filing objections to the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement.  The Debtors submit that the Notice of Non-Voting Package satisfies the requirements of Bankruptcy Rule 3017(d).

> **C.    Publication Notice**

27.    Further, to supplement notice of the Combined Hearing by mail, the Debtors will publish the Combined Hearing Notice (with such changes as may be appropriate for purposes of publication, the "<u>Publication Notice</u>") at least twenty-one (21) days prior to the Confirmation Objection Deadline or as soon as reasonably practicable thereafter in the national edition of *The Wall Street Journal*, *The Los Angeles Times*, or such other media sources as they deem appropriate.  Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement notice."[18]  The Debtors submit that publication of the Publication Notice will provide sufficient notice of the Confirmation Objection Deadline, the Combined Hearing, and other relevant deadlines to parties in interest who may not otherwise receive the Combined Hearing Notice by mail.

---

[18]    Fed. R. Bankr. P. 2002(l).

28.     The Debtors submit that the foregoing service and notice comports with the requirements of the Bankruptcy Rules and the Local Rules, and request that the Court approve such service and notice as adequate.

### D.     Pleadings in Support of the Plan and Disclosure Statement

29.     Finally, the Debtors further request that they and the other parties in interest be permitted to file memoranda of law and any affidavits or declarations in support of confirmation of the Plan and/or final approval of the adequacy of the disclosures contained in the Disclosure Statement and, if necessary, file replies to any objections by April 3, 2026 at noon (prevailing Eastern Time) (or noon (prevailing Eastern Time) three (2) Business Days prior to the date of any adjourned Combined Hearing).  In addition, the Debtors request that they be permitted to file the Voting Declaration (as defined below) and proposed Confirmation Order by such deadline.

## IV.     The Court Should Approve the Voting Procedures

30.     The Debtors respectfully request that the Court approve (a) the voting record date (the "Voting Record Date"), (b) the voting deadline (the "Voting Deadline"), (c) the deadlines for any motion brought pursuant to Bankruptcy Rule 3018(a), (d) the Debtors' transmittal of the Solicitation Packages (as defined below) to the Voting Classes, and (e) the Ballots (as defined below) (collectively, the "Voting Procedures").

### E.     Voting Record Date

31.     Bankruptcy Rule 3018(a) provides that a creditor cannot vote on a plan unless it is a holder of record of a claim on the date that the disclosure statement is approved, or such other date that is fixed by the Court.[19]  Bankruptcy Rule 3017 provides that the bankruptcy court may

---

[19]     *See* Fed. R. Bankr. P. 3018(a).

set the date on which the disclosure statement is approved or another date as the record date for determining which holders of securities are entitled to receive solicitation materials, including ballots for voting on a chapter 11 plan.[20]  The Debtors request that the Voting Record Date be set as February 18, 2026.

32.     Transferred Claims in Voting Classes must comply with the procedures of this paragraph (the "Transfer Procedures"). With respect to any transferred Claim in the Voting Classes, the transferee will be entitled to receive a Solicitation Package and cast a Ballot (each as defined below) on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e), if any, have been completed on or before the Voting Record Date.   In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot by the transferor.   The Transfer Procedures set forth in this paragraph shall apply fully to any transferred Claim and the transferee thereof to the extent such transferee desires to take any other actions set forth in this Motion, which actions are similarly limited to the Holders of certain Claims as of the Voting Record Date.

### F.     Voting Deadline

33.     Bankruptcy Rule 3017(c) provides that "[o]n or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan."[21]  Further, Local Rule 3017-2(b)(v)(C) requires that a voting deadline be at least ten (10) days before a joint hearing.   The Debtors request that the Court set the Voting Deadline as March 24, 2026, at 4:00 p.m. (prevailing Eastern Time), which is at least 10 days before the

---

[20]   *See* Fed. R. Bankr. P. 3017(d).

[21]   Fed. R. Bankr. P. 3017(c).

Combined Hearing.  Subject to the Tabulation Procedures (as defined below), any Ballot received after the Voting Deadline may not be counted.  The Voting Deadline provides the Voting Classes with sufficient time within which the Voting Classes can analyze the Plan and Disclosure Statement, consult with legal and financial advisors, and return the Ballot, while maintaining the efficient pace of these chapter 11 cases.  Accordingly, the Debtors request that the Court approve the Voting Deadline.

