**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al.*,[1] | ) Case No. 25-10475 (TMH) |
| | ) (Jointly Administered) |
| Debtors. | ) **Ref. Docket No. 1319** |
| | ) |

**ORDER (I) CONDITIONALLY APPROVING
THE DISCLOSURE STATEMENT, (II) SCHEDULING THE
COMBINED HEARING, (III) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR CONFIRMATION OF PLAN AND FINAL APPROVAL
OF ADEQUACY OF DISCLOSURES, (IV) ESTABLISHING SOLICITATION,
VOTING, AND RELATED PROCEDURES, (V) APPROVING RELATED DATES,
DEADLINES, AND PROCEDURES, AND (VI) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (a) conditionally approving the Disclosure Statement for solicitation purposes only, (b) scheduling the Combined Hearing, (c) approving the procedures with respect to confirmation of the Plan and final approval of adequacy of the Disclosure Statement, including the procedures for filing objections thereto, the form and manner of the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, and the form and manner of the Notice of Non-Voting Package, substantially in the forms attached hereto as **Exhibits 3-A** and **3-B**, (d) approving the solicitation, voting, and

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

tabulation procedures for the Plan, including, among other things, the form of Ballots, substantially in the forms attached hereto as **Exhibits 2-A** through **2-B**, (e) approving related dates, deadlines, and procedures, and (f) granting related relief, each as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"), if any; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

**IT IS FOUND AND DETERMINED THAT:**

1.      **Notice of Combined Hearing and Confirmation Objection Deadline**. The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the hearing to consider confirmation of the Plan and final approval of the adequacy of the Disclosure Statement (the "Combined Hearing"), including the Combined Hearing Notice substantially in the

form attached hereto as **Exhibit 1**, and for filing objections or responses to the Plan or the final approval of the Disclosure Statement, provide due, proper, and adequate notice, comport with due process, and comply with Bankruptcy Rules 2002 and 3017 and Local Rules 3017-2 and 9006-1. No further notice is required.

2.      **Balloting and Voting Procedures**. The procedures set forth in the Motion for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

3.      **Ballots**. The ballots, substantially in the forms annexed hereto as **Exhibits 2-A** and **2-B** (collectively, the "Ballots"), including all voting instructions provided therein, are consistent with Official Bankruptcy Form No. B 314, address the particular needs of these chapter 11 cases, and provide adequate information and instructions for each individual entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

4.      **Parties Entitled to Vote**. Pursuant to the Plan, Holders of Claims in Classes 3B and 4 are impaired under the Plan.  Accordingly, Holders of Claims in such classes are entitled to vote on account of such Claims.

5.      **Solicitation Packages**. The proposed distribution and contents of the Solicitation Packages comply with Bankruptcy Rules 2002 and 3017 and Local Rule 9006-1 and constitute sufficient notice to all interested parties of the Voting Record Date, Voting Deadline, Confirmation Objection Deadline, Combined Hearing, and other related matters.

6.      **Solicitation Period**. The period proposed by the Debtors in the Motion during which the Debtors may solicit votes to accept or reject the Plan is a reasonable and sufficient period of time for the Voting Classes to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

7. **Parties Not Entitled to Vote**. Pursuant to the Plan, Holders of Claims in Classes 1, 2, 3A, 5, 6 and 7 are either (a) unimpaired under and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on account of such Claims, or (b) impaired under, and, accordingly, pursuant to section 1126(g) of the Bankruptcy Code, are deemed to reject, the Plan and are not entitled to vote on account of such Claims.  Accordingly, pursuant to sections 1126(f)-(g) of the Bankruptcy Code, those Holders are deemed to accept or reject the Plan and/or are otherwise not entitled to vote on account of such claims.

8. **Notice of Non-Voting Package**. The Notice of Non-Voting Package, substantially in the forms attached hereto as **Exhibits 3-A** and **3-B**, complies with the Bankruptcy Code, applicable Bankruptcy Rules, and applicable Local Rules and provides adequate notice to creditors holding Impaired or Unimpaired Claims not in the Voting Classes of their non-voting status.

9. **Notice**. All other notices to be provided pursuant to the procedures set forth in the Motion constitute good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Combined Hearing.  No further notice is required.

10. **Relief is Warranted**. The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED THAT:**

11. The relief requested in the Motion is granted as set forth herein. The Disclosure Statement is conditionally approved as containing adequate information for solicitation purposes under sections 105 and 1125 of the Bankruptcy Code, Bankruptcy Rule 3017, and Local Rule 3017-2.

12.    The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article XI of the Plan, in accordance with Bankruptcy Rule 3016(c).

