## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| VILLAGE ROADSHOW ENTERTAINMENT | ) Case No. 25-10475 (TMH) |
| GROUP USA INC., *et al.*, [1] | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |
| | ) **Ref. Docket No. 1337** |
| | ) |

## DEBTORS' OBJECTION TO G.O.A.T. MEDIA, LLC'S RULE 2004 MOTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors" or "Village")[2] hereby file this objection (this "Objection") to *Motion of The G.O.A.T. Media, LLC for Examination and Limited Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004* [Docket No. 1337] (the "Motion") filed by The G.O.A.T. Media, LLC ("GOAT Media").  In support of this Objection, the Debtors respectfully represent as follows:

### I.    PRELIMINARY STATEMENT

1.    On January 30, 2026, this Court entered an order disallowing the GOAT Media Claims (as defined below) in their entirety.  After failing to establish any cognizable claim against the Debtors' estates, GOAT Media filed the instant Motion, which baselessly seeks to compel the Debtors to produce nine broad categories of documents and communications pursuant to Rule 2004.  The Motion is improper, unauthorized, and should be denied.

---

[1]    The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343.  The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069.  Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification number is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Objection (each as defined herein).

2.      As a threshold matter, GOAT Media is not a "party in interest" entitled to seek relief in these chapter 11 cases, under Rule 2004 or otherwise.  Rule 2004 authorizes the Court to order an examination only upon "a *party in interest's* motion."  Fed. R. Bankr. P. 2004 (emphasis added).  This substantive limitation confines the use of Rule 2004 to parties with a tangible pecuniary interest in the administration of the bankruptcy estate.  GOAT Media has no such interest.  This Court has already adjudicated GOAT Media's asserted claims and disallowed them in their entirety.  The fact that the GOAT Media has appealed the Claims Disallowance Order (as defined below) does not resurrect its party in interest status.  GOAT Media does not hold any claim against the Debtors, has no right to any distribution from the Debtors' estates, and has no cognizable interest in how the Debtors administer their affairs.  A party that has no interest in a bankruptcy estate cannot invoke Rule 2004 to compel discovery.  The Motion should be denied on this basis alone.

3.      Even if GOAT Media were a party in interest, the Motion still fails for several reasons.  *First*, the "pending proceeding" rule bars Rule 2004 discovery once a contested matter has been commenced between the parties.  Here, the Debtors objected to the GOAT Media Claims, this Court disallowed them, and GOAT Media filed a notice of appeal—all before the Motion was filed.  The Motion is a transparent attempt to develop evidence for GOAT Media's use on appeal, precisely the type of abuse that the pending proceeding rule is designed to prevent.  GOAT Media had a full and fair opportunity to seek discovery from the Debtors prior to the Claims Objection Hearing (as defined below) and elected not to do so.  Having foregone that opportunity, GOAT Media cannot now use Rule 2004 as a vehicle to obtain the very discovery it previously declined to pursue.  *Second*, GOAT Media has utterly failed to demonstrate good cause for the requested examination.  With its claims disallowed and the matter now on appeal, GOAT Media lacks any

legitimate interest in the documents and communications it seeks via the Motion. **Third**, the Requested Discovery (as defined below) is extraordinarily broad, temporally unlimited, and so vaguely defined that it is impossible to ascertain with any precision what documents GOAT Media seeks. Submitting to the requested examination would impose a substantial and unwarranted burden on the Debtors' estates. **Finally**, and importantly, GOAT Media is a limited liability company,[3] which cannot appear in federal court—or prosecute an affirmative motion for discovery relief—except through licensed counsel. The Motion was signed and filed by John T. Pautsch, who is not a licensed attorney. His prosecution of this Motion on behalf of GOAT Media constitutes the unauthorized practice of law and provides an additional, independent basis for denial.

