**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| VILLE ROADSHOW ENTERTAINMENT GROUP USA INC., *et al*.,[1] | Case No. 25-10475 (TMH) |
| | (Jointly Administered) |
| Debtors. | **Obj. Deadline: March 27, 2026 @ 4:00 p.m.** **Hearing Date: April 16, 2026 @ 10:00 a.m.** **Ref. D.I. Nos. 1372, 1381** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DIRECTORS GUILD OF AMERICA, INC., SCREEN ACTORS GUILD – AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS, WRITERS GUILD OF AMERICA, WEST, INC., THEIR RESPECTIVE PENSION AND HEALTH PLANS, AND THE MOTION PICTURE INDUSTRY PENSION AND HEALTH PLANS TO THE CONFIRMATION OF THE JOINT PLAN OF LIQUIDATION OF VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC. AND ITS DEBTOR AFFILIATES AND THIRD-PARTY RELEASES CONTAINED THEREIN**

Directors Guild of America, Inc., Screen Actors Guild – American Federation of Television and Radio Artists, and the Writers Guild of America, West, Inc. (collectively, the "Guilds") their respective Pension and Health Plans, and the Motion Picture Industry Pension and Health Plans (collectively, with the Guilds**,** the "Union Entities"), by and through the undersigned counsel, files this *Limited Objection and Reservation of Rights to the Confirmation of the Joint Plan of Liquidation of Village Roadshow Entertainment Group USA, Inc. and its Debtor Affiliates and the Third-Party Releases Contained Therein* ("Plan") [Docket Number 1372].

---

[1] The last four digits of Village Roadshow Entertainment Group USA Inc.'s federal tax identification number are 0343. The mailing address for Village Roadshow Entertainment Group USA Inc. is 750 N. San Vicente Blvd., Suite 800 West, West Hollywood, CA 90069. Due to the large number of debtors in these cases, which are being jointly administered for procedural purposes only, a complete list of the Debtors and the last four digits of their federal tax identification is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://www.veritaglobal.net/vreg.

The Union Entities intend to vote in favor of the Plan and have had numerous discussions with the Debtors concerning the reconciliation of all filed Union Entity Claims, as defined below. Further, the Guilds have also been in discussion with Alcon Media Group, LLC ("Alcon" or "Purchaser"), concerning its obligation under the Studio Business Sale Order (defined below) to enter into "standard Guild assumption agreements" covering all Guild-covered motion picture projects acquired by Alcon through the sale.  Studio Business Sale Order [Document No. 782] ¶ 9.

While the Union Entities fully expect to be able to reach agreement with the Debtors on appropriate language for inclusion in the Confirmation Order, the Union Entities file this Limited Objection and Reservation of Rights to confirm that nothing in the Plan or Confirmation Order, including Third-Party Releases, will impact, prejudice or modify the validity of, or effect the obligations to, the Guilds pursuant to the Sale Orders (as defined below) or any of the Guild Motion Picture Interests, as defined in the Sale Orders.

## BACKGROUND

1.      Each Guild is the collective bargaining representative for directors, performers, or writers, respectively, in the motion picture entertainment industry.  A substantial portion of the compensation payable to Guild-represented employees comes in the form of "Residuals" – fees payable to such employees as motion pictures produced subject to Guild collective bargaining agreements and other related labor agreements ("Guild CBAs") are exploited in markets beyond the market of initial release.  Each Guild pension and health plan is a multiemployer ERISA fund, supported by contributions based on initial compensation and fringe payments calculated in a similar fashion as Residuals.  The Motion Picture Industry Pension and Health Plans provide pension and health benefits for "below-the-line" employees engaged in various motion picture

crafts and trades and are largely funded by contributions analogous to Residuals.

2. On March 17, 2025 ("Petition Date"), the above-captioned debtors ("Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code.

3. On June 20, 2025, the Bankruptcy Court entered the *Order (I) Approving the Sale of Library Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 562] (the "Library Assets Sale Order") approving the sale of the Library Assets[2] to Alcon pursuant to the terms of the Alcon Stalking Horse APA.

4. On July 23, 2025, the sale of the Library Assets to Alcon closed, and the Debtors filed the *Notice of Library Assets Sale Closing* [Docket No. 689].

5. On August 26, 2025, the Bankruptcy Court entered the *Order (I) Approving the Sale of the Studio Business[3] Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* [Docket No. 782] (the "Studio Business Sale Order") approving the sale to Alcon.

6. On December 30, 2025, the sale of the Studio Business to Alcon closed and the Debtors filed the *Notice of Studio Business Sale Closing* [Docket No. 1224].

7. On November 12, 2025, the Bankruptcy Court entered the *Order (I) Approving the Sale of the Derivative Rights Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith, and (III) Granting Related Relief* (the

---

[2] As defined in the Disclosure Statement [Docket No. 1360] § B.1.
[3] As defined in the Disclosure Statement [Docket No. 1360] § G.1.

3

"Derivative Rights Sale Order", and with the Studio Business Sale Order and the Library Asset Sale Order, collectively, the "Sale Orders") [Docket No. 1043].

8.      On December 30, 2025, the Derivative Rights Sale to Alcon closed and the Debtors filed the *Notice of Derivative Rights Assets Sale Closing* [Docket No. 1223].

