# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., et al.,<br><br><div align="center">Debtors.</div> | Chapter 11<br><br>Case No. 25-10475 (TMH)<br><br>(Jointly Administered) |

**SUPPLEMENTAL STATEMENT OF THE G.O.A.T. MEDIA, LLC REGARDING CLAIM STATUS, RESERVE TREATMENT, AND REQUEST FOR CLARIFICATION IN CONNECTION WITH PLAN CONFIRMATION**

THE G.O.A.T. MEDIA, LLC ("Claimant") submits this Supplemental Statement in connection with confirmation of the Debtors' Plan of Liquidation. This Statement is limited to procedural clarification and does not restate prior objections, expand the record, or waive any rights.

## I. CLAIM STATUS

Claimant filed Proofs of Claim Nos. 16 and 17. Claim No. 94 was withdrawn with rights preserved, and materials associated with that filing were submitted into the record.

An opt-out from third-party releases was timely submitted and entered into the record.

Claims 16 and 17 remain disputed and unliquidated and depend in material respects on records, communications, and associated authority structures maintained within Debtor-controlled systems and any successor or Trust-controlled systems. The claims were disallowed and are subject to active appellate review.

No evidentiary proceeding or discovery has addressed underlying factual issues, including authority, governance, submission handling, internal routing, disposition of materials reflected in the claims record, or the basis on which such materials were received, evaluated, or acted upon within Debtor-controlled systems.

Aspects of the underlying work, services, and financial contributions were performed directly and through affiliated structures and may require allocation or clarification through appropriate procedural mechanisms, including access to Debtor-controlled systems.

## II. PROCEDURAL GAP

Claimant's submissions and claim materials requested internal verification, including review of communications within Debtor-controlled systems and clarification of project status. Those requests remain unresolved.

Relevant information is uniquely within Debtor-controlled systems. Evaluation and liquidation of the claims require defined and consistently applied procedures, including governing standards, decision frameworks, and responsible review authorities. The Plan does not identify any mechanism, standard, or governing process for evaluating claims that depend on Debtor-controlled systems or addressing claims that cannot be assessed without access to such information.

## III. RESERVE TREATMENT

The Plan and Trust structure contemplate reserves for disputed claims. However, they do not specify:

• whether claims subject to active appellate review will be included in any reserve;

• how reserve amounts will be determined;

• what standards will govern inclusion or exclusion of disputed claims; or

• whether any methodology, formula, or internal or external review body will be disclosed for determining reserve allocations.

Absent clarification, distributions may occur without preserving capacity to satisfy claims that may later be reconsidered, allowed, or reinstated on appeal.

Claimant previously raised this issue and requested a contingent reserve. That request is reiterated here. Claimant does not seek valuation or estimation at this stage.

## IV. TREATMENT OF SUBMITTED MATERIALS AND INTELLECTUAL PROPERTY WITHIN DEBTOR-CONTROLLED SYSTEMS AND THE CLAIMS RECORD

Claimant's submissions and claim materials include identified creative works, project concepts, and related intellectual property reflected in the evidentiary record, including titles and project identifications transmitted through Debtor-controlled communication channels and included in proofs of claim and materials submitted or incorporated into the estate record through the claims administration process. Such materials span multiple categories, including filmed content, unscripted formats, live and experiential concepts, governance frameworks, operational models, talent packaging and project structuring methodologies, related technological systems and innovations, and references to third parties reflected therein. Such materials also include explanatory, guidance, clarification, and analytical content submitted in connection with the claims, including Claimant's descriptions of workflows, submission context, identified areas requiring internal verification, and structured analyses capable of informing internal evaluation, decision-making, and related operational or market-facing activities.

The Plan does not specify the treatment, use, or restriction of such materials when incorporated into proofs of claim, supporting documentation, or other materials submitted through the claims process.

The Plan does not establish whether any procedures exist to:

• confirm receipt and internal handling;

• determine whether such materials or project identifications were retained, accessed, or circulated within Debtor-controlled systems;

• determine whether such materials or project identifications were cross-referenced, evaluated, or otherwise used in connection with internal assessments, decision-making processes, or third-party interactions, market-facing activities, or any form of competitive or commercial positioning;

• track disposition following receipt, including materials or project identifications submitted or incorporated into the estate record through the claims administration process; or

• ensure that such materials or project identifications are not used, transferred, or otherwise implicated in any manner absent Claimant's authorization, including prior to resolution of the associated claims.

To the extent such materials or project identifications reside within Debtor-controlled systems or are incorporated into the estate record through the claims process, the absence of defined procedures creates uncertainty regarding their handling, evaluation, and impact on claim status, valuation, and related market activity during and after Plan implementation.

Claimant submits this request solely for procedural clarification, including whether procedures exist under the Plan or Trust to identify, track, and address such materials or project identifications referenced in proofs of claim and any related materials submitted or incorporated into the estate record through the claims process, including how such materials are evaluated and administered where responsive information is maintained within Debtor-controlled systems, and whether such evaluation and administration are conducted pursuant to defined and consistently applied procedures.

## V. REQUEST FOR CLARIFICATION

Claimant requests clarification as to:

1.      Whether claims subject to active appellate review are eligible for inclusion in any disputed claims reserve established under the Plan or Trust.

2.      The process and governing standards by which disputed claims dependent on Debtor-controlled systems are evaluated, verified, or reconciled following confirmation.

3.      Whether any mechanism ensures that claims requiring internal record review are not effectively extinguished through distributions made prior to such evaluation, including whether distributions are conditioned or reserved pending such determination.

4.      Whether Claimant's opt-out from third-party releases is recognized and given full effect, including that Claimant does not release any parties under the Plan or related transactions.

5.      Whether procedures exist to verify how project identifications or titles reflected in the claims record were received, reviewed, cross-referenced, evaluated, or, if applicable, disseminated within or beyond Debtor-controlled or Trust-controlled systems, including whether any such dissemination is tracked, logged, documented, or otherwise auditable.

## VI. RESERVATION OF RIGHTS

Claimant reserves all rights, claims, causes of action, and remedies, including all rights in connection with the pending appeal.

Nothing in this Supplemental Statement constitutes consent to, or shall be construed as acceptance of, any treatment that would impair, moot, release, discharge, or otherwise affect such rights.

Claimant further reserves the right to seek additional relief as appropriate based on subsequent developments, including matters relating to claim evaluation, record access, and Plan implementation.

## VII. CONCLUSION

Claimant submits this Supplemental Statement to ensure that implementation of the Plan proceeds with clarity, consistency, and procedural integrity with respect to the treatment of disputed, unliquidated claims dependent on Debtor-controlled systems and information submitted through the claims administration process.

Absent such clarity, Plan administration risks proceeding without defined mechanisms, consistently applied, to evaluate, preserve, or account for claims that depend on access to Debtor-controlled systems, related records, and information submitted through the claims administration process, including materials reflecting ongoing projects, titles, and related activities.

Claimant requests that the Court and Plan Administrator provide the requested clarifications to ensure proper administration of the estate and to avoid impairment of rights in connection with such claims.

Dated: March 26, 2026

Respectfully submitted,

/s/ John T. Pautsch

John T. Pautsch
Manager
THE G.O.A.T. MEDIA, LLC
9903 Santa Monica Blvd. #169
Beverly Hills, CA 90212
Telephone: (310) 745-0257
Email: legal@thegoat.com