### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10475 (TMH)<br><br>(Jointly Administered)<br><br>Ref. Docket Nos. 1317, 1357, 1359, 1372, 1507, 1516, 1519, 1524 |

### CONDITIONAL THIRD-PARTY RELEASE FRAMEWORK

The Plan cannot be confirmed as structured because it grants third-party releases while Debtor-controlled records necessary to evaluate the underlying conduct are unavailable.

Claimant objects to confirmation of the Plan to the extent it includes such releases, which are advanced on an incomplete record and without disclosure sufficient to evaluate the underlying conduct, governance, and party involvement.

Releases under these conditions extinguish liability without disclosure, evaluation, or a complete record. These defects are structural and not curable by disclosure alone.

Accordingly, confirmation must be denied unless any such releases are conditioned on:

(i) production of Debtor-controlled records sufficient to evaluate the conduct at issue;

(ii) estimation under 11 U.S.C. §502(c) on a complete or properly supplemented record; and

(iii) defined contribution and disclosure by each released party.

Absent these conditions, the proposed releases fail 11 U.S.C. §1129(a)(3).

THE G.O.A.T. MEDIA, LLC ("Claimant"), by and through its sole manager and economic stakeholder, the originator of the underlying materials and services at issue, submits this framework in response to the Debtors' proposed third-party releases.

The proposed releases would extinguish claims arising from conduct reflected in the record without adjudication and without production of Debtor-controlled records necessary to evaluate such claims. The record reflects unresolved issues including authority, submission handling, access, use, and resulting value.

On the present record, blanket releases are improper. Releases without contribution function as an uncompensated transfer of liability, severing responsibility from participating actors while extinguishing claims without corresponding consideration. Any release must tie liability extinguishment to contribution, rest on a complete or properly estimated record, and reflect the economic reality of the conduct at issue.

The record reflects repeated access to Claimant's original materials and development, originating from Claimant's sole manager as creator, producer, and economic stakeholder, through industry-facing authority channels, followed by inconsistent evaluation pathways and representations, exclusion from contracting, production, and distribution, and continued development, production, and commercialization of those projects without participation, credit, financial interest, or market positioning.

These sequences displaced Claimant and Claimant's sole manager, as originating creator, producer, and economic stakeholder, from participation in resulting project value, producer fees, creative compensation, credits, and associated media rights.

The record further reflects that Claimant's manager operated with active access to these channels, leveraged that access to submit independently originated and developed materials for packaging, financing, production, and distribution, was excluded from resulting value, credits, and participation, and was thereafter restricted from access to those channels, with additional

records available upon request consistent with the evidentiary record and prior filings reflecting similar conduct.

Any release must be evaluated on a complete or properly supplemented record sufficient to assess the conduct and resulting effects as to Claimant.

Any release must account for that conduct and its resulting effects on access, evaluation, participation, Claimant's ability to participate in resulting value, and fair market competition. Any release granted on this record must incorporate that conduct and those resulting effects as a condition to enforceability.

## CONDITIONS PRECEDENT TO ANY THIRD-PARTY RELEASE

These conditions apply to any third-party release granted under the Plan.

No third-party release shall become effective absent strict satisfaction of the following:

1. Record Production and Completeness

Each party seeking a release must produce Debtor-controlled and party-controlled records sufficient to evaluate authority, access, use, participation, and benefit. No release applies where the record remains incomplete or material information is withheld.

2. Disclosure Obligations

Each released party must disclose, with specificity and under penalty of perjury where applicable, the basis for inclusion in any release, including scope of authority, involvement, access to materials, and any direct or indirect benefit. Disclosure must be supplemented promptly upon discovery of additional facts.

3. Contribution and Consideration

Each released party must provide defined financial contribution proportionate to its role, participation, benefit received, and potential exposure, directed to claimants whose rights are

impaired by such release. No party receives a release through estate-funded consideration alone where independent exposure exists, including exposure arising from unresolved authority, governance, or conduct affecting third-party rights. Any contribution attributable to the release of Claimant's rights shall be subject to Claimant's approval, or, absent consent, shall be determined by the Court on a complete or properly supplemented record sufficient to value such rights.

4. Estimation and Claim Evaluation (11 U.S.C. §502(c))

Claims incapable of full adjudication on the present record must be estimated on a complete or properly supplemented record. Estimation must preserve claimant recovery and remain subject to adjustment upon record completion.

5. Condition Precedent / No Automatic Vesting

Strict satisfaction of these conditions constitutes a condition precedent to the effectiveness of any release as to each party. No release vests by vote, non-vote, participation, silence, or Plan implementation absent full compliance.

6. Burden and Enforcement

The burden of demonstrating entitlement to a release rests with each released party. Failure to satisfy these conditions renders the applicable release inapplicable to Claimant and its sole manager, as creator, producer, and economic stakeholder of the work, with all rights preserved. The Court retains continuing jurisdiction to interpret, implement, and enforce these conditions. Absent satisfaction of these conditions, the proposed releases constitute an improper transfer of liability without consideration and cannot support confirmation.

**DEBTOR AND SUCCESSOR RELEASE SCOPE**

Any release extending to Debtors, asset purchasers, successors, affiliates, or parties acting under shared authority or in concert must be limited to conduct supported by a complete record and subject to the production, disclosure, and contribution conditions set forth herein.

No release may extend to any purchaser, successor, or affiliated party absent full disclosure of relationships, authority, involvement in submission handling, access, use, and any direct or indirect benefit arising from the conduct at issue.

No release applies where such relationships or records remain incomplete or withheld.

Any release must be determined on a party-specific basis, supported by disclosed conduct, defined participation, and corresponding contribution.

Nothing herein precludes consensual resolution through contribution or negotiated arrangements consistent with these conditions.

Claimant supports releases conditioned on contribution, disclosure, and record-based accountability and does not consent to any third-party release absent strict compliance with these conditions.

Nothing herein alters, limits, or waives any prior filings or positions.

All rights are expressly preserved.

Dated: April 9, 2026

Respectfully submitted,

/s/ John T. Pautsch

John T. Pautsch, Manager
THE G.O.A.T. MEDIA, LLC
9903 Santa Monica Blvd. #169
Beverly Hills, CA 90212
Telephone: (310) 745-0257
Email: legal@thegoat.com

## CERTIFICATE OF SERVICE

I, John T. Pautsch, certify that on April 9, 2026, I caused a copy of the foregoing Conditional

Third-Party Release Framework to be filed with the Court and served by electronic mail on

parties in interest.

Dated: April 9, 2026

/s/ John T. Pautsch

John T. Pautsch