IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

2026 SEP -9 P 3: 06

US DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>VILLAGE ROADSHOW ENTERTAINMENT GROUP USA INC., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10475 (TMH)<br><br>(Jointly Administered)<br><br>Re: D.I. 1789 |

**[REVISED PROPOSED] ORDER GRANTING MOTION OF JOHN T. PAUTSCH FOR PRESERVATION OF DEBTOR BOOKS AND RECORDS UNDER PARAGRAPH 114 OF THE CONFIRMATION ORDER**

The Court has considered the Motion of John T. Pautsch for Preservation of Debtor Books and Records Under Paragraph 114 of the Confirmation Order (the "Motion"), filed by John T. Pautsch ("Movant"), and Movant's Supplement thereto (the "Supplement"). The Court has jurisdiction under 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409.

The Court entered the **Findings of Fact, Conclusions of Law, and Order Approving the Disclosure Statement on a Final Basis and Confirming the Joint Plan of Liquidation of Village Roadshow Entertainment Group USA Inc. and Its Debtor Affiliates** [D.I. 1565] (the "Confirmation Order") on April 17, 2026.

The Plan became effective on May 1, 2026 [D.I. 1620]. Paragraph 114 of the Confirmation Order establishes a preservation mechanism for Debtor books and records and directs specified parties possessing such records not to dispose of or destroy them until authorized in writing by the Liquidation Trustee (as defined in the Plan) or further order of this Court. Paragraph 125 retains this Court's jurisdiction as provided therein. The Court finds that notice was sufficient and that good cause exists for the relief granted below.

**IT IS ORDERED THAT:**

1. **The Motion, as supplemented, is GRANTED as provided in this Order.**

2. **Covered Works.** For purposes of the preservation relief, "Covered Works" means the works and projects identified in Proofs of Claim Nos. 16 and 17, together with the additional projects identified by title in Section VI.B of the Motion, in each case to the extent submitted to, received by, developed through, or transmitted through Village Roadshow Entertainment Group ("VREG") or its personnel or agents.

3. **Covered Records.** "Covered Records" means Debtor books and records concerning:

(a) the receipt, submission, review, development, handling, transmission, routing, referral, introduction, disposition, notes, exploitation, licensing, assignment, transfer, attribution, ownership, provenance, chain of title, or commercial use of the Covered Works;

(b) agreements, licenses, ownership interests, authority, governance, reporting relationships, approvals, and communications concerning VREG personnel or agents involved in the Covered Works, including records concerning VREG's authority to use the Village Roadshow name, brand identity, or logo, and any limitation, modification, or revocation of that authority;

(c) communications with third parties concerning the Covered Works or their submission, development, routing, referral, introduction, disposition, transfer, exploitation, attribution, ownership, commercial use, or asserted relationship to downstream projects or transactions, whether or not VREG was a formal party to or participant in that downstream activity;

(d) transaction, accounting, valuation, claims-administration, asset-transfer, sale, and Plan records concerning the Covered Works or rights or value derived from them;

(e) notices, preservation demands, responses, and internal communications concerning the Covered Works or their handling; and

(f) electronically stored information concerning the foregoing, including native files, metadata, account and access records, email and messaging records, logs, audit histories, backups, migration records, and records concerning unauthorized access, loss, deletion, destruction, or security incidents affecting the foregoing records or information.

4. **Temporal Scope.** The temporal scope of Covered Records is January 1, 2020 through the date of entry of this Order, except that Covered Records concerning: (i) agreements, authority, governance, reporting relationships, and institutional roles involving Mosko, Rosen, or Vine; and (ii) VREG's authority to use the Village Roadshow name, brand identity, or logo, including related agreements, licenses, ownership interests, governance, reporting relationships, approvals, and communications involving the Village Roadshow entities that granted, maintained, modified, limited, or terminated that authority, extend back to January 1, 2017. Covered Records within paragraph 3(e) include such records created after entry of this Order during the preservation period established by paragraph 5.

5. **Preservation.** The Liquidation Trustee and any successor thereto shall not issue written authorization under paragraph 114 of the Confirmation Order permitting the disposal or destruction of Covered Records during the pendency of Movant's appeal before the United States Court of Appeals for the Third Circuit, No. 26-2443, and any proceedings on remand arising from that appeal, and thereafter unless and until further order of this Court entered after notice to Movant and an opportunity to be heard.

6. **Existing Obligations and Sale Documents.** Nothing in this Order modifies, expands, or limits the obligations established by paragraph 114 of the Confirmation Order as to any other person or entity or alters any provision of an applicable Sale Order or Asset Purchase Agreement.

7. **No Production or Merits Determination.** This Order does not require production or examination of any records, impose any new obligation upon a non-party, or adjudicate ownership, discoverability, admissibility, privilege, relevance, liability, damages, value, or any issue pending before the United States Court of Appeals for the Third Circuit.

8. **Other Relief Reserved.** Nothing in this Order prejudices Movant's right to seek examination under Bankruptcy Rule 2004 or other appropriate relief.

9. **Effective Date.** This Order is effective immediately upon entry.

10. **Retention of Jurisdiction.** The Court retains jurisdiction to interpret, implement, and enforce this Order.