### G.      Solicitation of Voting Classes

34.      Bankruptcy Rule 3017(d) lists the materials that must be provided to holders of claims and interests for the purpose of soliciting votes on a chapter 11 plan and providing adequate notice of the hearing to consider confirmation thereof.  Specifically, Bankruptcy Rule 3017(d) provides, in relevant part, that:

> [u]pon approval of a disclosure statement, — except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders — the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders, and in a chapter 11 reorganization case shall transmit to the United States trustee:
>
> (1)      the plan or a court-approved summary of the plan;
>
> (2)      the disclosure statement approved by the court;
>
> (3)      notice of the time within which acceptances and rejections of the plan may be filed; and
>
> (4)      any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.[22]

---

[22]  Fed. R. Bankr. P. 3017(d).

-16-

35.     Consistent with Bankruptcy Rule 3017(d), by no later than two (2) Business Days following the entry of the Disclosure Statement Order, or as soon as reasonably practicable thereafter (the "Solicitation Date") (anticipated to be February 24, 2026), the Debtors intend to mail or cause to be mailed a solicitation package containing: (a) the Combined Hearing Notice; (b) an appropriate Ballot; (c) the Disclosure Statement, with all exhibits thereto, including the Plan; (d) the Disclosure Statement Order (excluding exhibits thereto); (e) a pre-addressed stamped return envelope; (f) the letter from the Committee recommending that the Voting Classes vote in favor of the Plan (the "Committee Letter"); and (g) such other materials as the Court directs (collectively, the "Solicitation Package"), by first class mail on Holders of Claims in the Voting Classes as of the Voting Record Date.

36.     The Debtors also shall serve, no later than the Solicitation Date, Holders of Claims in Classes 1, 2, 3A, 5, 6, and 7, with a copy of the applicable portion of the Notice of Non-Voting Package.  No other interested parties shall receive copies of the Plan, Disclosure Statement, or the other materials contained in the Solicitation Packages unless such documents are requested in accordance with the procedures set forth in the Combined Hearing Notice.  The Plan, Disclosure Statement, and Disclosure Statement Order will be available at no charge in the "Solicitation Materials" link located on the left-hand navigation panel of the Debtors' case management website, https://www.veritaglobal.net/vreg (the "Case Management Website").

37.     The Debtors will not mail Solicitation Packages to creditors on account of Claims that have already been paid in full; *provided*, *however*, that if any such creditor would be entitled to receive a Solicitation Package for any other reason, then the Debtors will send that creditor a Solicitation Package in accordance with the procedures set forth herein.

38.    The Debtors anticipate that the United States Postal Service may return some Solicitation Packages, Combined Hearing Notices, and/or Notices of Non-Voting Packages as undeliverable.  The Debtors submit that it is costly and wasteful to re-mail those packages to the same addresses from which mail previously was returned as undeliverable.  Therefore, the Debtors request a waiver of any requirement to mail Solicitation Packages, Combined Hearing Notices, and/or Notices of Non-Voting Packages to addresses from which the Debtors received mailings returned as undeliverable, unless the Debtors are provided with a new mailing address sufficiently before the Voting Record Date.  Additionally, the Debtors and Verita should not be required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots) or Combined Hearing Notices.

**H.    Ballots**

39.    Bankruptcy Rule 3017(d) requires the Debtors to mail a form of ballot which substantially conforms to Official Bankruptcy Form No. B 314, to "creditors and equity security holders entitled to vote on the plan."[23]  The Debtors propose to distribute to each Holder of a Claim in the Voting Classes a ballot substantially in the forms attached to the Disclosure Statement Order as Exhibits 2-A through 2-B (collectively, the "Ballots"), as applicable.  The Ballots are based on Official Form No. B 314 but have been modified to address the particular aspects of the Debtors' chapter 11 cases.  The Ballots (a) provide Holders of Claims in each Voting Class with clear instructions on how to complete and return each Ballot, (b) prominently feature the Voting Deadline, (c) clearly and unequivocally state that Ballots received after the Voting Deadline may

---

[23]    Fed. R. Bankr. P. 3017(d).

not be counted, and (d) disclose, in clear and conspicuous language, the Plan's releases and injunction.  The Debtors respectfully request that the Court approve the Ballots.