13.    This Court shall conduct the Combined Hearing for (a) final approval of the Disclosure Statement as containing adequate information, and (b) confirmation of the Plan.  The Combined Hearing shall be held on April 16, 2026 at 10:00 a.m. (prevailing Eastern Time), as may be adjourned or continued from time to time by the Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

14.    The Confirmation Objection Deadline shall be March 27, 2026, at 4:00 p.m. (prevailing Eastern Time).  Objections to the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement, if any, must (a) be in writing, (b) comply with the Bankruptcy Rules and the Local Rules, (c) set forth the name of the objector and the nature and amount of any claim or interest asserted by the objector against or in the Debtors, (d) state with particularity the legal and factual bases for the objection and the specific grounds therefor, (e) be filed with the Court, contemporaneously with a proof of service, by no later than the Confirmation Objection Deadline; and (f) be served in accordance with the Local Rules on the following parties (collectively, the "Confirmation Objection Notice Parties"): (a) the Debtors, Village Roadshow Entertainment Group USA Inc., 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA (Attn: Kevin Berg (kevin.berg@vreg.com) and Keith Maib (kmaib@accordion.com)); (b) counsel to the Debtors, Sheppard, Mullin, Richter & Hampton LLP, 321 North Clark Street, 32nd Floor, Chicago, IL 60654 (Attn.: Justin R. Bernbrock (jbernbrock@sheppardmullin.com), Jennifer L. Nassiri (jnassiri@sheppardmullin.com), Alyssa

Paddock (apaddock@sheppardmullin.com), and Matthew T. Benz (mbenz@sheppardmullin.com)), and (ii) Young Conaway Stargatt & Taylor, LLP, 1000 N. King Street, Rodney Square, Wilmington, DE 19801 (Attn.: Joseph M. Mulvihill (jmulvihill@ycst.com));  (c) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), J. Caleb Boggs Federal Building, 844 King Street, Suite 2207, Wilmington, DE 19801 (Attn.: Timothy Fox (timothy.fox@usdoj.gov)); and (d)  counsel to the Official Committee of Unsecured Creditors, Pachulski Stang Ziehl & Jones LLP, 1700 Broadway, 36th Floor, New York, NY 10019 (Attn: Robert Feinstein (rfeinstein@pszjlaw.com) and Bradford Sandler (bsandler@pszjlaw.com)).

15.     Pursuant to Bankruptcy Rule 3020(b), if no objection is timely filed, this Court may determine that the Plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

16.     Objections to confirmation of the Plan or final approval of the adequacy of the disclosures contained in the Disclosure Statement that are not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

17.     The Debtors are authorized to file and serve replies or an omnibus reply to any objections to confirmation of the Plan or final approval of the Disclosure Statement, memoranda of law in support of confirmation of the Plan or final approval of the Disclosure Statement, any affidavits or declarations in support of confirmation of the Plan (including the Voting Declaration) or final approval of the Disclosure Statement, and the proposed Confirmation Order, by April 13, 2026, at noon (prevailing Eastern Time) (or noon (prevailing Eastern Time) two (2) Business Days prior to the date of any adjourned Combined Hearing) (the "Confirmation Materials Deadline").  In addition, any party in interest may file and serve a statement in support of

confirmation of the Plan or final approval of the Disclosure Statement and/or a reply to any objections to confirmation of the Plan or final approval of the Disclosure Statement by the Confirmation Materials Deadline.

18.　　The Combined Hearing Notice, in the form attached hereto as **Exhibit 1**, and Notice of Non-Voting Package, in the forms attached hereto as **Exhibits 3-A** and **3-B**, are hereby approved.

19.　　In accordance with Bankruptcy Rule 2002, the Debtors shall serve the Combined Hearing Notice by first class mail on all parties in interest.

20.　　The Publication Notice is hereby approved.  At least twenty-one (21) days prior to the Confirmation Objection Deadline, or as soon as reasonably practicable thereafter, the Debtors shall publish the Publication Notice in either the national edition of *The Wall Street Journal*, *The Los Angeles Times*, or such other media sources as they deem appropriate.

21.　　The Voting Procedures are hereby approved.

22.　　The Voting Record Date shall be February 18, 2026.

23.　　The Transfer Procedures are hereby approved. With respect to any transferred Claim in the Voting Classes, the transferee will be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e), if any, have been completed on or before the Voting Record Date.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote made on the Ballot by the transferor.

24.　　The Voting Deadline shall be March 27, 2026, at 4:00 p.m. (prevailing Eastern Time).

25.     Any objections to Claims for voting purposes or requests to estimate a Claim for voting purposes shall be filed and served by no later than March 20, 2026 at 4:00 p.m. (prevailing Eastern Time) (or seven (7) days prior to the Voting Deadline).

26.     The Solicitation Date shall be no later than five business days following the date of entry of this Order, or as soon as reasonably practicable thereafter.

27.     The Solicitation Packages are approved.

28.     The Committee Letter, in the form attached hereto as **Exhibit 5**, is authorized to be included in the Solicitation Packages.

29.     The Debtors shall serve the Solicitation Packages by first class mail only on the Holders of Claims in the Voting Classes no later than the Solicitation Date, with (a) in electronic format on a USB flash drive, (i) the Disclosure Statement and (ii) Disclosure Statement Order, and (b) in paper format, (i) the Combined Hearing Notice, (ii) an appropriate Ballot, (iii) a pre-addressed stamped return envelope, and (iv) the Committee Letter.  No other parties shall receive copies of the Plan, Disclosure Statement or the other materials contained in the Solicitation Packages unless such documents are requested in accordance with the procedures set forth in the Combined Hearing Notice.