4.      For all of these reasons, as set forth more fully below, the Court should deny the Motion in its entirety.

## II.      BACKGROUND

### A.      General Background.

5.      On March 17, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing their properties and operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On March 27, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an Official Committee of Unsecured Creditors (the "Committee") [Docket No. 103]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

---

[3]     According to publicly available business records, GOAT Media appears to be domiciled in the State of Arizona.

6.      Additional information regarding the Debtors, their business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases are set forth in the *Declaration of Keith Maib in Support of First Day Relief* [Docket No. 2] (the "First Day Declaration"), which is fully incorporated herein by reference.

**B.      The GOAT Media Claims and the Debtors' Objection.**

7.      On July 14, 2025 and July 15, 2025, respectively, GOAT Media filed proofs of claim nos. 16 and 17, which asserted unsecured, unliquidated claims with no reference to any specific dollar amounts (the "GOAT Media Claims"). The GOAT Media Claims alleged that Marc Charles Rosen ("Mr. Rosen"),[4] described as a former "VREG Producer," solicited GOAT Media's intellectual property and services while operating under the VREG banner from 2019–2022. The GOAT Media Claims further alleged that GOAT Media provided certain unspecified materials and services to Mr. Rosen that were used "to support development, packaging, consulting, and production across multiple projects and companies." Attachment to Claim No. 16, at 2. The GOAT Media Claims also stated that GOAT Media "remain[s] unaware whether projects submitted through [Mr. Rosen] are still retained, routed, or positioned within VREG's internal development systems." *Id.*

8.      After reviewing the GOAT Media Claims, the supporting materials attached thereto, and the Debtors' books and records, the Debtors determined that they have no evidence of any agreement, contract, or other business relationship with GOAT Media. Accordingly, on December 19, 2025, the Debtors filed the *Debtors' First Omnibus (Substantive) Objection to*

---

[4]      In February 2019, the Debtors entered into a "first look" non-writing executive producer agreement with Mr. Rosen (the "EP Agreement"), pursuant to which Mr. Rosen agreed to provide producing services to the Debtors in an independent consultant capacity. The EP Agreement expired in February 2022, long before the Petition Date. Mr. Rosen was never directly employed by the Debtors and never had any authority to bind the Debtors to any legal obligations in his capacity as an independent consultant.

*Claims Pursuant to Section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1* [Docket No. 1167] (the "Claims Objection"), which objected to the GOAT Media Claims on the basis that the Debtors do not have any liability for the GOAT Media Claims. The Claims Objection was supported by the Declaration of Kevin Berg attached as Exhibit B thereto (the "Berg Declaration").

9.      In response to the Claims Objection, GOAT Media filed the *Pro Se Response to Debtors' First Omnibus (Substantive) Objection to Claim* [Docket No. 1243] (the "Response"), which notified the Court that, on January 6, 2026, GOAT Media delivered a "Supplemental Evidentiary Compendium and Record Clarification" consisting of approximately 349 pages of documentary materials (the "Supplemental Materials") to the Debtors' claims and noticing agent, Kurtzman Carson Consultants, LLC dba Verita Global ("Verita"). On January 20, 2026, GOAT Media also filed a *Notice of Reservation of Rights* [Docket No. 1261], which purported to reserve GOAT Media's rights with respect to unspecified "sealed proceedings concerning authority, governance, or standing." Also on January 20, 2026—over five months after the General Bar Date—GOAT Media filed a new proof of claim ("Claim No. 94"), which GOAT Media subsequently withdrew voluntarily. *See* Docket No. 1330.

10.      On January 21, 2026, the Debtors filed the *Debtors' Reply to the Response of The G.O.A.T. Media, LLC to Debtors' First Omnibus (Substantive) Objection to Claims* [Docket No. 1263] (the "Claims Objection Reply"). The Claims Objection Reply was supported by the Declaration of Kevin Berg attached thereto as Exhibit A (the "Supplemental Berg Declaration," and together with the Berg Declaration, the "Berg Declarations").