9.      On February 20, 2026, the Bankruptcy Court entered an *Order (I) Conditionally Approving the Disclosure Statement, (II) Scheduling the Combined Hearing, (III) Establishing Notice and Objection Procedures for Confirmation of Plan and Final Approval of Adequate of Disclosures, (IV) Establishing Solicitation, Voting and Related Procedures, (V) Approving Related Dates, Deadlines, and Procedures, and (VI) Granting Related Relief* ("Procedures Order") [Docket No. 1376].

10.     Pursuant to the Procedures Order, objections to confirmation of the Plan are due on March 27, 2026 at 4:00 p.m. ET and the Confirmation Hearing is scheduled for April 16, 2026 at 10:00 a.m. ET.

## GUILD CLAIMS

11.     By virtue of the Guild CBAs, the Guilds hold security agreements, assumption agreements, intercreditor agreements, interparty agreements, trust agreements, collection account management agreements and guaranty agreements entered into by the Debtors, affiliated-Debtor entities, and/or various third parties, including Warner Brothers, distributors, and licensors who contracted with the Debtors, as applicable, with respect to the assets held by the Debtors and/or purchased by Alcon ("Guild Motion Picture Interests"[4]).

12.     As confirmed by the Sale Orders, the sales do not and should not negatively impact, prejudice or modify the Guild Motion Picture Interests, and all security interests and/or

---

[4] As defined in the Studio Business Sale Order [Docket No. 782] ¶ D.

liens asserted by the Guilds in the motion picture assets of the Debtors, any Debtor-affiliated entities, or third parties remain in full force and effect without any limitation or prejudice. See, e.g., Library Assets Sale Order ¶ 16 and Studio Business Sale Order ¶ 16.

13. On July 1, 2025, this Court entered an *Order Approving Stipulation Between Union Entities And Debtors Permitting The Union Entities to File Consolidated Claims Under One Case Number* [Docket No. 620] ("Consolidated Claims Order").

14. Pursuant to the Consolidated Claims Order, on July 18, 2025, the Union Entities filed seven proofs of claim in the case of Village Roadshow Entertainment Group USA, Inc. numbered 79, 80, 81, 82, 83, 88 and 89 (the "Union Entity Claims"), asserting both secured and unsecured claims, including priority claims, against the Debtors.

15. As stated above, the Union Entities and the Debtors have been in discussions concerning the reconciliation of the amount and priority of the Union Entity Claims. Those discussions are ongoing.

16. Pursuant to the Plan, certain of the Union Entity Claims are "Class 1 – Other Secured Claims" or "Class 2- Other Priority Claims" and are unimpaired under the Plan. Thus, for those secured and priority claims, the Union Entities are not entitled to vote to accept or reject the Plan, but can execute a Release Opt-Out Election[5] to opt out of being a Releasing Party[6] or file this Limited Objection, and not grant the releases set forth in Article XI of the Plan. With respect to other Union Entity Claims that are impaired, the Plan provides that any Holder of a Claim who returns a Ballot and either (a) votes to accept the Plan, or (b) does not vote to accept the Plan and does not opt-out of being a Releasing Party, will be bound by the Third-Party Releases set forth in Article XI of the Plan.  See Plan, Article I.A. definition of Release Opt-Out

---

[5] As defined in the Plan, Article I.A.
[6] *Id.*

Election and Releasing Party.  Under the Plan, there is no ability for a creditor that votes to accept the Plan to opt-out of the Third-Party Releases absent filing an objection to Confirmation. *Id.*

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

17.     The Union Entities are filing this Limited Objection to make clear that although with respect to their impaired claims they intend to vote in favor of the Plan, they do <u>not</u> consent to being bound by the Third-Party Releases set forth in Article XI of the Plan regardless of whether the Union Entity Claims are impaired or unimpaired.

18.     As set forth above, in paragraph 11, the Guild Motion Picture Interests extend to both Debtors, Debtor-affiliated entities, and other third parties.  Any Confirmation Order should contain appropriate language similar to the language in the Sale Orders, confirming that nothing in the Confirmation Order impacts, prejudices or modifies the Guild Motion Picture Interests as to any Debtor-affiliated entities or other third parties, or the Union Entities' right to enforce their interests against the same, and all Guild security interests and/or liens asserted by the Guilds in the motion picture assets owned or acquired by the Debtors, any Debtor-affiliated entities, and/or third parties remain in full force and effect, without any limitation or prejudice.

19.     As of the date of this Limited Objection, the Union Entities have not seen a proposed Confirmation Order. The Union Entities reserve the right to modify or supplement this Limited Objection to respond to any filing of the Debtors or any other party-in-interest, including to object to any proposed Confirmation Order that does not include appropriate language concerning the Guild Motion Picture Interests, either by additional submissions to this Court or through oral argument at the Confirmation Hearing.

**WHEREFORE**, the Union Entities request that the Confirmation Order be modified as set forth herein, and for such other and further relief as the Court shall determine.


Date:  March 27, 2026

LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DE Bar No. 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
skaufman@skaufmanlaw.com

and

David E. Ahdoot
Kirk M. Prestegard
BUSH GOTTLIEB
A Law Corporation
500 North Central Avenue, Suite 800
Glendale, California 90103
(818) 973-3200 (telephone)
dahdoot@bushgottlieb.com
kprestegard@bushbottlieb.com

*Attorneys for the Union Entities*

7