40.    In addition to accepting hard-copy Ballots via first-class mail, overnight courier, and hand delivery, the Debtors seek authorization to permit Verita to accept Ballots via electronic online transmission through a customized online portal on the Case Management Website (the "E-Ballot Portal").  The use of E-Ballot Portals has become common practice in this jurisdiction.  The encrypted data and audit trail created by such electronic submission shall become part of the record of any Ballot (or other document) submitted in this manner, and the creditor's electronic signature will be deemed to be a signature immediately legally valid and effective (the procedures in this paragraph, the "E-Ballot Procedures").

41.    The Debtors propose that Verita shall retain all paper copies of Ballots and all solicitation-related correspondence for one (1) year following the Effective Date of the Plan, whereupon Verita is authorized to destroy and/or otherwise dispose of all paper copies of Ballots, printed solicitation materials including unused copies of the Solicitation Package and all solicitation-related correspondence (including undeliverable mail), in each case unless otherwise directed by the Debtors or the Clerk of the Court in writing within such one (1) year period.

## V.    The Court Should Approve the Tabulation Procedures

42.    The Debtors propose to employ the following rules in tabulating votes to accept or reject the Plan (collectively, the "Tabulation Procedures" and, together with the Voting Procedures, the "Solicitation Procedures") and respectfully request that the Tabulation Procedures be approved:

(a)    Unless otherwise provided in these Tabulation Procedures, a Claim will be deemed temporarily allowed for voting purposes only in an amount equal to: (i) if no Proof of Claim has been timely filed in respect of such Claim,

-19-

the liquidated, non-contingent, undisputed amount of such Claim as set forth in the Debtors' schedules of assets and liabilities (collectively, as may be amended from time to time, the "Schedules"), (ii) if a Proof of Claim has been timely filed in respect of such Claim, the liquidated and non-contingent amount set forth in such proof of Claim, or (iii) as otherwise set forth in the Plan; and

(b)     If a Claim is deemed Allowed, pursuant to the Plan or by order of this Court (entered prior to the Voting Deadline), that Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan or any such order.

(c)     If a Claim in a Voting Class is subject to an objection or request for estimation that is filed with the Bankruptcy Court on or prior to seven (7) days before the Voting Deadline: (i) the Debtors shall cause the applicable Holder to be served with a notice of such objection or request for estimation; and (ii) the applicable Holder shall not be entitled to vote to accept or reject the Plan on account of such Claim unless a Resolution Event (as defined herein) occurs as provided herein, *provided*, *however,* that if the objection seeks only to reduce the Allowed amount of the Claim, then that Claim is temporarily allowed for voting purposes in the proposed reduced amount, except as may be ordered by the Court.

(d)     If a Claim in the Voting Class is subject to an objection or request for estimation that is filed with the Bankruptcy Court fewer than seven (7) days prior to the Voting Deadline, the applicable Claim shall be deemed temporarily allowed for voting purposes only, without further action by the Holder of such Claim and without further order of the Court, unless the Bankruptcy Court orders otherwise.

(e)     A "Resolution Event" means the occurrence of one or more of the following events:

    (i)     an order of the Bankruptcy Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    (ii)     an order of the Bankruptcy Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    (iii)     a stipulation or other agreement is executed between the Holder of such Claim and the Debtors resolving the objection and allowing such Claim, which allowance may be for voting purposes only, in an agreed-upon amount and such

agreement (or notice of such agreement) is conveyed by the Debtors to Verita by electronic mail or otherwise; or

(iv)    the pending objection or request for estimation is voluntarily withdrawn by the objecting / requesting party.

(f)    No later than one (1) business day following the occurrence of a Resolution Event, the Debtors shall cause the Claims, Noticing, and Solicitation Agent to distribute via email or overnight mail a Solicitation Package and a pre-addressed, postage pre-paid envelope to the relevant Holder to the extent such Holder has not already received a Solicitation Package.