30.     The Debtors shall be excused from distributing Solicitation Packages, Combined Hearing Notices, and/or Notice of Non-Voting Packages to those persons or entities listed at addresses for which previous mailings have been returned as undeliverable, unless the Debtors receive written notice of accurate addresses for such persons or entities prior to the Voting Record Date.  The Debtors and Verita are also not required to conduct any additional research for updated addresses based on undeliverable Solicitation Packages (including undeliverable Ballots), Combined Hearing Notices, or Notice of Non-Voting Package.

31.     The Ballots, in the forms attached as **Exhibits 2-A** through **2-B**, are hereby approved.

32.     The Tabulation Procedures are approved.

33.     The Debtors are authorized to make non-substantive and ministerial changes to the Combined Hearing Notice, Solicitation Package, Ballots, Notice of Non-Voting Package, Publication Notice, and related documents, without further approval of the Court prior to its dissemination, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Plan and any of such materials prior to their distribution.

34.     The terms of this Order shall be effective immediately upon its entry.

35.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

36.     The Debtors are authorized to take all such actions as are necessary or appropriate to implement the terms of this Order.

37.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

38.     Warner Bros. Provision:[3] Notwithstanding the terms of the Motion [D.I. 1319], the Disclosure Statement, the proposed Plan, this Order, and, with respect to any of the foregoing, any applicable exhibits thereto or hereto, or any actions authorized hereby,

---

[3]    Capitalized terms used but not otherwise defined in this paragraph shall have the meanings ascribed to them in the *Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and its Debtor Affiliates* [D.I. 1317] (the "Plan"), which such Plan (as that term is used herein) includes the Plan as may be hereafter amended. "Matrix Arbitration" and "Cure Claim" shall have the meanings ascribed to them in the Library Assets Sale Order.

(a) nothing herein or therein shall:

(i) alter or supersede the Debtors' prior stipulations with Warner Bros. Entertainment Inc. and its affiliates (collectively, "Warner Bros.") in these cases, and the rights afforded Warner Bros. thereunder, including as set forth in the DIP Order, *Order Approving Stipulation* [D.I. 545] (the "Lift Stay Order") and subsequent Sale Orders (including, for the avoidance of doubt, the Library Assets Sale Order) (with such orders constituting the "Warner Orders");

(ii) impose any separate motion practice requirement in connection with the Debtors' proposed treatment and classification of Warner Bros.' claims under the proposed Plan, which shall instead be addressed in connection with the Court's final consideration of approval of the Disclosure Statement and Plan confirmation;

(iii) alter, limit or impair Warner Bros.' rights, claims and defenses against the Debtors related to Matrix IV/The Matrix Resurrections or the Matrix Arbitration, including any rights to recover all damages (including interest accruing at any time, whether before or after the Effective Date of the Plan) on account of Warner Bros.' claims in the pending Matrix Arbitration and all rights of setoff or recoupment;

(iv) alter, limit or impair Warner Bros.' rights with respect to the Warner Bros. Reserve as set forth in the DIP Order and subsequent Sale Orders (including, for the avoidance of doubt, the Library Assets Sale Order);

(v) impose any additional condition for the determination, allowance or payment of Warner Bros.' claims in the pending Matrix Arbitration, except as otherwise set forth in this Court's existing Warner Orders, which provide for the payment of Warner Bros.' claims in the Matrix Arbitration without the need for further order of the Court;

(vi) alter or impair any of Warner Bros.' legal, equitable, or contractual rights under applicable law, which, for the avoidance of doubt, are fully preserved;

(vii) be contrary to Warner Bros.' rights to seek to ensure that its claims (including its claims in the Matrix Arbitration) be treated as fully unimpaired and as Cure Claims;

(viii) alter the scope or terms of any Warner Bros. assumed contracts to Alcon Media Group, LLC (or any of its designees), which, for the avoidance of doubt, shall remain consistent with the Warner Bros. Assumption and Assignment Procedures (as set forth and defined in the Bid Procedures Order), any Warner Bros. Contracts Schedule (as defined in the Bid Procedures Order), the Sale Orders, the order approving the Library Assets sale supplement [D.I. 1231], and the Scheduling Order;

(ix) impose any Third-Party Release or exculpatory provision on Warner Bros., Warner Bros.' objections to the propriety of which are fully preserved in connection with the Confirmation Objection Deadline.

(b) Warner Bros. retains all rights to further object to the Plan in connection with the Confirmation Objection Deadline;

(c) the Notice of Non-Voting Package has been amended to include an Opt-Out form for creditors holding Unimpaired or Impaired Claims not in the Voting Classes; and

(d) any Schedule of Assumed Executory Contracts and Unexpired Leases, as described in the Disclosure Statement, shall be included as a Plan Supplement, and Warner Bros.' rights with respect thereto are fully preserved as otherwise set forth herein and in connection with Plan confirmation.

*Thomas M. Horan*

Dated: February 20th, 2026
Wilmington, Delaware

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**

-11-