11.      On January 30, 2026, the Court held a hearing on the Claims Objection with respect to the GOAT Media Claims (the "Claims Objection Hearing"). At the Claims Objection Hearing,

the Court sustained the Claims Objection with respect to the GOAT Media Claims.  The Court also advised GOAT Media's representative, Mr. Pautsch, of the "typical rule . . . that business entities . . . cannot appear pro se," and that notwithstanding the limited exception under Local Rule 9010-1(e)(3) related to the filing and prosecution of claims, the Court "[did not] think [it was] wise to proceed pro se."  Jan. 30 Hr'g Tr., at 12:24–13:7.  The Court subsequently entered an order [Docket No. 1326] (the "Claims Disallowance Order") disallowing the GOAT Media Claims in their entirety.

12.     On February 2, 2026, GOAT Media filed a *Notice of Appeal* from the Claims Objection Order [Docket No. 1331].  That same day, GOAT Media filed the instant Motion seeking nine broad categories of documents and communications pursuant to Rule 2004, relating to, among other things, the authority of individuals affiliated with the Debtors to bind them to third-party obligations, the internal routing and handling of third-party development submissions, executive personnel changes, and governance decisions made during the restructuring period (the "Requested Discovery").

### III.     OBJECTION

#### A.     GOAT Media Lacks "Party in Interest" Standing to Prosecute the Motion.

13.     Despite the breadth of Rule 2004, "it must *first* be determined that the examination is proper."  *In re GHR Energy Corp.*, 35 B.R. 534, 538 (Bankr. D. Mass. 1983); (emphasis in original); *see also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr. S.D.N.Y. 2002).  GOAT Media has not satisfied this threshold inquiry because it lacks "party in interest" standing.

14.     Bankruptcy Rule 2004 does not define the term "party in interest" but section 1109 of Bankruptcy Code refers to parties in interest for purposes of the right to be heard.  Under section 1109, a party in interest includes: the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, and any indenture trustee.  11 U.S.C. §

1109(b); *see, e.g.*, *In re M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995) (extending §
1109 to Rule 2004 examinations).

15.    "[B]ankruptcy standing is its own particular breed of standing" and requires a
"statement of or identification of a pecuniary or an economic or property interest before [the] court
that is susceptible to redress and as to which parties should be able and afforded an opportunity to
address the Bankruptcy Court." *In re Vantage Drilling Int'l*, 603 B.R. 538, 545 (D. Del. 2019).
Courts analyzing the issue of standing have considered various factors to determine who is a party
in interest to include those with a practical stake in the outcome, those with an actual pecuniary
interest in the bankruptcy case, and those that will be impacted in any significant way. *See In re
Johns-Manville Corp.*, 36 B.R. 743, 754 (Bankr. S.D.N.Y. 1984); *In re Amatex Corp.*, 755 F.2d
1034, 1041–42 (3rd Cir. 1985); *Kapp v. Naturelle, Inc. (In re Kapp)*, 611 F.2d 703, 706 (8th Cir.
1979); *Brown v. Sobczak (In re Sobczak)*, 369 B.R. 512, 518 (9th Cir. BAP 2007).

16.    Here, GOAT Media has no such interests in these chapter 11 cases.  This Court has
already disallowed the GOAT Media Claims in their entirety.  The GOAT Media therefore has no
allowed claim against the Debtors' estates, no right to a distribution, and no pecuniary stake in
how the Debtors administer their estates, meaning the GOAT Media does not have standing to
seek discovery under Rule 2004. *See In re Aronson*, Case No. 94-2497, 1994 WL 497541, at *6
(E.D. Pa. Sept. 12, 1994) (holding that movant "ceased to be a party in interest after its claim was
disallowed" and therefore did not have standing to pursue Rule 2004 motion).  That the GOAT
Media has filed a notice of appeal from the Claims Disallowance Order does not, without more,
restore its standing as a party in interest.  The Claims Disallowance Order has not been stayed
pending appeal, and accordingly, remains in full force and effect. *See id.* at *7 ("If [movant]

elected not to invoke these procedures while it had standing to use them, then it cannot complain

that the court below put it in the position that it now occupies.").