(g)    If a Claim for which a Proof of Claim has been timely filed asserts both liquidated and unknown, unliquidated, undetermined and/or contingent amounts, that Claim will be temporarily Allowed for voting purposes, and not for purposes of allowance or distribution, in the liquidated amount.

(h)    If a Claim for which a Proof of Claim has been timely filed asserts wholly unknown, unliquidated, undetermined and/or contingent amounts, that Claim will be temporarily Allowed for voting purposes only, and not for purposes of allowance or distribution, and accorded one vote and valued at an amount equal to one dollar ($1.00).

(i)    If a Holder of a Claim identifies a Claim amount in its Ballot that is different than the amount otherwise calculated in accordance with the Tabulation Procedures, the Claim will be temporarily Allowed for voting purposes in the amount calculated in accordance with the Tabulation Procedures.

(j)    Creditors with Claims that have been indefeasibly paid, in full or in part, shall only be permitted to vote the unpaid amount of that Claim, if any, to accept or reject the Plan.

(k)    Duplicate Claims within the Voting Classes will be deemed temporarily Allowed for voting purposes only in an amount equal to one of those Claims and not in an amount equal to the aggregate of those Claims.

(l)    If a Claim has been estimated for voting purposes or otherwise Allowed for voting purposes by order of the Court, that Claim is temporarily Allowed for voting purposes in the amount so estimated or Allowed in such order.

(m)    Creditors will not be entitled to vote Claims to the extent their Claims have been superseded and/or amended by other Claims filed by or on behalf of such creditors, regardless of whether the Debtors have objected to the earlier filed Claim.

(n)    Claims filed for $0.00 or that are blank are not entitled to vote.

-21-

(o)     For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in one of the Voting Classes will be aggregated as if that creditor held one claim in such Voting Class, and the votes related to those Claims will be treated as a single vote to accept or reject the Plan.

(p)     Any Holder who has filed or purchased duplicate Claims within a Voting Class will be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to those duplicate Claims.

(q)     Delivery of a defective or Irregular Ballot (as defined below) will not be deemed to have been made until the defect or irregularity has been cured or waived by the Debtors.   Any waiver by the Debtors of defects or irregularities in any Ballot will be detailed in the Voting Declaration filed with the Court by Verita.

(r)     The Holder must complete each section of the Ballot, including, without limitation, certifying the amount of its Claim, voting to accept or reject the Plan, completing the requested identification information, and signing and dating the Ballot.

(s)     The Holder must vote all of its Claims either to accept or reject the Plan. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.  To the extent possible, the Debtors will mail each Holder of a Claim in a Voting Class a single Ballot on account of the Claims held by the Holder in such Voting Class.

(t)     If multiple valid Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot timely received will be deemed to reflect that Holder's intent and will supersede and revoke any prior Ballot received.  If a Holder simultaneously casts inconsistent Ballots, those Ballots will not be counted.

(u)     Any Voting Class that contains Claims entitled to vote but for which no valid votes are returned shall be deemed to have accepted the Plan.

(v)     If the party executing the Ballot is signing as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or acting in a fiduciary or representative capacity, that party should indicate its capacity when signing and, if required or requested by Verita, the Debtors, or the Court, must submit evidence satisfactory to the requesting party to act on behalf of the Holder of the Claim.

(w)     Subject to any contrary order of the Court, the Debtors further reserve the right to waive any defects or irregularities or conditions of delivery as to

any particular Ballot. Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots nor will any of them incur any liabilities for failure to provide such notification. Verita in its discretion, may contact entities entitled to vote to cure any defects in the Ballot; *provided*, *however*, that Verita is not obligated to do so.

(x)    In addition, the following Ballots may not be counted in determining the acceptance or rejection of the Plan:

    i.    any Ballot that is illegible or contains insufficient information to permit the identification of the Holder;

    ii.    any Ballot that (A) does not indicate an acceptance or rejection of the Plan, (B) indicates both an acceptance and rejection of the Plan, and/or (C) partially accepts and partially rejects the Plan;

    iii.    any Ballot cast by a person who does not hold, or represent a person that holds, a Claim in a Voting Class as of the Voting Record Date;

    iv.    any Ballot received after the Voting Deadline unless the Debtors have granted an extension in writing (including e-mail) with respect to such Ballot. The Holder of a Claim may choose the method of delivery of its Ballot to Verita at its own risk. Delivery of the Ballot will be deemed made only when the properly executed Ballot is actually received by Verita;

    v.    any Ballot delivered by facsimile transmission, electronic mail, or any other means not specifically approved herein, provided that valid Ballots submitted through the E-Ballot Portal will be counted;

    vi.    any Ballot sent to a person other than Verita; and

    vii.    any Ballot not bearing a signature.