17.     GOAT Media is not a party in interest in these chapter 11 cases and lacks standing

to seek discovery under Rule 2004.  The Motion should be denied on this basis alone.

**B.      GOAT Media's Requested Discovery Is Not Permitted Under the "Pending Proceeding" Rule.**

18.     The "pending proceeding" rule provides that "that once an adversary proceeding or

contested matter has been commenced, discovery is made pursuant to Federal Rules of Bankruptcy

Procedure 7026 . . .  rather than by a [Rule] 2004 examination."  *In re Washington Mut., Inc.*, 408

B.R. 45, 50 (Bankr. D. Del. 2009); *see also Enron Corp.*, 281 B.R. at 840; *In re 2435 Plainfield

Ave., Inc.*, 223 B.R. 440, 455–56 (Bankr. D.N.J. 1998); *Intercontinental Enters., Inc. v. Keller (In

re Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 274 (D. Colo. 1991) (quoting *In re Valley Forge

Plaza Assocs.*, 109 B.R. 669, 674–75 (Bankr. E.D. Pa. 1990)).  It is well settled that claim

objections constitute contested matters for purposes of the pending proceeding rule.  *In re Lomas

Fin. Corp.*, 212 B.R. 46, 52 (Bankr. D. Del. 1997) ("Most authorities agree that claim objections

are contested matters."); *In re Trans World Airlines, Inc.*, 280 B.R. 806, 807 (D. Del. 2002) ("[I]f

a proof of claim is objected to, the claim will be considered a contested matter between the debtor

and claimant.").

19.     The basis for this rule lies in the fundamental differences between Rule 2004

examinations and traditional discovery.  Rule 2004 examinations are "broad and unfettered, and

ha[ve] been likened to a 'fishing expedition' and 'an inquisition,'" whereas traditional discovery

"narrowly focuses on the issues germane to the dispute."  *In re Millennium Lab Holdings II, LLC*,

562 B.R. 614, 626 (Bankr. D. Del. 2016).  Accordingly, the "pending proceeding rule" prevents

parties from using Rule 2004 to circumvent the more restrictive discovery standards applicable to

contested matters. *In re 2435 Plainfield Ave., Inc.*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) ("[C]ourts will usually not allow a 2004 exam where an adversary proceeding is pending, because the party requesting the exam is likely seeking to avoid the procedural safeguards of Bankruptcy Rules 7026."); *see also In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990); *In re J&R Trucking, Inc.*, 431 B.R. 818, 821 (Bankr. N.D. Ind. 2010) ("One can readily visualize a situation where creditors may want to use this section to deal with their special problems and use the section as a substitute for discovery.").

20.     Simply put, once a contested matter has commenced, Rule 2004 cannot be used to circumvent the discovery rules governing that contested matter. However, that is precisely what GOAT Media seeks to accomplish through the Motion. The Debtors filed the Claims Objection on December 19, 2025, at which point a contested matter was initiated between the parties. The Court sustained the Claims Objection and entered the Claims Disallowance Order, which disallowed the GOAT Media Claims in their entirety. On February 2, 2026, the same day GOAT Media filed its Notice of Appeal from the Claims Disallowance Order, GOAT Media filed the instant Motion.

21.     The Requested Discovery attempts to elicit information directly relevant to the Claims Objection with respect to the GOAT Media Claims, which is now subject to a pending appeal. Both the Requested Discovery and the pending appeal revolve around the same central question: whether the Debtors incurred any enforceable obligation to GOAT Media through the alleged conduct of Mr. Rosen. The Requested Discovery seeks documents concerning the authority of individuals affiliated with the Debtors to bind them to third-party obligations, the internal routing and handling of third-party development submissions, and executive decision-making authority over such submissions, the precise issues litigated and resolved in the claim