43.    The Debtors will file with the Court a certification of votes (the "Voting Declaration"), which shall, among other things, set forth the voting results, certify to the Court in writing the voting amount and number of Claims in each Voting Class accepting or rejecting the Plan, and delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures or other necessary

-23-

information, received via facsimile or electronic mail, or damaged ("Irregular Ballots"). The Voting Declaration shall indicate the Debtors' intentions with regard to each Irregular Ballot. The Debtors submit that the proposed Tabulation Procedures set forth above will establish a fair and equitable voting process and, therefore, should be approved.

## NON-SUBSTANTIVE MODIFICATIONS

44.     The Debtors request authorization to make non-substantive modifications to the Combined Hearing Notice, Solicitation Package, Ballots, Notice of Non-Voting Package, Publication Notice, and related documents without further order of the Court, including modifications to correct typographic and grammatical errors, if any, and to make conforming modifications to the Disclosure Statement and the Plan, and any other materials in the Solicitation Package prior to distribution.

## NOTICE

45.     The Debtors will provide notice of this Motion to: (a) counsel to the ABS Trustee, Barnes & Thornburg LLP, One North Wacker Drive Suite 4400, Chicago, IL 60606, Attn.: Aaron Gavant (agavant@btlaw.com) (b) counsel to the DIP Lenders, Morrison Foerster, 250 West 55th Street, New York, NY 10019, Attn.: James Newton (jnewton@mofo.com); (c) counsel to Vine Alternative Investments Group, LLC, Cooley LLP, 55 Hudson Yards, New York, NY 10001 Attn.: Daniel Shamah (dshamah@cooley.com); (d) counsel to Magnum Films SPC, DLA Piper LLP, 121 Avenue of the Americas, New York, NY, 10020, Attn: Dennis C. O'Donnell (dennis.odonnell@dlapiper.com); (e) counsel to the ad hoc group of ABS Noteholders, Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019, Attn: Joel Simwinga (jmsimwinga@wlrk.com); (f) counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019, Attn:

Robert Feinstein (rfeinstein@pszjlaw.com) and Bradford Sandler (bsandler@pszjlaw.com); (g) counsel to Warner Bros., (i) O'Melveny & Myers LLP, 400 South Hope Street, Suite 1900, Los Angeles, CA 90071, Attn.: Steve Warren (swarren@omm.com), and (ii) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, DE 19801, Attn.: Curtis S. Miller (cmiller@morrisnichols.com), (h) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), 844 N. King Street, Room 2207, Wilmington, DE 19801, Attn.: Timothy J. Fox (timothy.fox@usdoj.gov); (i) the United States Attorney's Office for the District of Delaware; and (j) any party that requests service pursuant to Bankruptcy Rule 2002. A copy of this Motion is also available on the website of the Debtors' notice and claims agent at https://www.veritaglobal.net/vreg. In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, the Debtors respectfully request entry of the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: January 29, 2026
Wilmington, Delaware

*/s/ Joseph M. Mulvihill*

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Joseph M. Mulvihill (Del. Bar No. 6061)
Brynna M. Gaffney (Del. Bar No. 7402)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        jmulvihill@ycst.com
              bgaffney@ycst.com


*Co-Counsel for the Debtors and Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**
Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Telephone:    (312) 499-6300
Facsimile:    (312) 499-6301
Email:        jbernbrock@sheppardmullin.com
              mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:    (310) 228-3700
Facsimile:    (310) 228-3701
Email:        jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:    (212) 653-8700
Facsimile:    (212) 653-8701
Email:        apaddock@sheppardmullin.com

*Co-Counsel for the Debtors and Debtors in Possession*