objection proceeding now on appeal before the District Court.  GOAT Media's statement that the Motion is "not brought to relitigate disallowed claims" or "supplement the appellate record" is implausible on its face.  Courts look past such boilerplate assurances when determining Rule 2004 motions.  *In re Bennett Funding Group, Inc.*, 203 B.R. 24, 29–30 (Bankr. N.D.N.Y. 1996) (denying a Rule 2004 request despite the trustee's assertion that he did not seek discovery on matters pleaded in the adversary complaint, because the request nonetheless implicated "issues and parties within the scope of the adversary proceeding").  GOAT Media had an opportunity to seek discovery from the Debtors in connection with the Claims Objection and chose not to do so.  GOAT Media has no basis to seek a second bite at the apple now through improper Rule 2004 discovery.

**C.      GOAT Media Has Not Demonstrated Good Cause for the Requested Discovery.**

22.      There is no absolute right to a Rule 2004 examination.  The "Rule 2004 examination is dependent on the discretion of the court . . . [and] requires a balancing of the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *Millennium Lab Holdings*, 562 B.R. at 626 (internal quotation marks omitted).  The party seeking an examination pursuant to Rule 2004 "bears the burden of proving that good cause exists for taking the requested discovery."  *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004); *see also In re Countrywide Home Loans, Inc.*, 384 B.R. 373, 392 (Bankr. W.D. Pa. 2008) (stating that "good cause" is required because Rule 2004 "cannot and should not be viewed as providing a license . . . to engage in potentially invasive and expensive Rule 2004 discovery based on nothing more than [someone's] own curiosity"); *In re Drexel Burnham Lambert Group*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991); *In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994) *amended*, No. 1-91-10100, 1994 WL 731628 (Bankr. S.D. Ohio Aug. 2, 1994).  Here, GOAT Media has fallen woefully short of satisfying its burden.

23.     First, GOAT Media has no legitimate interest in the Requested Discovery.  The GOAT Media Claims have been disallowed and GOAT Media has not demonstrated that it has any other cognizable interest in the broad categories of information it seeks to compel from the Debtors.  Despite submitting over 350 pages of materials across several proofs of claim and other filings, GOAT Media has not identified any written agreement signed by the Debtors or any authorized representative of the Debtors.   While the Supplemental Materials contain various communications between Mr. Rosen and GOAT Media, they do not contain any evidence of a binding obligation on the Debtors' part.  Rule 2004 does not provide parties, like GOAT Media, with the right to compel discovery from a debtor's estate where the party's potential claims are against non-debtor third parties.  *See Millennium Lab Holdings*, 562 B.R. at 629 ("Rule 2004 was not intended to provide private litigants . . . with 'a strategic advantage in fishing for potential private litigation.'") (internal citations omitted); *J&R Trucking, Inc.*, 431 B.R. at 823 (Bankr. N.D. Ind. 2010) (noting that a creditors' desire to recover money "does not justify turning a tool that has been developed to efficiently administer bankruptcy estates into a private collection device for creditors"); *In re KaloBios Pharms., Inc.*, Case No. 15-12628 (LSS), Apr. 5, 2018 Hr'g Tr. 20:12-18 (D.I. 888) ("Rule 2004 . . . is not a private collection device for creditors.  There are other fora which parties can use to investigate their rights against third parties.").

24.     Second, GOAT Media cannot establish that a court order compelling production is necessary to protect any cognizable interest.  GOAT Media states that the Requested Discovery "relates directly to . . . estate governance and internal controls . . . representations of authority made on behalf of the Debtors, and . . . record integrity and operational practices affecting estate administration."  Mot., at 3.  However, GOAT Media fails to establish any factual grounds supporting the necessity of such information.  GOAT Media already had an opportunity to develop

and present evidence in support of the GOAT Media Claims at the Claims Objection Hearing. GOAT Media has no basis to now claim that additional discovery is necessary, particularly in light of the fact that any evidence obtained through the Motion could not be introduced in GOAT Media's appeal of the Claims Disallowance Order, as appellate review is limited strictly to the record developed in the original bankruptcy proceeding.

**D.     The Requested Discovery Is Overbroad and Unduly Burdensome.**

25.     While a court may allow a party conducting an examination under Rule 2004 some latitude, "the scope of the examination is not limitless." *In re Texaco Inc.*, 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987).  A Rule 2004 examination cannot be used for purposes of "abuse or harassment", nor will such an examination be permitted where it would interfere with other bankruptcy policies and processes.  *In re Mittco, Inc.*, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984). Any examination requested by a party under Rule 2004 should not be oppressive, overbroad, or unduly burdensome, and must not be more disruptive and costly to the entity sought to be examined than beneficial to the entity seeking the examination. *Texaco Inc.*, 79 B.R. at 553.

26.     Even if GOAT Media could demonstrate good cause—which it cannot—the Motion should be denied because the Requested Discovery is extraordinarily overbroad and unduly burdensome.   The nine categories of Requested Discovery include: (1) authority and agency documentation; (2) submission intake, handling, and governance policies; (3) internal routing and disposition records; (4) restructuring-related governance and operational controls; (5) authority-relevant executive and management decisions; (6) financial participation structures affecting development authority; (7) records retention and preservation policies; (8) third-party access controls; and (9) clarifications, guidance requests, and internal responses.  Mot., at 2-3.

27.     These broad categories of requests—which are not limited by any specified temporal scope—go far beyond anything relevant to a legitimate estate administration concern,

particularly where the claims underlying the request have already been disallowed.  In addition, the Requested Discovery is so vaguely defined that the Debtors cannot meaningfully assess what is being asked of them or even begin to formulate a compliant response.  As courts have explained, "the examination should not be so broad as to be more disruptive and costly to the party to be examined than beneficial to the party seeking discovery."  *In re Fearn*, 96 B.R. 135, 138 (Bankr. S.D. Ohio 1989).  Here, GOAT Media has had its claims disallowed, the matter is on appeal, and any documents produced in response to the Motion could not be introduced on appeal.  The complete lack of prospective benefit the Requested Discovery could provide to GOAT Media, weighed against the substantial waste of estate resources, delay, and distraction that would result if the Debtors were forced to respond, necessitates denial of the Motion.

## IV.    CONCLUSION

28.    For the reasons set forth above, the Debtors respectfully request that the Court (a) deny the Motion in its entirety, (b) grant such other relief as is necessary and appropriate under the circumstances.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 26, 2026
Wilmington, Delaware

/s/ Joseph M. Mulvihill
_____

**YOUNG CONAWAY STARGATT &
TAYLOR, LLP**

Joseph M. Mulvihill (Del. Bar No. 6061)
Brynna M. Gaffney (Del. Bar No. 7402)
Rodney Square
1000 North King Street
Wilmington, DE 19801
Telephone:    (302) 571-6600
Facsimile:    (302) 571-1253
Email:        jmulvihill@ycst.com
              bgaffney@ycst.com

*Co-Counsel for the Debtors and
Debtors in Possession*

**SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP**

Justin R. Bernbrock (admitted *pro hac vice*)
Matthew T. Benz (admitted *pro hac vice*)
321 North Clark Street, 32nd Floor
Chicago, IL 60654
Telephone:    (312) 499-6300
Facsimile:    (312) 499-6301
Email:        jbernbrock@sheppardmullin.com
              mbenz@sheppardmullin.com

-and-

Jennifer L. Nassiri (admitted *pro hac vice*)
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067
Telephone:    (310) 228-3700
Facsimile:    (310) 228-3701
Email:        jnassiri@sheppardmullin.com

-and-

Alyssa Paddock (admitted *pro hac vice*)
30 Rockefeller Plaza, 39th Floor
New York, NY 10112
Telephone:    (212) 653-8700
Facsimile:    (212) 653-8701
Email:        apaddock@sheppardmullin.com

*Co-Counsel for the Debtors and
Debtors in Possession*